# EXHIBIT "A"



# Commonwealth of the Northern Mariana Islands
## Office of the Governor
Capitol Hill, Saipan MP/USA 96950



U. S.

Phone:   (670) 322-5091/2/3
Telefax: (670) 322-5096/99
Telcx:   783-622 Gov. NMI

**November 16, 1993**

**TO  :**  **Executive Director, MPLC**

**FM  :**  **GOVERNOR**

**SUBJ:**  **Wetland Exchange - Mrs. Rosario DLG Kumagai, Ms. Annie Little Leon Guerrero, Ms. Teresita DLG. Tudela**

**Pursuant to 2 CMC Section 4143 (e) (2) and 1 CMC Section 9213 (b), I am hereby certifying that the following private wetlands need to be exchanged for public land in order to protect the endangered Marianas Moorhen "Pulattat." These wetlands are:**

**1.**  **Ms. Rosario Deleon Guerrero Kumagai, Lot. E.A. 157-2-1, with 1,292 square meters, Susupe Lake, Saipan**

**2.**  **Ms. Annie Little Deleon Guerrero, Lot. E.A. 157-2-2, with 1,292 square meters, Susupe Lake, Saipan**

**3.**  **Ms. Teresita Deleon Guerrero Tudela, Lot E.A. 157-2-3 with 1,293 square meters, Susupe Lake, Saipan**

**I recommend that you initiate actions to have these lands be exchanged. If you have any questions, please let me know.**

**LORENZO I. DELEON GUERRERO**

**enclosures**

**cc:**  Ms. Rosario Deleon Guerrero Kumagai
Ms. Annie Little Deleon Guerrero
Ms. Teresita Deleon Guerrero Tudela
Mr. Joaquin P. Villagomez, CRMO





# EXHIBIT "A"



**Commonwealth of the Northern Mariana Islands**
**Coastal Resources Management**
Office of the Governor
2nd Floor Morgen Building, San Jose
Saipan, Mariana Islands 96950



COASTAL RESOURCES
MANAGEMENT

**CABLE ADDRESS**
GOV. NMI SAIPAN
TELS. 234-6823/7320

November 16, 1983

TO   :   Governor

FM   :   Administrator, CRMO

SUBJ:   Wetland Exchange - Mrs. Rosario DLG Kumagai, Ms. Annie Little Leon
        Guerrero Ms. Teresita DLG. Tudela

I am hereby certifying that the following private lands are wetlands and are needed for
the protection of the federally endangered Marianas moorhen (pulattat). These lands
are:

1.   Ms. Rosario Deleon Guerrero Kumagai, Lot. E.A. 157-2-1, with 1,292 square
     meters, Susupe Lake, Saipan
2.   Ms. Annie Little Deleon Guerrero, Lot. E.A. 157-2-2, with 1,292 square meters,
     Susupe Lake, Saipan
3.   Ms. Teresita Deleon Guerrero Tudela, Lot E.A. 157-2-3 with 1,293 square
     meters, Susupe Lake, Saipan

I recommend that you formally certify to the Marianas Public Land Corporation that
these lots are needed for public purposes pursuant to 2 CMC Section 4143 (e) (2) and
1 CMC Section 9213 (b) and that they be exchanged for public lands.

If you have any questions, please let me know.


JOAQUIN P. VILLAGOMEZ

Concurred: _____
                    Mr. Nicolas Deleon Guerrero
                    Director, Natural Resources

enclosures
cc:   Ms. Rosario Deleon Guerrero Kumagai
      Ms. Annie Little Deleon Guerrero
      Ms. Teresita Deleon Guerrero Tudela

# EXHIBIT "B"

COMMON EALTH OF THE NORTHERN ARIANA ISLANDS

**Juan N. Babauta**
Governor

**Diego T. Benavente**
Lieutenant Governor

SEP 21 2004

The Honorable Joaquin G. Adriano
Senate President, The Senate
Fourteenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

The Honorable Benigno R. Fitial
Speaker, House of Representatives
Fourteenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

Dear Mr. President and Mr. Speaker:

This is to inform you that I have signed into law House Bill No. 14-20, HS1, SS1, CD1, entitled, "to amend §§ 3(d) and 4(e), 9, and 14 of Public Law 13-17, as amended," which was passed by the Fourteenth Northern Marinas Commonwealth Legislature.

This measure amends Public Law 13-17, "The Land Compensation Act 2002" as further amended by Public Law 13-25 and Public Law 13-39 as follows:

First, Section 4(d) of the Land Compensation Act, pertaining to the prioritization of claims to be processed by the Marianas Public Lands Authority (MPLA) originally provided that:

> (d) In implementing this Act, the Marianas Public Land Authority shall first compensate the acquisition of private lands for right of way purposes, including but not limited to public road construction. After those claims have been compensated, the Authority shall then compensate those claims involving the acquisition of private land for the purpose of constructing public ponding basins. Wetland and other claims shall be entertained only after claims involving right of way and ponding basin acquisitions have been compensated.

Section 1(a) of this measure amends this relevant subsection, now contained in subsection 4(e) pursuant to the redesignation of subsections (c), (d), and (e) by Public Law 13-29, to read as follows:

**EXHIBIT "B"**

(e) In implementing this Act the Marianas Public Lands Authority shall compensate the acquisition of private lands for right of way purposes, including but not limited to public road construction, construction of ponding basins, wetland, and other claims involving private land acquisition permitted by applicable laws.

Section 4(e) of the Land Compensation Act of 2002, therefore, is amended to remove the prioritization previously mandated for land compensation claims made by private landowners whose land was taken for public road construction. As amended, the land compensation claims for the acquisition of private lands by the CNMI Government for public road construction, construction of ponding basins, wetland, and other claims involving private land acquisition are treated equally. This amendment ensures that all individuals with land compensation claims are treated in a fair manner and removes any inference or appearance of favoring specific land claimants to the disadvantage of other individuals with pending land compensation claims.

Second, Section 1(b) of this measure amends that provision of Public Law 13-25 which amended the "The Land Compensation Act of 2002" to include a provision determining the Method for Valuation of Land. Specifically, Section 1(3) of Public Law 13-25 stated:

For purposes of this Act, landowners shall receive just compensation based on the fair market value of the land at the time of taking by the Commonwealth. MPLA may use as a guide the procedures set forth in 2 CMC §§ 4712(a)(2) and (3) to determine fair market value at the time of taking.

Section 1(b) of this measure, however, provides that:

For purposes of this Act, land owners shall receive just compensation based on the fair market value of the land at the time of taking by the Commonwealth which is the date when the Governor or other authorized government official certifies in writing the need for the acquisition of the private land.

This provision, as that set forth in Public Law 13-25, ensures that individuals with land compensation claims receive the actual value of the land at the time of the taking. This provision, however, establishes a specific date that MPLA must use as the basis for its determination of the fair market value of the land and the amount of compensation that is due to the former landowner. It must be noted, however, that such claims will, by virtue of the high prevailing market values at the time that many such certifications were issued regarding the need for the acquisition of private land will deplete the forty million dollar bond issue authorized by Public Law 13-17 and may necessitate the authorization of additional bond measures or appropriations by the Legislature to ensure that all persons with land compensation claims are paid in an expeditious manner. The original intent and purpose of the Land Compensation Act of 2002 must not be neglected.

Finally, Sections 1(c) and 1(d) of this measure amend the provisions of the Land Compensation Act related to the transfer of bond proceeds to MPLA and funding of the administrative costs of implementing the provisions of the Land

Compensation Act. Specifically, Section 3(d) of Public Law 13-39, concerning the Transfer of Bond Proceeds to MPLA, is amended to remove that provision whereby CDA was required to transfer all the proceeds of the $40,000,000.00 bond issue authorized by Public Law 13-17, including the interest accrued on the bond issue, to MPLA for its continued use for land compensation claims.

Section (1)(c) of this measure mandates that all of the proceeds of the $40,000,000.00 bond issues are not held in a separate account by MPLA, but rather, will be held in trust by a CDA-appointed trustee that is charged with securing the bond issue funds and only releasing such funds for the purpose of land compensation claims and reasonable administrative costs made by request of the MPLA Commissioner with the concurrence of the MPLA Board.

This provision, therefore, ensures that the funds are only utilized for their specific intended purpose and that the funds are not expended disproportionately by for administrative costs and bond issuance and management issues.

This bill becomes Public Law No. 14-29. Copies bearing my signature are forwarded for your reference.

Sincerely,

JUAN N. BABAUTA

CC: Attorney General
    MPLA Board
    MPLA Acting Commissioner
    Executive Director, Commonwealth Development Authority
    Special Assistant for Programs and Legislative Review

# EXHIBIT "C"

## AGREEMENT ON LAND COMPENSATION DRAWDOWN AND DISBURSEMENT PROCEDURES

**THIS AGREEMENT** was made and entered into on January 20, 2004, by and between the CNMI Department of Finance (DOF) and the Marianas Public Lands Authority (MPLA).

**WHEREAS**, representatives from the Office of the Attorney General, MPLA and the Department of Finance met on December 23, 2003, January 6, 2004 and again on January 19, 2004 to discuss land compensation drawdown and disbursement procedures; and

**WHEREAS**, MPLA, in accordance with the Bond Indenture Trust Agreement, is primarily responsible for administering and processing land compensation disbursements, subject to fiscal controls by DOF pursuant to Article X, Section 8 of the Commonwealth Constitution, including advance written drawdown concurrence, pursuant to and PL 13-56; and

**WHEREAS**, MPLA shall comply with all notices of tax levies from DOF, all judgment liens for which the CNMI is a judgment creditor, and all writs of attachment (or similar court orders); and

**WHEREAS**, DOF and the Office of the Attorney General should have a minimum of seven days to prepare notices of levies, and to apply for and obtain prejudgment writs of attachment on a case-by-case basis.

**NOW THEREFORE**, in consideration of the aforementioned premises, it is hereby agreed that once a land compensation beneficiary has been identified by MPLA and payment has been negotiated with that beneficiary, there shall be a minimum seven-day notice to DOF prior to each and every proposed disbursement to the beneficiary, including amounts to be paid, so that notices of levies may be issued, and prejudgment writs of attachment may be obtained and served in appropriate cases. DOF will review and concur with the drawdown and disbursement requests within three (3) days of receipt. It is further agreed that MPLA shall issue Forms 1099-S and 1099-INT to land compensation beneficiaries and provide copies to the Division of Revenue and Taxation for tax reporting purposes. The Division of Revenue and Taxation shall provide MPLA with said 1099 forms, and training and assistance necessary for the preparation and issuance of the forms.

1/20/2004

HENRY S. HOFSCHNEIDER
MPLA Commissioner

1/21/04

CATHRYN C. VILLAGOMEZ
Acting Secretary of Finance

### APPROVED AS TO FORM AND LEGAL CAPACITY

4/21/04

ALAN L. LANE
MPLA Legal Counsel

(Acting)
1/21/04

for PAMELA S. BROWN
Attorney General

**EXHIBIT "C"**

# EXHIBIT "D"

# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
## MARIANAS PUBLIC LANDS AUTHORITY

FILE NO. 05-1359

'05 MAY -5 P3:29

## LAND COMPENSATION SETTLEMENT AGREEMENT

BOOK 13

THIS LAND COMPENSATION SETTLEMENT AGREEMENT (hereinafter the "Agreement") is made and entered into this 5th day of _____May_____, 2005, by and between the Marianas Public Lands Authority, (hereinafter the "MPLA"), established under Public Law 12-33, as amended, and Rosario DLG. Kumagai (hereinafter the "Claimant"), persons of Northern Marianas descent under the laws of the Commonwealth of the Northern Mariana Islands (hereinafter the "Commonwealth").

### WITNESSETH:

WHEREAS, the MPLA has been given the responsibility pursuant to Article XI, Section 3 of the Commonwealth Constitution and Public Law 12-33, as amended, to manage and dispose of public lands in the Commonwealth; and

WHEREAS, all public lands belong collectively to the people of the Commonwealth who are of Northern Marianas descent, and it is intended that the management and disposition of public lands should ultimately benefit the people of the Commonwealth who are of Northern Marianas descent; and

WHEREAS, the Claimant is determined to be the owner of a parcel of land in Susupe, Saipan; and

WHEREAS, the Commonwealth wishes to acquire a portion of Claimant's land for a public purpose, described as E.A. 157-2-1, containing an area of 1,292 square meters, more or less; and

WHEREAS, on November 16, 1993, former Governor Lorenzo I. Deleon Guerrero, certified the acquisition of E.A. 157-2-1 for a public purpose, i.e., a wetland; and

WHEREAS, the MPLA determined by appraisal that E.A. 157-2-1 had a fair market value of $114,000.00 as of November 16, 1993, the date the property was originally certified to be taken by the Commonwealth for a public purpose; and

WHEREAS, the MPLA has offered cash compensation to the Claimant for acquisition of her land in the sum of $159,408.19, including interest at three percent (3%) per annum, compounded annually, from November 16, 1993 until March 18, 2005; and

**EXHIBIT "D"**



WHEREAS, the MPLA Board of Directors approved the sum of $159,408.19 as cash compensation to the Claimant, as authorized by Public Law 13-17, as amended, in exchange for the Claimant executing a warranty deed that conveys good and marketable title to MPLA for E.A. 157-2-1.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the MPLA and the Claimant mutually agree as follows:

## ARTICLE 1:   CONVEYANCE BY THE CLAIMANT

The Claimant shall convey by warranty deed unto MPLA, its successors and assigns, her interest in that certain land situated in Susupe, Saipan, more particularly described as follows:

> E.A. 157-2-1, containing an area of 1,292 square meters, more or less as set forth on DLS 2038/91, recorded at the Commonwealth Recorder's Office as File No. 90-4988, dated December 5, 1990.

## ARTICLE II:  CASH COMPENSATION BY MPLA

By and in consideration of this Agreement and the Deed executed and delivered to MPLA by the Claimant, receipt of which is hereby acknowledged, the MPLA, having the powers to manage and dispose of public lands pursuant to Article XI, Section 3 of the Commonwealth Constitution, Public Law 12-33, as amended, and Public Law 13-17, as amended, on behalf of the Government of the Commonwealth of the Northern Mariana Islands, shall pay to Claimant, her heirs and assigns, the principal sum of $114,000.00, plus interest on said principal calculated at the rate of three percent (3%) per annum compounded annually from and after November 16, 1993 until March 18, 2005, in the sum of $45,408.19, for a total land compensation sum of $159,408.19 as full and complete compensation and payment for the acquisition of E.A. 157-2-1, more particularly described above.

## ARTICLE III: FULL SETTLEMENT AND RELEASE

Except for the rights and obligations created by this Agreement, all other claims, demands, rights, duties, obligations and liabilities arising between the parties to this Agreement are hereby mutually satisfied, discharged and released. Each party hereto releases, discharges and forever waives any such claims, demands, rights, duties, obligations and liabilities against the other party, their heirs and assigns, past, present and future, as it relates to the Commonwealth's acquisition of E.A. 157-2-1, more particularly described above.

## ARTICLE IV:  ASSIGNABILITY

This Agreement shall inure to the benefit of and be binding upon the heirs, personal representatives, agents, affiliates, employees, officers, officials, successors, predecessors, assigns, and all other persons, firms, corporations or other entities in privity or joint liability with the parties hereto.

ARTICLE V:  FUTURE COOPERATION

If it becomes necessary for MPLA, its successor agencies, or the Government of the CNMI to defend a quiet title action or other challenge to ownership of E.A. 157-2-1, Claimants agree to cooperate in the defense of such action and to not cooperate in the prosecution of such action or challenge.

ARTICLE VI:  UNDERSTANDING AND COUNSEL

The Claimants hereby represent that she had sufficient time to adequately review this Agreement, and thereby fully understands its contents, conditions and covenants.  The Claimant further represent that in the event that she does not read, write or fully understand the English language, that she sought translation of the provisions of this Agreement into her primary language.  The Claimant further represent that they have had an opportunity to seek legal advice and counseling prior to executing this Agreement.

ARTICLE VII:  ENTIRE AGREEMENT

This Agreement represents and contains the entire agreement and understanding between the parties hereto with respect to the subject matter hereof, and supersedes any and all prior oral and written agreements and understandings.  It is admitted by the parties that no representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter of this Agreement shall be relied upon by the parties unless incorporated herein, that this compromise is made by the parties with full knowledge of the facts and possibilities of the claims and defenses asserted, and that the terms of the releases contained herein are contractual and not a mere recital.  This Agreement may not be amended or modified except by an agreement in writing signed by all parties hereto.

ARTICLE VIII:  ATTORNEY'S FEES

Should legal action be necessary to enforce any of the terms and conditions of this Agreement, the prevailing party shall pay to the other party reasonable attorney's fees and costs to be fixed by the court.

ARTICLE IX:  WARRANTY OF AUTHORITY

The Claimant warrants and represents that she is the lawful owner or authorized representative with legal authority over E.A. 157-2-1, more particularly described above, that is the subject of this Agreement, and that she has not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, or by operation of law, any of the claims herein released, or any portion thereof.  The Claimant hereby warrants and represents that she is fully and legally empowered to act on behalf of E.A. 157-2-1 in all respects and for all purposes in this Agreement.  The Chairperson of the MPLA warrants that she is fully and legally empowered to act on behalf of the MPLA in all respects and for all purposes in this Agreement.

*Land Compensation Settlement Agreement*
*Rosario DLG. Kumagai*
*Page 3 of 6*

ARTICLE X:  SEVERABILITY

If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction in any action or proceeding instituted by, on behalf, or by agreement, and such provision cannot be modified to be enforceable, such provision shall immediately become null and void and the parties shall negotiate such provision in good faith, leaving the remainder of this Agreement in full force and effect.

ARTICLE XI:  GOVERNING LAW

This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of the Northern Mariana Islands.

ARTICLE XII:  COUNTERPARTS

This Agreement may be executed in separate counterparts, each counterpart when so executed to be deemed an original, and all counterparts when taken together shall constitute one and the same Agreement.  To promote timely compliance with this Agreement, facsimile transmissions of executed documents shall be deemed sufficient to warrant commensurate performance.  Confirmations shall nevertheless be made by delivery of the executed original to the other party as soon as possible.

IN WITNESS WHEREOF, the parties set their hands on the day, month and year written below.


MARIANAS PUBLIC LANDS AUTHORITY


Reviewed For Accuracy and Completeness:

_____          _____5/2/05_____
Edward M. Deleon Guerrero                      Date
Commissioner



Approved:

_____          _____5/5/05_____
Ana Demapan-Castro                             Date
Chairperson, MPLA


*Land Compensation Settlement Agreement*
*Rosario DLG. Kumagai*
*Page 4 of 6*



Approved as to form and Legal Capacity:

_____          _5/2/05_____
Alan L. Lane                                Date
Legal Counsel for MPLA


OWNERS/CLAIMANT



BY: _____              _5/2/05_____
      Rosario DLG. Kumagai                  Date


**Commonwealth of the Northern**  }
**Mariana Islands**               }    **ss: Acknowledgment**
**Saipan, MP**                    }

  ON THIS __2ⁿᵈ__ day of __May__ , 2005, before me, a Notary Public in and for the
Commonwealth of the Northern Mariana Islands, personally appeared **Edward M. Deleon
Guerrero**, Commissioner MPLA, known to me to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that he executed the same as his free and
voluntary act and deed for the purposes therein set forth.

  IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the
day and year written above.

                              _____
                                     Notary Public

                              **Francisco Jerome K. Aldan**
                                    **NOTARY PUBLIC**
                       Commonwealth of the Northern Mariana Islands
                           My Commission expires: __2/26/06__

Commonwealth of the Northern          }
Mariana Islands                       }        ss:      Acknowledgment
Saipan, MP                            }

ON THIS ___5<u>th</u>___ day of ___May___, 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Ana Demapan-Castro,** Chairperson, Board of MPLA known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the purposes therein set forth.

     IN WITNESS WHEREOF, I have set my hand and affixed my official seal the day and year written above.

                                       Notary Public

                                    **Francisco Jerome K. Aldan**
                                   NOTARY PUBLIC
                Commonwealth of the Northern Mariana Islands

Commonwealth of the Northern          }        My Commission expires: _2/26/06_
Mariana Island                        }        ss:      Acknowledgment
Saipan, MP                            }

     ON THIS ___2nd___ day of ___May___, 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Rosario DLG. Kumagai,** known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the purposes therein set forth.

     IN WITNESS WHEREOF, I have set my hand and affixed my official seal the day and year written above.

                                      Notary Public

                                  Jacqueline Manglona Sasaki
                                 NOTARY PUBLIC
               Commonwealth of the Northern Mariana Islands
               My Commission expires: _Jun 16, 2005_

# EXHIBIT "E"

FILE NO. _05-1358_

---

Space Provided Above is for Recordation Purposes Only

'05 MAY -5 P3:28

BOOK____13____PAGE____39____

COMMONWEALTH RECORDER

## WARRANTY DEED

This Warranty Deed is made this _____day of _____, 2005, by Rosario DLG. Kumagai, a person of Northern Marianas descent, hereinafter the "Grantor".

### WITNESSETH:

**WHEREAS,** Grantor and the Marianas Public Lands Authority (hereinafter the "MPLA") entered into a Land Compensation Settlement Agreement pursuant to which Grantor has agreed to transfer Lot E.A. 157-2-1, containing an area of 1,292 square meters, more or less, located in Susupe, Saipan, to the MPLA in exchange for $159,408.19 and

**WHEREAS,** Grantor has further agreed to settle all of her claims against the MPLA and the Commonwealth Government relating to the public use of the above-described property by accepting the above compensation;

**NOW, THEREFORE,** in consideration of $159,408.19 and the mutual promises and covenants contained in the Land Compensation Settlement Agreement entered into between the parties on _____, Grantor hereby bargains and conveys unto the MPLA, its successors and assigns, forever Grantor's interest in that certain parcel of land situated in Susupe, Saipan, more particularly described as follows:

Lot E.A. 157-2-1, containing an area of 1,292 square meters, more or less, as set forth on DLS 2038/91, recorded at the Commonwealth Recorder's Office as File No. 90-4988, dated December 5, 1990.

*Land Compensation Warranty Deed*
*Rosario DLG. Kumagai*
*Page 1*



## EXHIBIT "E"

**TO HAVE AND TO HOLD,** the same, together with all buildings, improvements, tenements, hereditaments, rights, easements, privileges, and appurtenances thereunto belonging or appertaining or held and enjoyed therewith, unto the MPLA, in fee simple, its successors and assigns forever.

Grantor warrants that she is lawfully seized of the above-described property in fee simple absolute, that she has good right to convey the property, that the property is free and clear of any restrictions or encumbrances, that the MPLA shall quietly enjoy the property without lawful disturbance, that Grantor will forever warrants and defend the title to the property at her own expense, and that Grantor will forever indemnify the MPLA against any interest or claim arising in or to the property.

**IN WITNESS WHEREOF,** the Grantor hereby enters her signature on the day and year first above written.


GRANTOR:


_Rosario DLG Kumagai_
Rosario DLG. Kumagai


| **Commonwealth of the Northern** | ) | | |
|---|---|---|---|
| **Mariana Islands** | ) | **ss:** | **Acknowledgment** |
| **Saipan, MP** | ) | | |


ON THIS _2nd_ day of _May_, 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Rosario DLG. Kumagai,** known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the purposes therein set forth.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my official seal the day and year first above written.

Notary Public
Jacqueline Manglona Sasaki
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: _Jun 16, 2005_

_Land Compensation Warranty Deed_
_Rosario DLG. Kumagai_
_Page 2_

# EXHIBIT "F"

**COPY**

1  David Lochabay
   Assistant Attorney General
2  Office of the Attorney General
   2d Floor, Juan A. Sablan Admin. Bldg.
3  P. O. Box 10007 CHRB
   Capitol Hill
4  Saipan, MP 96950
   Tel: (670) 664-2341
5  Fax: (670) 664-2349

6                    **IN THE SUPERIOR COURT**
                            **OF THE**
7            **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

8   **COMMONWEALTH OF THE NORTHERN**   ) **CIVIL ACTION NO.** $\underline{05-0149C}$
    **MARIANA ISLANDS DEPT. OF PUBLIC**   )
9   **HEALTH AND ENVIRONMENTAL**   )
    **SERVICES**   )
10                                        ) **COMPLAINT**
    **V.**   )
11   )
    **ROSARIO DLG KUMAGAI**   )
12

13       **COMES NOW** the Commonwealth of the Northern Mariana Islands, through its Department of

14  Public Health and Environmental Services, Plaintiff herein, complaining of Rosario DLG Kumagai,

15  Defendant herein, and for cause of action would show the Court the following:

16                            **I. JURISDICTION**

17       1. This Court has jurisdiction of this action pursuant to 1 CMC § 3202.

18                            **II. PARTIES**

19       2. The Commonwealth of the Northern Mariana Islands (hereinafter "CNMI") is the governmental

20  entity established pursuant to the Covenant to establish a Commonwealth of the Northern Mariana Islands

21  in Political Union with the United States of America. The Department of Public Health and Environmental

22  Services (hereinafter "DPH") is an agency of said governmental entity. It may be served at the Office of

23  the Attorney General, 2d Floor, Juan A. Sablan Memorial Building, Capitol Hill, Saipan, MP 96950.

24       3. Rosario DLG Kumagai is an individual residing, on information and belief, in Koblerville,

25  Saipan, whose mailing address is P. O. Box 502258, Saipan, MP 96950.

26                       **III. GENERAL ALLEGATIONS**

27       4. Defendant has received various medical services from Plaintiff since 1998, primarily

28  hemodialysis.

**EXHIBIT "F"**

1      5. All such medical services furnished by Defendant to Plaintiff were reasonable and necessary.

2      6. Defendant has not paid for a significant portion of these medical services, and now has an

3 outstanding unpaid balance of $253, 095.96.

4
## IV. FIRST CAUSE OF ACTION

5      7. Plaintiff incorporates §§ 1-6 into this cause of action.

6      8. Defendant has signed various authorizations for treatment upon obtaining medical services.

7      9. These authorizations created express contract(s)s for services.

8      10. Defendant has breached these contracts by failing and refusing  and continuing to fail and

9 refuse payment for services rendered.

10      11. Plaintiff has repeatedly demanded payment for services rendered under these contracts.

11      12. Defendant has failed and refused to pay the amounts due despite Plaintiff's continuing demands

12 for payment.

13      13. Defendant has been damaged by Plaintiff's breach of contract in the amount of $253,095.96.

14      14. A copy of Defendant's unpaid billings for this amount is attached to this Complaint, marked

15 "Exhibit A", and is incorporated herein as if set forth in its entirety.

16
## V. SECOND CAUSE OF ACTION

17      21. Plaintiff incorporates ¶¶ 1-6 into this cause of action.

18      22. As a result of Defendant's failure to pay Plaintiff for services rendered, Defendant has been

19 unjustly enriched in the amount of $253,095.96.

20
## V. PRAYER

21      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and

22 answer herein, and that, upon hearing, Plaintiff be awarded actual damages in an amount no less than

23 $253,095.96, all costs of suit and reasonable attorney's fees.

24

25

26

27

28

1   Plaintiff prays for such other and further relief as the Court may deem just and equitable.

2                                        Respectfully submitted,

3

4                                        David Lochabay

5                                        Asst. Attorney General
                                         Office of the Attorney General
6                                        Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              3

**BILLS LISTING FOR:**
**MPLA**
**PATIENT: KUMAGAI, ROSARIO DLG**
**HRN:    115851**

| Bill No. | Visit Date | Clinic | Bill Amount | Insurance | Patient share | Payment | Balance |
|---|---|---|---|---|---|---|---|
| 1789735 | 12.07.04 | Inpatient | 5,265.92 | 4212.76 | 1,053.16 | 0.00 | 1,053.16 |
| 828658 | 09.01.98 | Hemodialys (RCA) | 8,018.42 | 0.00 | 8,018.42 | — 4,900.00 | 3,118.42 |
| 821187 | 07.14.98 | Inpatient(RCA) | 6,946.67 | 0.00 | 6,946.67 | 0.00 | 6,946.67 |
| 1296042 | 03.02.00 | Hemodialys (RCA) | 8,214.91 | 0.00 | 8,214.91 | 0.00 | 8,214.91 |
| 1232936 | 08.03.99 | Hemodialys (RCA) | 1,540.00 | 0.00 | 1,540.00 | 0.00 | 1,540.00 |
| 1236560 | 09.02.99 | Hemodialys (RCA) | 1,553.20 | 0.00 | 1,553.20 | 0.00 | 1,553.20 |
| 1236399 | 10.02.99 | Hemodialys (RCA) | 1,573.00 | 0.00 | 1,573.00 | 0.00 | 1,573.00 |
| 1238269 | 11.02.99 | Hemodialys (RCA) | 1,573.00 | 0.00 | 1,573.00 | 0.00 | 1,573.00 |
| 1240582 | 12.02.99 | Hemodialys (RCA) | 1,564.20 | 0.00 | 1,564.20 | 0.00 | 1,564.20 |
| 1243005 | 02.01.00 | Hemodialys (RCA) | 8,109.38 | 0.00 | 8,109.38 | 0.00 | 8,109.38 |
| 1150164 | 01.21.99 | Inpatient(RCA) | 1,054.80 | 0.00 | 1,054.80 | 0.00 | 1,054.80 |
| 1350307 | 12.18.00 | Inpatient(RCA) | 853.60 | 0.00 | 853.60 | 0.00 | 853.60 |
| 1376235 | 05.01.01 | Hemodialys (RCA) | 8,703.86 | 0.00 | 8,703.86 | 0.00 | 8,703.86 |
| 1355967 | 09.12.00 | Inpatient(RCA) | 853.60 | 0.00 | 853.60 | 0.00 | 853.60 |
| 1325530 | 09.02.00 | Hemodialys (RCA) | 7,322.91 | 0.00 | 7,322.91 | 0.00 | 7,322.91 |
| 1350071 | 12.02.00 | Hemodialys (RCA) | 6,625.36 | 0.00 | 6,625.36 | 0.00 | 6,625.36 |
| 1336379 | 11.02.00 | Hemodialys (RCA) | 8,224.93 | 0.00 | 8,224.93 | 0.00 | 8,224.93 |
| 1307741 | 05.02.00 | Hemodialys (RCA) | 8,094.57 | 0.00 | 8,094.57 | 0.00 | 8,094.57 |
| 1329524 | 10.03.00 | Hemodialys (RCA) | 15,247.82 | 0.00 | 15,247.82 | 0.00 | 15,247.82 |
| 1301651 | 04.01.00 | Hemodialys (RCA) | 13,476.93 | 0.00 | 13,476.93 | 0.00 | 13,476.93 |
| 1325448 | 08.01.00 | Hemodialys (RCA) | 9,001.48 | 0.00 | 9,001.48 | 0.00 | 9,001.48 |
| 1320849 | 07.01.00 | Hemodialys (RCA) | 7,882.97 | 0.00 | 7,882.97 | 0.00 | 7,882.97 |
| 1232926 | 07.01.99 | Hemodialys (RCA) | 1,632.40 | 0.00 | 1,632.40 | 0.00 | 1,632.40 |
| 1352673 | 01.02.01 | Hemodialys (RCA) | 8,366.51 | 0.00 | 8,366.51 | 0.00 | 8,366.51 |
| 1360482 | 02.01.01 | Hemodialys (RCA) | 12,623.07 | 0.00 | 12,623.07 | 0.00 | 12,623.07 |
| 1364298 | 03.01.01 | Hemodialys (RCA) | 8,902.25 | 0.00 | 8,902.25 | 0.00 | 8,902.25 |
| 1368685 | 04.03.01 | Hemodialys (RCA) | 7,474.28 | 0.00 | 7,474.28 | 0.00 | 7,474.28 |
| 1387856 | 06.02.01 | Hemodialys (RCA) | 13,274.43 | 0.00 | 13,274.43 | 0.00 | 13,274.43 |
| 1388004 | 07.03.01 | General | 27.50 | 0.00 | 27.50 | 0.00 | 27.50 |
| 1150167 | 01.21.99 | Inpatient | 13.20 | 0.00 | 13.20 | 0.00 | 13.20 |
| 820589 | 08.01.98 | Hemodialys (RCA) | 7,716.74 | 0.00 | 7,716.74 | 0.00 | 7,716.74 |
| 796010 | 07.23.98 | Hemodialys (RCA) | 2,174.43 | 0.00 | 2,174.43 | 0.00 | 2,174.43 |
| 1390661 | 07.05.01 | Hemodialys | 1,376.00 | 0.00 | 1,376.00 | 0.00 | 1,376.00 |
| 1397781 | 08.02.01 | Hemodialys | 1,408.40 | 0.00 | 1,408.40 | 0.00 | 1,408.40 |
| 1403304 | 09.01.01 | Hemodialys | 1,388.24 | 0.00 | 1,388.24 | 0.00 | 1,388.24 |
| 1412785 | 10.02.01 | Hemodialys | 1,382.24 | 0.00 | 1,382.24 | 0.00 | 1,382.24 |
| 1420950 | 11.01.01 | Hemodialys | 1,376.24 | 0.00 | 1,376.24 | 0.00 | 1,376.24 |
| 1387988 | 07.03.01 | Inpatient | 1,012.00 | 0.00 | 1,012.00 | 0.00 | 1,012.00 |
| 1426635 | 12.01.01 | Hemodialys | 1,474.56 | 0.00 | 1,474.56 | 0.00 | 1,474.56 |
| 1431049 | 01.13.02 | Hemodialys | 1,449.24 | 0.00 | 1,449.24 | 0.00 | 1,449.24 |
| 1458725 | 05.02.02 | Hemodialys | 1,401.07 | 0.00 | 1,401.07 | 0.00 | 1,401.07 |
| 1521440 | 09.03.02 | Hemodialys | 1,222.00 | 0.00 | 1,222.00 | 0.00 | 1,222.00 |
| 1437568 | 02.02.02 | Hemodialys | 1309.91 | 0.00 | 1,309.91 | 0.00 | 1,309.91 |
| 1443035 | 03.02.02 | Hemodialys | 1382.24 | 0.00 | 1,382.24 | 0.00 | 1,382.24 |
| 1449529 | 04.02.02 | Hemodialys | 1425.29 | 0.00 | 1,425.29 | 0.00 | 1,425.29 |
| 1695761 | 12.29.03 | General | 26.00 | 20.80 | 5.20 | 0.00 | 5.20 |



| 1795263 | 11.23.04 | Emergency | 210.00 | 168.00 | 42.00 | 0.00 | 42.00 |
|---|---|---|---|---|---|---|---|
| 1797593 | 12.23.04 | General | 70.00 | 56.00 | 14.00 | 0.00 | 14.00 |
| 1799860 | 12.07.07 | Emergency | 230.00 | 184.00 | 46.00 | 0.00 | 46.00 |
| 742560 | 12.08.97 | Emergency(RCA) | 91.25 | 0.00 | 91.25 | 0.00 | 91.25 |
| 810466 | 07.24.98 | General(RCA) | 33.00 | 0.00 | 33.00 | 0.00 | 33.00 |
| 121660 | 10.06.99 | Radiology | 77.20 | 0.00 | 77.20 | 0.00 | 77.20 |
| 1135958 | 01.25.99 | General(RCA) | 28.60 | 0.00 | 28.60 | 0.00 | 28.60 |
| 1146827 | 03.03.99 | General(RCA) | 41.80 | 0.00 | 41.80 | 0.00 | 41.80 |
| 1322023 | 02.02.00 | General(RCA) | 52.80 | 0.00 | 52.80 | 0.00 | 52.80 |
| 1275544 | 02.14.00 | General(RCA) | 82.50 | 0.00 | 82.50 | 0.00 | 82.50 |
| 1117913 | 11.08.98 | Emergency(RCA) | 117.26 | 0.00 | 117.26 | 0.00 | 117.26 |
| 1157539 | 02.18.99 | General(RCA) | 5.72 | 0.00 | 5.72 | 0.00 | 5.72 |
| 1252910 | 10.06.99 | General(RCA) | 11.60 | 0.00 | 11.60 | 0.00 | 11.60 |
| 1321209 | 01.14.00 | General(RCA) | 28.60 | 0.00 | 28.60 | 0.00 | 28.60 |
| 1325729 | 03.02.00 | Radiology(RCA) | 60.50 | 0.00 | 60.50 | 0.00 | 60.50 |
| 847298 | 11.08.98 | Laboratory(RCA) | 101.20 | 0.00 | 101.20 | 0.00 | 101.20 |
| 821243 | 07.14.98 | Emergency(RCA) | 70.40 | 0.00 | 70.40 | 0.00 | 70.40 |
| 1399620 | 06.13.01 | General | 38.00 | 0.00 | 38.00 | 0.00 | 38.00 |
| 1414181 | 07.11.01 | General | 5.20 | 0.00 | 5.20 | 0.00 | 5.20 |
| 1447589 | 11.07.01 | General | 7.60 | 0.00 | 7.60 | 0.00 | 7.60 |
| 1464123 | 01.30.02 | Radiology | 11.00 | 0.00 | 11.00 | 0.00 | 11.00 |
| 1566063 | 09.18.02 | General | 5.20 | 0.00 | 5.20 | 0.00 | 5.20 |
| 1566061 | 09.10.02 | General | 5.20 | 0.00 | 5.20 | 0.00 | 5.20 |
| 1581903 | 10.17.02 | General | 5.20 | 0.00 | 5.20 | 0.00 | 5.20 |
| 1690401 | 11.05.03 | General | 32.00 | 0.00 | 32.00 | 0.00 | 32.00 |
| 1702294 | 01.17.04 | General | 6.20 | 0.00 | 6.20 | 0.00 | 6.20 |
| 1682719 | 10.21.03 | Radiology | 20.00 | 0.00 | 20.00 | 0.00 | 20.00 |
| 1739160 | 06.25.04 | General | 14.00 | 0.00 | 14.00 | 0.00 | 14.00 |
| 1778233 | 10.12.04 | General | 11.00 | 0.00 | 11.00 | 0.00 | 11.00 |
| 1709050 | 02.02.04 | Hemodialys | 3,078.11 | 2,462.48 | 615.63 | - | 615.63 |
| 1724935 | 04.01.04 | Hemodialys | 7,367.47 | 5,893.98 | 1,473.49 | - | 1,473.49 |
| 1745924 | 08.03.04 | Hemodialys | 7,847.42 | 6,277.94 | 1,569.48 | - | 1,569.48 |
| 1752295 | 09.02.04 | Hemodialys | 7,792.69 | 6,234.15 | 1,558.54 | - | 1,558.54 |
| 1765483 | 10.02.04 | Hemodialys | 7,492.89 | 5,994.31 | 1,498.58 | 0.00 | 1,498.58 |
| 1788470 | 12.02.04 | Hemodialys | 5,590.52 | 4,472.42 | 1,118.10 | 0.00 | 1,118.10 |
| 1798568 | 01.02.05 | Hemodialys | 8,585.96 | 6,868.77 | 1,717.19 | 0.00 | 1,717.19 |
| 1805602 | 02.01.05 | Hemodialys | 7,666.38 | 6,133.10 | 1,533.28 | 0.00 | 1,533.28 |
| 1017803 | 11.03.98 | Hemodialys(RCA) | 1,073.60 | 0.00 | 1,073.60 | 0.00 | 1,073.60 |
| 1123217 | 01.02.99 | Hemodialys(RCA) | 934.56 | 0.00 | 934.56 | 0.00 | 934.56 |
| 1116215 | 12.01.98 | Hemodialys(RCA) | 1,324.40 | 0.00 | 1,324.40 | 0.00 | 1,324.40 |
| 1170544 | 02.02.99 | Hemodialys(RCA) | 1,460.80 | 0.00 | 1,460.80 | 0.00 | 1,460.80 |
| 1183307 | 05.01.99 | Hemodialys(RCA) | 1,515.80 | 0.00 | 1,515.80 | 0.00 | 1,515.80 |
| 1194253 | 06.01.99 | Hemodialys(RCA) | 1,515.80 | 0.00 | 1,515.80 | 0.00 | 1,515.80 |
| 1179010 | 04.01.99 | Hemodialys(RCA) | 1,553.20 | 0.00 | 1,553.20 | 0.00 | 1,553.20 |
| 1174849 | 03.02.99 | Hemodialys(RCA) | 1,555.40 | 0.00 | 1,555.40 | 0.00 | 1,555.40 |
| 1484566 | 06.01.02 | Hemodialys | 1,386.46 | 0.00 | 1,386.46 | 0.00 | 1,386.46 |
| 1491370 | 08.01.02 | Hemodialys | 1,483.17 | 0.00 | 1,483.17 | 0.00 | 1,483.17 |
| 1486821 | 07.02.02 | Hemodialys | 1,395.07 | 0.00 | 1,395.07 | 0.00 | 1,395.07 |
| 1500047 | 09.10.02 | Hemodialys | 940.93 | 0.00 | 940.93 | 0.00 | 940.93 |
| 1509160 | 10.01.02 | Hemodialys | 1,488.56 | 0.00 | 1,488.56 | 0.00 | 1,488.56 |
| 1517663 | 11.02.02 | Hemodialys | 1365.24 | 0.00 | 1,365.24 | 0.00 | 1,365.24 |

| 1521390 | 12.03.02 | Hemodialys | 1348.24 | 0.00 | 1,348.24 | 0.00 | 1,348.24 |
|---------|----------|-----------|---------|------|----------|------|----------|
| 1529718 | 01.02.03 | Hemodialys | 1436.24 | 0.00 | 1,436.24 | 0.00 | 1,436.24 |
| 1535245 | 02.01.03 | Hemodialys | 1253.91 | 0.00 | 1,253.91 | 0.00 | 1,253.91 |
| 1563449 | 04.01.03 | Hemodialys | 1,369.94 | 0.00 | 1,369.94 | 0.00 | 1,369.94 |
| 1550938 | 03.01.03 | Hemodialys | 1,369.24 | 0.00 | 1,369.24 | 0.00 | 1,369.24 |
| 1592679 | 05.01.03 | Hemodialys | 1,460.56 | 0.00 | 1,460.56 | 0.00 | 1,460.56 |
| 1010754 | 06.03.03 | Hemodialys | 1,201.91 | 0.00 | 1,201.91 | 0.00 | 1,201.91 |
| 1614155 | 07.01.03 | Hemodialys | 1,478.76 | 0.00 | 1,478.76 | 0.00 | 1,478.76 |
| 1658617 | 09.02.03 | Hemodialys | 1,451.24 | 0.00 | 1,451.24 | 0.00 | 1,451.24 |
| 1670087 | 10.02.03 | Hemodialys | 1,366.24 | 0.00 | 1,366.24 | 0.00 | 1,366.24 |
| 1696673 | 12.02.03 | Hemodialys | 1,499.70 | 0.00 | 1,499.70 | 0.00 | 1,499.70 |
| 1702293 | 01.02.04 | Hemodialys | 1,477.82 | 0.00 | 1,477.82 | 0.00 | 1,477.82 |
| 1724969 | 03.02.04 | Hemodialys | 1,399.50 | 0.00 | 1,399.50 | 0.00 | 1,399.50 |
| 1730928 | 06.01.04 | Hemodialys | 1,434.14 | 0.00 | 1,434.14 | 0.00 | 1,434.14 |
| 1727539 | 05.01.01 | Hemodialys | 1,399.50 | 0.00 | 1,399.50 | 0.00 | 1,399.50 |
| 1738038 | 07.01.04 | Hemodialys | 1,533.82 | 0.00 | 1,533.82 | 0.00 | 1,533.82 |
| 177317 | 11.02.04 | Hemodialys | 1,112.96 | 0.00 | 1,112.96 | 0.00 | 1,112.96 |
| 1784812 | 10.23.04 | Day Surgery | 719.00 | 690.24 | 28.76 | 0.00 | 28.76 |
| 1784843 | 10.18.04 | Day Surgery | 212.50 | 170.00 | 42.50 | 0.00 | 42.50 |
| 1656443 | 07.08.03 | Day Surgery | 228.50 | 0.00 | 228.50 | 0.00 | 228.50 |
| 1672299 | 11.05.03 | Day Surgery | 136.97 | 0.00 | 136.97 | 0.00 | 136.97 |
| 1656434 | 07.19.03 | Day Surgery | 155.30 | 0.00 | 155.30 | 0.00 | 155.30 |
| 1672321 | 11.01.03 | Day Surgery | 108.00 | 0.00 | 108.00 | 0.00 | 108.00 |
| | | **TOTAL** | **306,974.67** | **48,978.71** | **257,995.96** | **4,900.00** | **253,095.96** |

COMMONWEALTH OF THE                    )
NORTHERN MARIANA ISLANDS               )
                                       )
ISLAND OF SAIPAN                       )

### AFFIDAVIT OF ROSA SORENSEN

Before me, the undersigned authority, on this day appeared Rosa Sorensen, who, being personally known to me and placed on her oath, swore as follows:

"My name is Rosa Sorensen. I am over the age of majority and fully competent to execute this Affidavit.

"I am employed by the CNMI Department of Public Health at the Commonwealth Health Center as Collections Supervisor. My job responsibilities include supervising the collection of patient medical bills and insuring the accuracy of such bills.

"I have caused to be prepared the attached compilation of medical bills for services rendered Rosario DLG Kumagai and swear that such compilation is true and correct to the best of my knowledge. Pursuant to this compilation, Rosario DLG Kumagai owed the sum of at least $253,095.96 as of April 11, 2005.

"All of the bills compiled are past due, some for many years. Rosario DLG Kumagai has failed and refused to pay these bills despite repeated demands to pay.

"Further, Affiant sayeth naught."


_Ron Sorensen_
Rosa Sorensen, Affiant

SWORN TO AND SUBSCRIBED before me this _11th_ day of ~~January~~ _April 2005_.


_Wabol_
Notary Public
DAISY WABOL
Notary Public
Commonwealth of the Northern Mariana Islands
My Commission expires on the
_9th_ day of _Dec_, 20 _05_

Ex "B"

# EXHIBIT "G"

COPY

1   David Lochabay
    Assistant Attorney General
2   Office of the Attorney General
    2d Floor, Juan A. Sablan Admin. Bldg.
3   P. O. Box 10007 CHRB
    Capitol Hill
4   Saipan, MP 96950
    Tel:  (670) 664-2341
5   Fax: (670) 664-2349

6                        IN THE SUPERIOR COURT
                                  OF THE
7              COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

8   COMMONWEALTH OF THE NORTHERN  )  CIVIL ACTION NO. ___05-0149C___
    MARIANA ISLANDS DEPT. OF PUBLIC )
9   HEALTH AND ENVIRONMENTAL      )
    SERVICES                       )  APPLICATION FOR EX PARTE WRIT
10                                 )  OF PREJUDGMENT ATTACHMENT
                                   )
11  V.                             )
                                   )
    ROSARIO DLG KUMAGAI            )
12

13          COMES NOW PLAINTIFF herein, who would now move the Court to issue an Ex Parte Writ

14  of Prejudgment Attachment, pursuant to Rule 64, Com.R.Civ.Proc., and 7 CMC §4201.

15          As grounds for the issuance of the writ, Plaintiff would show the Court the following:

16          1. Plaintiff has filed the above action for recovery of monies owed Plaintiff for reasonable and

17  necessary medical treatment rendered for Defendant over a number of years.

18          2. Defendant has breached its contract to Plaintiff to pay for this medical treatment

19          3. In this action, Plaintiff seeks to recover the amount of $253,095.96 as actual damages for

20  unpaid medical services rendered.

21          4.   Upon information and belief, Plaintiff avers that Defendant is a claimant entitled to

22  compensation for lands taken from him by the Marianas Public Land Authority (MPLA), and/or its

23  predecessor(s).

24          5.  Upon information and belief, Plaintiff avers that MPLA is currently  in the process of

25  compensating land claimants such as Defendant.

26          6.  Upon information and belief, Plaintiff avers that MPLA intends to compensate Defendant

27  prior to Defendant's Answer date in this action, and prior to the date any hearing could be had on this

28  Application for Writ of Prejudgment Attachment.

                            **EXHIBIT  "G"**

1    7.   Plaintiff has made repeated demands upon Defendant for payment of these bills, and

2    Defendant has failed and refused, and continues to fail and refuse, to pay the bills.

3    8. Plaintiff reasonably believes that Defendant will be paid land compensation monies by MPLA

4    and Defendant will not pay Plaintiff the amounts requested in this action.

5    9.   Any amounts owed Defendant by MPLA are not exempt from attachment under

6    Commonwealth law.

7    10.  Should the Writ issue, Plaintiff would immediately serve Defendant and MPLA with copies

8    thereof.

9    Dated this 11th day of April, 2005.

10

11                                                Respectfully submitted,

12

13                                                David Lochabay
                                                  Asst. Attorney General
14                                                Office of the Attorney General
                                                  Attorneys for Plaintiff

15                              VERIFICATION

16    Before me, the undersigned authority, on this day appeared David Lochabay, who, being known
      to me, properly identified, and placed on his oath, swore that the above and foregoing was true and
17    correct to the best of his information and belief.

18    Sworn to and subscribed before me this __11th__ day of ~~January, 2004~~ APRIL, 2005.

19

20                                                _____
                                                  Notary Public
21

22                                                DAISY VKAIPAI WABOL
                                                  NOTARY PUBLIC
23                Commonwealth of the Northern Mariana Islands
                                                  My Commission expires on the
24                                                __9th__ day of __Dec__ , 20 __05__

25

26

27

28                                                2

# EXHIBIT "H"

1  David Lochabay
   Assistant Attorney General
2  Office of the Attorney General
   2d Floor, Juan A. Sablan Admin. Bldg.
3  P. O. Box 10007 CHRB
   Capitol Hill
4  Saipan, MP 96950
   Tel: (670) 664-2341
5  Fax: (670) 664-2349

6                    **IN THE SUPERIOR COURT**
                           **OF THE**
7       **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS**

8  **COMMONWEALTH OF THE NORTHERN** )   CIVIL ACTION NO. _05-0149 C_
   **MARIANA ISLANDS DEPT. OF PUBLIC**  )
9  **HEALTH AND ENVIRONMENTAL**         )
   **SERVICES**                         )   **WRIT OF PREJUDGMENT**
10                                       )   **ATTACHMENT**
   **V.**                               )
11                                       )
   **ROSARIO DLG KUMAGAI**              )
12 _____

13 **TO:  COMMISSIONER OF PUBLIC SAFETY**

14        WHEREAS Plaintiff has applied to this Court for a Writ of Prejudgment Attachment

15 pursuant to Rule 64, Com.R.Civ.Proc., and 7 CMC § 4201, and

16        WHEREAS it appears that Marianas Public Land Authority owes Defendant a sum of money for

17 land compensation payments, and

18        WHEREAS it appears that Defendant may be liable to Plaintiff for actual damages in the amount

19 of $253,095.96 in the above styled and numbered action, and

20        WHEREAS Plaintiff's opportunity to satisfy their claims against Defendant may be lost if the

21 land compensation funds are distributed by Marianas Public Land Authority to Defendant, and

22        WHEREAS it does not appear that the land compensation funds held by Marianas Public Land

23 Authority are exempt from attachment, and

24        WHEREAS Defendant may move, pursuant to 7 CMC § 4202, for release of the said funds by

25 dissolving this Writ if justice so requires, Court now finds that the Application for Prejudgment Writ

26 of Attachment is well founded and should be, and hereby is, GRANTED.

27        It is, therefore, ORDERED, that the Commissioner of Public Safety, or his designee, shall attach

28 all monies owed by the Marianas Public Land Authority to the Defendant, not to exceed $253,095.96,

**EXHIBIT "H"**

1  and shall deposit the said funds with this Court, pending the resolution of this action.

2    It is further ORDERED that Plaintiff shall cause copies of the Application for Prejudgment Writ

3  of Attachment and the Writ of Prejudgment Attachment itself to be served on Defendant, the Marianas

4  Public Land Authority, and the Commissioner of Public Safety.

5    SIGNED this ___12th___ day of April, 2005.

6

7

8             JUDGE PRESIDING

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "I"

COMMONWEALTH OF THE )
NORTHERN MARIANA ISLANDS )
)
ISLAND OF SAIPAN )

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement"), dated as of the date of the last

party signing, is made by and between the Commonwealth of the Northern Mariana Islands

Department of Public Health and Environmental Services (CNMIDPH), Plaintiff, and Rosario DLG

Kumagai, Defendant.

WHEREAS, the Plaintiff has asserted claims against defendant in Civil Case No. 05-0149C,

styled "Commonwealth of the Northern Mariana Islands Department of Public Health and

Environmental Services v. Rosario DLG Kumagai" (the "Action"), now on the docket of the

Superior Court for the CNMI (the "Court");

WHEREAS, the claims asserted in the Action are for past due and unpaid amounts for

medical services rendered to Defendant by Plaintiff in the approximate amount of $253,095.96;

WHEREAS, Defendant is about to receive the sum of approximately $159,408.19 from the

Marianas Public Lands Authority (MPLA) as compensation for land taken for public use;

WHEREAS, the parties have conducted an investigation into the facts and the law underlying

the claims asserted in the Action and have concluded that a settlement of such claims according to

the terms set forth below is in their respective best interests;

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein and

for other good and valuable consideration, it is agreed by and among the undersigned that:

## Defendant's Cash Payment, Disbursement, and Notice of Dismissal

1. Defendant shall pay the immediate sum of $79,704.09 (Seventy Nine Thousand Seven

## EXHIBIT "I"

Hundred Four Dollars and Nine Cents) to Plaintiff. Defendant shall pay this amount by instructing officials of MPLA to convey to Plaintiff a check in said amount ($79,704.09) payable to the CNMI Treasurer. By this Agreement, a copy of which has been furnished to MPLA, Defendant so instructs and directs appropriate officials of MPLA to disburse $79,704.09 of the proceeds of the land compensation payment due Defendant to Plaintiff, in the form of a check payable to the CNMI Treasurer.

2. Defendant agrees to execute whatever additional papers are necessary, in the opinion of officials of MPLA, to effectuate the provisions of ¶ 1 above.

3. Plaintiff agrees to file a Notice of Dismissal in the Action upon approval by officials of MPLA of Defendant's instructions to convey to Plaintiff the check contemplated in ¶ 1 above. Plaintiff further agrees not to object, obstruct, or in any way hinder the disbursement of the remaining funds of approximately $79,704.10 held by MPLA to Defendant.

**Installment Payment Agreement**

4. In consideration of the large cash payment by Defendant, Plaintiff agrees to credit Defendant's account in the amount of $159,408.19.

5. The parties agree that Defendant shall make installment payments to Plaintiff directly for the remainder of Defendant's debt to Plaintiff after deduction of the credit of $159,408.19, such remaining balance being an uncertain figure as Defendant continues to receive medical treatment from Plaintiff.

6. The parties agree that Defendant is currently paying $200.00 (Two Hundred Dollars) per month to the Reliable Collection Agency for past due amounts owed Plaintiff totaling approximately $4,826.39 (Four Thousand Eight Hundred Twenty Six Dollars and Thirty Nine Cents) (the RCA balance) included in the remaining balance in ¶ 5 above. The parties agree that these payments to

2

RCA shall continue until the RCA balance is fully paid. After the RCA balance is discharged, Defendant shall begin payments of $200.00 (Two Hundred Dollars) per month directly to Plaintiff.

### Dismissal of Action

7. The Notice of Dismissal contemplated in ¶ 3 above shall operate as a dismissal, without prejudice, of all claims asserted in the Action pursuant to Commonwealth Rule of Civil Procedure 41(a)(1). Such dismissal shall in no way terminate or discontinue any requirement, duty, representation, covenant, or warranty contained in this Agreement.

### Representations and Warranties

8. **Plaintiff CNMIDPH,** by and through James U. Hofschneider, M.D., Secretary of Health, hereby represents and warrants that:

> a) he has the absolute and unrestricted right and capacity to enter into and perform the obligations of the Commonwealth of the Northern Mariana Islands Department of Public Health and Environmental Services under this Agreement;
>
> b) the Agreement constitutes the legal, valid, and binding obligation of the CNMIDPH, enforceable against CNMIDPH according to its terms, and
>
> b) James U. Hofschneider, M.D., as Secretary of Health, understands that in entering into this Agreement, the Defendant has relied on the representations of CNMIDPH as set forth herein.

9. **Defendant Rosario DLG Kumagai** hereby represents and warrants that:

> a) she has the absolute and unrestricted right and capacity to enter into and perform her obligations under this Agreement;

3

b)  the Agreement constitutes the legal, valid, and binding obligation

of Rosario DLG Kumagai, enforceable against her in accordance with

its terms, and

c) Rosario DLG Kumagai understands that, in entering into this

Agreement, the Plaintiff has relied on her representations as set forth

herein.

### Miscellaneous

10) Modification.  This Agreement may not be modified or amended except by an

agreement in writing signed by the parties.  The parties may waive or modify any of

the conditions contained herein or any of the obligations of a party hereunder, but any

such waiver or modification shall be effective only if it is in writing and signed by the

parties.

11) Headings.  The descriptive headings of the sections and paragraphs contained in

this Agreement are inserted for convenience only and shall not control or effect the

meaning or construction of any of the provisions hereof.

12) Entire Agreement. This Agreement constitutes the entire agreement between the

parties pertaining to the subject matter hereof and supersedes all prior and

contemporaneous agreements and understandings of the parties in connection

therewith.

13)  Multiple Originals.  The parties may execute multiple copies of this Agreement.

Each such executed original copy shall have the full force and effect of an original

executed instrument.

14)  Governing Law.  This Agreement shall be governed by the laws of the

4

Commonwealth of the Northern Mariana Islands.

15) Severability. In the event that any of the provisions of this Agreement shall for any reason be held invalid, illegal, or otherwise unenforceable, such invalidity, illegality, or unenforceability shall not effect any other provision hereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

16) Further Assurances. The parties agree to execute any and all documents and to do and perform any and all acts and things reasonably necessary or proper to effectuate the terms and provisions of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date(s) indicated below.

Date: _4/28/05_    _____
                    Rosario DLG Kumagai

Date: _5/2/05_    _____
                    James U. Hofschneider, M.D.
                    Secretary of Health
                    Commonwealth of the
                    Northern Mariana Islands

**APPROVED AS TO FORM AND LEGAL CAPACITY:**

Date: _4/28/05_    _____
                    Pamela Brown
                    Attorney General
                    Commonwealth of the
                    Northern Mariana Islands

5