# EXHIBIT "AA"

FILE 05-1211

'05 APR 20 A9 :32

Space Provided Above is for Recordation Purposes Only BOOK 13 PAGE 34

COMM. MARIANAS DEED

## WARRANTY DEED

This Warranty Deed is made this 20th day of _April_, 2005, by Nicolas C. Sablan and Lucy Ann T. Sablan, persons of Northern Marianas descent, hereinafter the "Grantor".

WITNESSETH:

**WHEREAS,** Grantors and the Marianas Public Lands Authority (hereinafter the "MPLA") entered into a Land Compensation Settlement Agreement pursuant to which Grantors have agreed to transfer Lot 1983, containing an area of 20,892 square meters, more or less, located in Chalan Laulau, Saipan, to the MPLA in exchange for $1,958,587.32 and

**WHEREAS,** Grantors have further agreed to settle all of their claims against the MPLA and the Commonwealth Government relating to the public use of the above-described property by accepting the above compensation;

**NOW, THEREFORE,** in consideration of $1,958,587.32 and the mutual promises and covenants contained in the Land Compensation Settlement Agreement entered into between the parties on ___4/20/05___, Grantors hereby bargain and convey unto the MPLA, its successors and assign, forever Grantor's interest in that certain parcel of land situated in Chalan Laulau, Saipan, more particularly described as follows:

> Lot 1983, containing an area of 20,892 square meters, more or less,
> as set forth on DLS 2075/90, recorded at the Commonwealth Recorder's
> Office as File No. 90-722, dated February 21, 1990.

*Land Compensation Warranty Deed*
*Nicolas C. Sablan and Lucy Ann T. Sal*
*Page 1*

**EXHIBIT "AA"**

**TO HAVE AND TO HOLD**, the same, together with all buildings, improvements, tenements, hereditaments, rights, easements, privileges, and appurtenances thereunto belonging or appertaining or held and enjoyed therewith, unto the MPLA, in fee simple, its successors and assigns forever.

Grantors warrant that they are lawfully seized of the above-described property in fee simple absolute, that they have good right to convey the property, that the property is free and clear of any restrictions or encumbrances, that the MPLA shall quietly enjoy the property without lawful disturbance, that Grantors will forever warrant and defend the title to the property at her own expense, and that Grantors will forever indemnify the MPLA against any interest or claim arising in or to the property.

**IN WITNESS WHEREOF**, the Grantors hereby enter heir signature on the day and year first above written.

GRANTORS:

_____           _____
Nicolas C. Sablan                                    Lucy Ann T. Sablan

| | |
|---|---|
| **Commonwealth of the Northern** ) | |
| **Mariana Islands** )           **ss: Acknowledgment** | |
| **Saipan, MP** ) | |

ON THIS _20th_ day of ___April___, 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Nicolas C. Sablan** and **Lucy Ann T. Sablan**, known to me to be the persons whose name are subscribed to the foregoing instrument and acknowledged to me that they executed the same as their free and voluntary act and deed for the purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public

**Francisco Jerome K. Aldan**
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: _2/26/06_

Land Compensation Warranty Deed
Nicolas C. Sablan and Lucy Ann T. Sablan
Page 2

# EXHIBIT "BB"

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS 05-1229
MARIANAS PUBLIC LANDS AUTHORITY   FILE NO. _____

AMENDED LAND COMPENSATION SETTLEMENT AGREEMENT
05 APR 20 P 1:40

THIS AMENDED LAND COMPENSATION SETTLEMENT AGREEMENT (hereinafter the "Agreement") is made and entered into this _____ day of April, 2005, by and between the Marianas Public Lands Authority, (hereinafter the "MPLA") established under Public Law 12-33, as amended, and Antonio B. Cabrera (hereinafter the "Claimant"), a person of Northern Marianas descent under the laws of the Commonwealth of the Northern Mariana Islands (hereinafter the "Commonwealth").

WITNESSETH:

WHEREAS, Claimant and MPLA executed a Land Compensation Settlement Agreement which was recorded at the Commonwealth Recorder's Office as File No. 05-1206, dated April 19, 2005; and

WHEREAS, Claimant and MPLA wish to amend, in its entirety, the recorded Land Compensation Settlement Agreement; and

WHEREAS, the MPLA has been given the responsibility pursuant to Article XI, Section 3 of the Commonwealth Constitution and Public Law 12-33, as amended, to manage and dispose of public lands in the Commonwealth; and

WHEREAS, all public lands belong collectively to the people of the Commonwealth who are of Northern Marianas descent, and it is intended that the management and disposition of public lands should ultimately benefit the people of the Commonwealth who are of Northern Marianas descent; and

WHEREAS, the Claimant is determined to be the owner of a parcel of land in Chalan Piao, Saipan, and the Commonwealth wishes to acquire a portion of Claimant's land for a public purpose, described as Lot 466-F-1, containing an area of 11,815 square meters, more or less; and

WHEREAS, on October 8, 1991, former Governor Lorenzo I. Deleon Guerrero, certified the acquisition of Lot 466-F-1 for a public purpose, i.e., a wetland; and

WHEREAS, the MPLA determined by appraisal that Lot 466-F-1 had a fair market value of $1,866,770.00 as of October 8, 1991, the date the property was originally taken by the Commonwealth for a public purpose; and

WHEREAS, the MPLA has offered cash compensation to the Claimant for acquisition of his land in the sum of $2,768,409.70, including interest at three percent (3%) per annum, compounded annually, from October 8, 1981 until January 14, 2005; and

**EXHIBIT "BB"**



WHEREAS, the MPLA Board of Directors approved the sum of $2,768,409.70 as cash compensation to the Claimant, as authorized by Public Law 13-17, as amended, in exchange for the Claimant executing a warranty deed that conveys good and marketable title to MPLA for Lot 466-F-1, and Claimant's spouse executing a quitclaim deed for Lot 466-F-1.

NOW THEREFORE, for and in consideration of the mutual promises and covenants contained herein, the MPLA and the Claimant mutually agree as follows:

ARTICLE I:   CONVEYANCE BY THE CLAIMANT

The Claimant shall convey by warranty deed unto MPLA, its successors and assigns, any and all interest(s) he may have in that certain land situated in Chalan Piao, Saipan, more particularly described as follows:

Lot 466-F-1, containing an area of 11,815 square meters, more or less as set forth on DLS Check No. 2118/91, recorded at the Commonwealth Recorder's Office as File No. 91-1821, dated April 12, 1991.

ARTICLE II:   CASH COMPENSATION BY MPLA

By and in consideration of this Agreement and the Deeds executed and delivered to MPLA by the Claimant and Claimant's spouse, receipt of which is hereby acknowledged, the MPLA, having the powers to manage and dispose of public lands pursuant to Article XI, Section 3 of the Commonwealth Constitution, Public Law 12-33, as amended, and Public Law 13-17, as amended, on behalf of the Government of the Commonwealth of the Northern Mariana Islands, shall pay to Claimant, his heirs and assigns, the principal sum of $1,866,770.00, plus interest on said principal calculated at the rate of three percent (3%) per annum compounded annually from and after October 8, 1981, until January 14, 2005, in the sum of $901,639.70, for a total land compensation sum of $2,768,409.70 as full and complete compensation and payment for the use and acquisition of Lot 466-F-1, more particularly described above.

ARTICLE III: FULL SETTLEMENT AND RELEASE

Except for the rights and obligations created by this Agreement, all other claims, demands, rights, duties, obligations and liabilities arising between the parties to this Agreement are hereby mutually satisfied, discharged and released. Each party hereto releases, discharges and forever waives any such claims, demands, rights, duties, obligations and liabilities against the other party, their heirs and assigns, past, present and future, as it relates to the Commonwealth's use and acquisition of Lot 466-F-1, more particularly described above.

ARTICLE IV:   ASSIGNABILITY

This Agreement shall inure to the benefit of and be binding upon the heirs, personal representatives, agents, affiliates, employees, officers, officials, successors, predecessors, assigns, and all other persons, firms, corporations or other entities in privity or joint liability with the parties hereto.



## ARTICLE V: FUTURE COOPERATION

If it becomes necessary for MPLA, its successor agencies, or the Government of the CNMI to defend a quiet title action or other challenge to ownership of Lot 466-F-1, Claimant agrees to cooperate in the defense of such action and to not cooperate in the prosecution of such action or challenge.

## ARTICLE VI:  UNDERSTANDING AND COUNSEL

The Claimant hereby represents that he had sufficient time to adequately review this Agreement, and thereby fully understands its contents, conditions and covenants.  The Claimant further represents that in the event that he does not read, write or fully understand the English language, he has sought translation of the provisions of this Agreement into his primary language.  The Claimant further represents that he had an opportunity to seek legal advice and counseling prior to executing this Agreement.

## ARTICLE VII: ENTIRE AGREEMENT

This Agreement represents and contains the entire agreement and understanding between the parties hereto with respect to the subject matter hereof, and supersedes any and all prior oral and written agreements and understandings.  It is admitted by the parties that no representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter of this Agreement shall be relied upon by the parties unless incorporated herein, that this compromise is made by the parties with full knowledge of the facts and possibilities of the claims and defenses asserted, and that the terms of the releases contained herein are contractual and not a mere recital.  This Agreement may not be amended or modified except by an agreement in writing signed by all parties hereto.

## ARTICLE VIII: ATTORNEY'S FEES

Should legal action be necessary to enforce any of the terms and conditions of this Agreement, the prevailing party shall pay to the other party reasonable attorney's fees and costs to be fixed by the court.

## ARTICLE IX: WARRANTY OF AUTHORITY

The Claimant warrants and represents that he is the lawful owner or authorized representative with legal authority over Lot 466-F-1, more particularly described above, that is the subject of this Agreement, and that he has not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, or by operation of law, any of the claims herein released, or any portion thereof.  The Claimant hereby warrants and represents that he is fully and legally empowered to act on behalf of Lot 466-F-1 in all respects and for all purposes in this Agreement.  The Chairperson of the MPLA warrants that he is fully and legally empowered to act on behalf of the MPLA in all respects and for all purposes in this Agreement.

*Amended Land Compensation Settlement Agreement*
*Antonio B. Cabrera*
*Page 3 of 6*



## ARTICLE X: SEVERABILITY

If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction in any action or proceeding instituted by, on behalf, or by agreement, and such provision cannot be modified to be enforceable, such provision shall immediately become null and void and the parties shall negotiate such provision in good faith, leaving the remainder of this Agreement in full force and effect.

## ARTICLE XI: GOVERNING LAW

This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of the Northern Mariana Islands.

## ARTICLE XII: COUNTERPARTS

This Agreement may be executed in separate counterparts, each counterpart when so executed to be deemed an original, and all counterparts when taken together shall constitute one and the same Agreement. To promote timely compliance with this Agreement, facsimile transmissions of executed documents shall be deemed sufficient to warrant commensurate performance. Confirmations shall nevertheless be made by delivery of the executed original to the other party as soon as possible.

IN WITNESS WHEREOF, the parties set their hands on the day, month and year written below.

### MARIANAS PUBLIC LANDS AUTHORITY

Reviewed For Accuracy and Completeness:

_____          4/18/05
Edward M. Deleon Guerrero                   Date
Commissioner

Approved:

_____          4-19-05
Ana Demapan-Castro                          Date
Chairperson, MPLA

*Amended Land Compensation Settlement Agreement*
*Antonio B. Cabrera*
*Page 4 of 6*



Approved as to form and Legal Capacity:

4/19/05
_____
Date

Ramon K. Quichocho
Legal Counsel for MPLA

OWNER/CLAIMANT

BY: _____          4.19.5
    Antonio B. Cabrera                        _____
                                              Date

**Commonwealth of the Northern**     }
**Mariana Islands**                   }          **ss: Acknowledgment**
**Saipan, MP**                        }

    ON THIS 19ᵗʰ day of *April*, 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Edward M. Deleon Guerrero**, Commissioner MPLA, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the purposes therein set forth.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year written above.



Notary Public
**DEWAYNE DUENAS**
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Mar. 19, 2007

*Amended Land Compensation Settlement Agreement*
*Antonio B. Cabrera*
*Page 5 of 6*



Commonwealth of the Northern     }
Mariana Islands                  }    ss:    Acknowledgment
Saipan, MP                       }

ON THIS _19th_ day of _April_ , 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Ana Demapan-Castro**, Chairperson, Board of MPLA known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the purposes therein set forth.

IN WITNESS WHEREOF, I have set my hand and affixed my official seal the day and year written above.

DEWAYNE DUENAS
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: _Mar. 19, 2007_

Commonwealth of the Northern     }
Mariana Island                   }    ss:    Acknowledgment
Saipan, MP                       }

ON THIS _19th_ day of _April_ , 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Antonio B. Cabrera**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the purposes therein set forth.

IN WITNESS WHEREOF, I have set my hand and affixed my official seal the day and year written above.

Notary Public
DEWAYNE DUENAS
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: _Mar. 19, 2007_



# EXHIBIT "CC"

FILE NO. 05-1228

---

Space Provided Above is for Recordation Purposes Only APR 20 P1:39

BOOK __13__ / __35__

**AMENDED WARRANTY DEED**

COMMONWEALTH RECORDER

This Amended Warranty Deed is made this __19th__ day of April, 2005, by Antonio B. Cabrera (hereinafter the "Grantor"), a person of Northern Marianas descent.

WITNESSETH:

**WHEREAS,** Grantor executed a Warranty Deed which was recorded at the Commonwealth Recorder's Office as File No. 05-1208, dated April 19, 2005; and

**WHEREAS,** Grantor wishes to amend, in its entirety, the recorded Warranty Deed; and

**WHEREAS,** Grantor and the Marianas Public Lands Authority (hereinafter the "MPLA") entered into a Land Compensation Settlement Agreement pursuant to which Grantor has agreed to transfer Lot 466-F-1, containing an area of 11,815 square meters, more or less, located in Chalan Piao, Saipan, to the MPLA in exchange for $2,768,409.70 and

**WHEREAS,** Grantor has further agreed to settle all of his claims against the MPLA and the Commonwealth Government relating to the public use and acquisition of the above-described property by accepting the above compensation;

**NOW, THEREFORE,** in consideration of $2,768,409.70 and the mutual promises and covenants contained in the Land Compensation Settlement Agreement entered into between the parties on April 19, 2005, Grantor hereby bargains and conveys unto the MPLA, its successors and assigns, forever, Grantor's interest in that certain parcel of land situated in Chalan Piao, Saipan, more particularly described as follows:

> Lot 466-F-1, containing an area of 11,815 square meters, more or less, as set forth on DLS Check No. 2118/91, recorded at the Commonwealth Recorder's Office as File No. 91-1821, dated April 12, 1991.

*Land Compensation Amended Warranty Deed*
*Antonio B. Cabrera*
*Page 1*

**EXHIBIT "CC"**

**TO HAVE AND TO HOLD**, the same, together with all buildings, improvements, tenements, hereditaments, rights, easements, privileges, and appurtenances thereunto belonging or appertaining or held and enjoyed therewith, unto the MPLA, in fee simple, its successors and assigns forever.

Grantor warrants that he is lawfully seized of the above-described property in fee simple absolute, that he has good right to convey the property, that the property is free and clear of any restrictions or encumbrances, that the MPLA shall quietly enjoy the property without lawful disturbance, that Grantor will forever warrant and defend the title to the property at his own expense, and that Grantor will forever indemnify the MPLA against any interest or claim arising in or to the property.

**IN WITNESS WHEREOF**, the Grantor hereby enters his signature on the day and year first above written.


GRANTOR:

_____
Antonio B. Cabrera


| Commonwealth of the Northern | ) | |
|---|---|---|
| **Mariana Islands** | ) | ss:  Acknowledgment |
| **Saipan, MP** | ) | |

ON THIS _19__ day of __April__ , 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Antonio B. Cabrera**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

Notary Public
**DEWAYNE DUENAS**
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Mar. 19, 2003

Land Compensation Amended Warranty Deed
Antonio B. Cabrera
Page 2

# EXHIBIT "DD"
## (DD-1 - DD-6)

FILE NO. *05-2977*

# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
## MARIANAS PUBLIC LANDS AUTHORITY

'05 OCT 25 NO :03

## LAND COMPENSATION SETTLEMENT AGREEMENT 13 / 83
By:

THIS LAND COMPENSATION SETTLEMENT AGREEMENT (hereinafter the "Agreement") is made and entered into this 24th day of *October*, 2005, by and between the Marianas Public Lands Authority, (hereinafter the "MPLA"), established under Public Law 12-33, as amended, and Catherine Rose U. Sheu (hereinafter the "Claimant"), persons of Northern Marianas descent under the laws of the Commonwealth of the Northern Mariana Islands (hereinafter the "Commonwealth").

### WITNESSETH:

WHEREAS, the MPLA has been given the responsibility pursuant to Article XI, Section 3 of the Commonwealth Constitution and Public Law 12-33, as amended, to manage and dispose of public lands in the Commonwealth; and

WHEREAS, all public lands belong collectively to the people of the Commonwealth who are of Northern Marianas descent, and it is intended that the management and disposition of public lands should ultimately benefit the people of the Commonwealth who are of Northern Marianas descent; and

WHEREAS, the Claimant is determined to be the owner of a parcel of land in Susupe, Saipan; and

WHEREAS, the Commonwealth wishes to acquire a portion of Claimant's land for a public purpose, described as E.A. 888-R2, containing an area of 952 square meters, more or less; and

WHEREAS, on July 18, 2001, former Governor Pedro P. Tenorio, certified the acquisition of a portion of E.A. 888-D, containing an area of 952 square meters for a public purpose, i.e., a wetland; and

WHEREAS, on April 21, 2005, Governor Juan N. Babauta amended the certification to correct the lot number to be acquired as E.A. 888-R2, containing an area of 952 square meters, and to reflect the time of taking as 1993; and

WHEREAS, the MPLA determined by appraisal that E.A. 888-R2 had a fair market value of $76,160.00 as of November 16, 1993, the date the property was taken by the Commonwealth for a public purpose; and



# EXHIBIT "DD-1"

WHEREAS, the MPLA has offered cash compensation to the Claimant for acquisition of her land in the sum of $107,101.28, including interest at three percent (3%) per annum, compounded annually, from November 16, 1993 until May 27, 2005; and

WHEREAS, the MPLA Board of Directors approved the sum of $107,101.28 as cash compensation to the Claimant, as authorized by Public Law 13-17, as amended, in exchange for the Claimant executing a warranty deed that conveys good and marketable title to MPLA for E.A. 888-R2.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, the MPLA and the Claimant mutually agree as follows:

ARTICLE 1:   CONVEYANCE BY THE CLAIMANT

The Claimant shall convey by warranty deed unto MPLA, its successors and assigns, her interest in that certain land situated in Susupe, Saipan, more particularly described as follows:

> E.A. 888-R2, containing an area of 952 square meters, more or less
> as set forth on DLS 2051/01, recorded at the Commonwealth Recorder's
> Office as File No. 01-1097, dated June 14, 2001.

ARTICLE II:   CASH COMPENSATION BY MPLA

By and in consideration of this Agreement and the Deed executed and delivered to MPLA by the Claimant, receipt of which is hereby acknowledged, the MPLA, having the powers to manage and dispose of public lands pursuant to Article XI, Section 3 of the Commonwealth Constitution, Public Law 12-33, as amended, and Public Law 13-17, as amended, on behalf of the Government of the Commonwealth of the Northern Mariana Islands, shall pay to Claimant, her heirs and assigns, the principal sum of $76,160.00, plus interest on said principal calculated at the rate of three percent (3%) per annum compounded annually from and after November 16, 1993 until May 27, 2005, in the sum of $30,941.28, for a total land compensation sum of $107,101.28 as full and complete compensation and payment for the acquisition of E.A. 888-R2, more particularly described above.

ARTICLE III: FULL SETTLEMENT AND RELEASE

Except for the rights and obligations created by this Agreement, all other claims, demands, rights, duties, obligations and liabilities arising between the parties to this Agreement are hereby mutually satisfied, discharged and released.  Each party hereto releases, discharges and forever waives any such claims, demands, rights, duties, obligations and liabilities against the other party, their heirs and assigns, past, present and future, as it relates to the Commonwealth's acquisition of E.A. 888-R2, more particularly described above.

## ARTICLE IV: ASSIGNABILITY

This Agreement shall inure to the benefit of and be binding upon the heirs, personal representatives, agents, affiliates, employees, officers, officials, successors, predecessors, assigns, and all other persons, firms, corporations or other entities in privity or joint liability with the parties hereto.

## ARTICLE V: FUTURE COOPERATION

If it becomes necessary for MPLA, its successor agencies, or the Government of the CNMI to defend a quiet title action or other challenge to ownership of E.A. 888-R2, Claimants agree to cooperate in the defense of such action and to not cooperate in the prosecution of such action or challenge.

## ARTICLE VI: UNDERSTANDING AND COUNSEL

The Claimants hereby represent that she had sufficient time to adequately review this Agreement, and thereby fully understands its contents, conditions and covenants. The Claimant further represent that in the event that she does not read, write or fully understand the English language, that she sought translation of the provisions of this Agreement into her primary language. The Claimant further represent that they have had an opportunity to seek legal advice and counseling prior to executing this Agreement.

## ARTICLE VII: ENTIRE AGREEMENT

This Agreement represents and contains the entire agreement and understanding between the parties hereto with respect to the subject matter hereof, and supersedes any and all prior oral and written agreements and understandings. It is admitted by the parties that no representation, warranty, condition, understanding or agreement of any kind with respect to the subject matter of this Agreement shall be relied upon by the parties unless incorporated herein, that this compromise is made by the parties with full knowledge of the facts and possibilities of the claims and defenses asserted, and that the terms of the releases contained herein are contractual and not a mere recital. This Agreement may not be amended or modified except by an agreement in writing signed by all parties hereto.

## ARTICLE VIII: ATTORNEY'S FEES

Should legal action be necessary to enforce any of the terms and conditions of this Agreement, the prevailing party shall pay to the other party reasonable attorney's fees and costs to be fixed by the court.

ARTICLE IX:  WARRANTY OF AUTHORITY

The Claimant warrants and represents that she is the lawful owner or authorized representative with legal authority over E.A. 888-R2, more particularly described above, that is the subject of this Agreement, and that she has not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, or by operation of law, any of the claims herein released, or any portion thereof.  The Claimant hereby warrants and represents that she is fully and legally empowered to act on behalf of E.A. 888-R2 in all respects and for all purposes in this Agreement.  The Chairperson of the MPLA warrants that she is fully and legally empowered to act on behalf of the MPLA in all respects and for all purposes in this Agreement.

ARTICLE X:  SEVERABILITY

If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction in any action or proceeding instituted by, on behalf, or by agreement, and such provision cannot be modified to be enforceable, such provision shall immediately become null and void and the parties shall negotiate such provision in good faith, leaving the remainder of this Agreement in full force and effect.

ARTICLE XI:  GOVERNING LAW

This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of the Northern Mariana Islands.

ARTICLE XII:  COUNTERPARTS

This Agreement may be executed in separate counterparts, each counterpart when so executed to be deemed an original, and all counterparts when taken together shall constitute one and the same Agreement.   To promote timely compliance with this Agreement, facsimile transmissions of executed documents shall be deemed sufficient to warrant commensurate performance.  Confirmations shall nevertheless be made by delivery of the executed original to the other party as soon as possible.

IN WITNESS WHEREOF, the parties set their hands on the day, month and year written below.

IN WITNESS WHEREOF, the parties set their hands on the day, month and year written below.

MARIANAS PUBLIC LANDS AUTHORITY

Reviewed For Accuracy and Completeness:

_____          __10/20/05_____
Vincent T. Castro                                         Date
Acting Commissioner

**Commonwealth of the Northern**    }
**Mariana Islands**                            }    **ss:  Acknowledgment**
**Saipan, MP**                                   }

ON THIS _20th_ day of _Oct._, 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Vincent T. Castro**, Acting Commissioner MPLA, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act and deed for the purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year written above.

Notary Public
**DEWAYNE DUENAS**
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: _Mar. 14, 2007_

*Land Compensation Settlement Agreement*
*Catherine Rose U. Sheu*
*Page 5 of 7*

Approved:

_____          06/24/05
Ana Demapan-Castro                          Date
Chairperson, MPLA


**Commonwealth of the Northern**  }
**Mariana Islands**                }     ss:     **Acknowledgment**
**Saipan, MP**                     }

ON THIS 24th day of October , 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Ana Demapan-Castro,** Chairperson, Board of MPLA known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the purposes therein set forth.

    IN WITNESS WHEREOF, I have set my hand and affixed my official seal the day and year written above.

_____
Notary Public

**Francisco Jerome K. Aldan**
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: 3/26/06


Approved as to form and Legal Capacity:

_____          10/20/05
Alan L. Lane                                Date
Legal Counsel for MPLA


*Land Compensation Settlement Agreement*
*Catherine Rose U. Sheu*
*Page 6 of 7*

OWNER/CLAIMANT

BY: _____                    _10-20-05_
Catherine Rose U. Sheu                                    Date


**Commonwealth of the Northern**    }
**Mariana Island**                  }    **ss:**    **Acknowledgment**
**Saipan, MP**                      }

    ON THIS _20ᵗʰ_ day of _Oct._ ___, 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Catherine Rose U. Sheu,** known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the purposes therein set forth.

    IN WITNESS WHEREOF, I have set my hand and affixed my official seal the day and year written above.



                      Notary Public

            **DEWAYNE DUENAS**
            NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: _Mar. 19, 2007_

FILED  05-2978

OR ORT 25  05:01

BO  13  83
COMMONWEALTH RECORDER

---

Space Provided Above is for Recordation Purposes Only

## WARRANTY DEED

This Warranty Deed is made this 20*th* day of _October_, 2005, by Catherine Rose U. Sheu, a person of Northern Marianas descent, hereinafter the "Grantor".

### WITNESSETH:

**WHEREAS,** Grantor and the Marianas Public Lands Authority (hereinafter the "MPLA") entered into a Land Compensation Settlement Agreement pursuant to which Grantor has agreed to transfer E.A. 888-R2, containing an area of 952 square meters, more or less, located in Susupe, Saipan, to the MPLA in exchange for $107,101.28 and

**WHEREAS,** Grantor has further agreed to settle all of her claims against the MPLA and the Commonwealth Government relating to the public use of the above-described property by accepting the above compensation;

**NOW, THEREFORE,** in consideration of $107,101.28 and the mutual promises and covenants contained in the Land Compensation Settlement Agreement entered into between the parties on _Saipan_, Grantor hereby bargains and conveys unto the MPLA, its successors and assign, forever Grantor's interest in that certain parcel of land situated in Susupe, Saipan, more particularly described as follows:

> E.A. 888-R2, containing an area of 952 square meters, more or less, as set forth on DLS 2051/01, recorded at the Commonwealth Recorder's Office as File No. 01-1097, dated June 14, 2001.

*Land Compensation Warranty Deed*
*Catherine Rose U. Sheu*
*Page 1*

## EXHIBIT "DD-2"

**TO HAVE AND TO HOLD**, the same, together with all buildings, improvements, tenements, hereditaments, rights, easements, privileges, and appurtenances thereunto belonging or appertaining or held and enjoyed therewith, unto the MPLA, in fee simple, its successors and assigns forever.

Grantor warrants that she is lawfully seized of the above-described property in fee simple absolute, that she has good right to convey the property, that the property is free and clear of any restrictions or encumbrances, that the MPLA shall quietly enjoy the property without lawful disturbance, that Grantor will forever warrants and defend the title to the property at her own expense, and that Grantor will forever indemnify the MPLA against any interest or claim arising in or to the property.

    **IN WITNESS WHEREOF**, the Grantor hereby enter her signature on the day and year first above written.

GRANTOR:

_____ 10-20-05

Catherine Rose U. Sheu

| | |
|---|---|
| **Commonwealth of the Northern** | ) |
| **Mariana Islands** | )    ss: Acknowledgment |
| **Saipan, MP** | ) |

    ON THIS 20th day of October , 2005, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared **Catherine Rose U. Sheu**, known to me to be the persons whose name are subscribed to the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act and deed for the purposes therein set forth.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

Notary Public

**DEWAYNE DUENAS**
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Mar. 14, 2007

Land Compensation Warranty Deed
Catherine Rose U. Sheu
Page 2



# Commonwealth of the Northern Mariana Islands
## MARIANAS PUBLIC LANDS AUTHORITY

October 4, 2005                                          LC 05-1370

Mr. Fermin M. Atalig
Secretary
Department of Finance
Capitol Hill, Saipan
VIA HAND DELIVERY

Dear Secretary Atalig:

Enclosed please find the original Requisition Nos. FY 06-01 and FY 06-02 for your
review and processing.

Please call us if you have any questions.

Sincerely,

EDWARD M. DELEON GUERRERO
Commissioner

Enclosures

cc:    Governor
       Attorney General
       MPLA Board of Directors
       MPLA Chief Financial Officer

**EXHIBIT "DD-3"**

P.O. Box 500380, Saipan, MP 96950 • 2nd Floor, Joeten Dandan Commercial Building
Website: www.mpla.gov.mp  • E-mail: mpla@mpla.gov.mp
Tel.: (670) 234-3751/3752/3757 • Fax. (670) 234-3755



# Commonwealth of the Northern Mariana Islands
## MARIANAS PUBLIC LANDS AUTHORITY

REQUISITION NO. FY06-02

October 4, 2005

Ms. Amoretta Carlson
Bank of Guam, Trust Department
P.O. Box BW
Hagatna, Guam 96932

As Trustee under that certain Indenture, dated as of December 1, 2003, by and between the Trustee and the Commonwealth Development Authority (the "Indenture"), providing for the issuance of the Commonwealth of the Northern Mariana Islands General Obligation Bonds, Series 2003A (the "Bonds"), you are hereby requested and instructed to take actions described below with respect to the MPLA Account in the Project Fund established pursuant to the Indenture. Unless otherwise specified herein or unless the context otherwise requires, all capitalized terms used in this shall have the meanings specified in Section 1.01 of the Indenture.

Disbursement from MPLA Account. Pursuant to Section 3.02 of the Indenture, the Trustee is hereby requested to pay the itemized costs of the Project listed on, "Schedule A", attached hereto with moneys in the MPLA Account. Each such payment is for a Project consisting of the acquisition of real property through funding the retirement of land compensation claims against the Commonwealth with respect to which a claim has been approved by the MPLA Board, is based upon procedures established by the MPLA Board , and is a proper and lawful charge against said Account.

IN WITNESS WHEREOF, I have hereunto set my hand at my office on the date set forth above.

MARIANAS PUBLIC LANDS AUTHORITY

By: Edward M. DL. Guerrero
Commissioner

Concurred by: Fermin Atalig
Secretary of Finance

## EXHIBIT "DD-4"

P.O. Box 500380, Saipan, MP 96950 • Ground Floor, V.S. Sablan Plaza, Chalan Piao
Tel.: (670) 234-3751/3752/3757 • Fax: (670) 234-3755

Marianas Public Lands Authority
Schedule  of Requisition Request No.  FY06-02 (Schedule A)
October 4, 2005

| No. | PAYEE | Amount | PURPOSE |
|-----|-------|--------|---------|
| 1 | Catherine Rose U. Sheu | $ 107,101.28 | PL13-17 |
| | Total Request | $ 107,101.28 | |



# COMMONWEALTH DEVELOPMENT AUTHORITY

P.O. BOX 502149, SAIPAN MP 96950
Tel.: (670) 234-6245/6293/7145/7146 • Fax: (670) 234-7144 or 235-7147
Email: administration@cda.gov.mp • Website: www.cda.gov.mp



October 12, 2005

Ms. Amoretta Carlson                         VIA FACSIMILE NO. (671) 472-5527
AVP & Trust Officer
Bank of Guam Trust Department
PO Box BW
Hagatna, Guam  96932

*RE:  CNMI GO Bonds, Series 2003A – MPLA Projects Fund*

Dear Ms. Carlson:

Please process the enclosed MPLA Requisition No. FY06-02 and initiate the disbursement(s) of funds to the land claimant(s) listed on the attached Schedule A and charge against the <u>MPLA Projects Fund Account No. 76-1000-09.</u>

Upon completion of the check(s), you may send it/them directly to the MPLA office in Chalan Piao, Saipan, for distribution to the land claimant(s).

Please confirm this transaction via e-mail at <u>acctg@cda.gov.mp</u> as soon as possible.

Sincerely,

MARIA LOURDES SEMAN ADA
Executive Director

TOM GLENN A. QUITUGUA
Chairman, CDA Board of Directors

Requisition No. FY06-02

# EXHIBIT "DD-5"



DETACH AND RETAIN THIS COPY FOR YOUR RECORDS

A/C NAME    CNMI/NPLA

A/C NO.    76100009

FOR

P.L. 13-17 Land Compensation
Letter dated October 12, 2005.
FY06-02

No. 0009811

DATE  10/13/05

REMITTANCE AMOUNT

$107,101.28* *

**EXHIBIT "DD-6"**