FILED
Clerk
District Court

DEC - 2 2005

For The Northern Mariana Islands
By________________
(Deputy Clerk)

**JOAQUIN C. ARRIOLA**
**MARK E. COWAN**
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street, Suite 201
P.O. Box X, Hagåtña, Guam 96932
Telephone: (671) 477-9730/33
Telecopier: (671) 477-9734

**VICTORINO DLG. TORRES**
**VINCENT DLG. TORRES**
**TORRES BROTHERS & FLORES, LLC.**
P.O. Box 501856
Saipan, NMI 96950
Telephone: (670) 233-5504/6
Telecopier: (670) 233-5510

Attorneys for Plaintiff **BANK OF GUAM**

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **ROSARIO DLG KUMAGAI,**<br><br>Plaintiff,<br>vs.<br><br>**PAMELA BROWN,** a.k.a. **PAMELA BROWN BLACKBURN,** personally and in her official capacity as the Attorney General for the Commonwealth of the Northern Mariana Islands; **FERMIN M. ATALIG,** personally and in his official capacity as the Secretary of Finance, **COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; MARIA LOURDES SEMAN ADA,** personally and in her official capacity as the Executive Director for the Commonwealth Development Authority; **COMMONWEALTH DEVELOPMENT AUTHORITY; BANK OF GUAM;** and **JOHN DOES ONE** thru **TEN,**<br><br>Defendants. | CIVIL ACTION NO. 05-0037<br><br>**BANK OF GUAM'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Comes now Defendant BANK OF GUAM, which severing itself from the other named defendants herein answers the Complaint filed herein as follows:

1. Wherein in this Answer Defendant BANK OF GUAM denies an allegation for lack of information as to its truthfulness such statement means and shall be construed as that Bank of Guam is without knowledge or information sufficient to form a belief as to the truth of the matter alleged.

2. Wherein in any paragraph of the Complaint, Plaintiff repeats, realleges, and incorporates by reference the allegations in any other specified paragraph or paragraphs of the Complaint, Bank of Guam, in response to the paragraph of the Complaint in which such matters are realleged, incorporates repeats, and realleges its responses to the paragraph or paragraphs of the Complaint so realleged.

3. Defendant BANK OF GUAM denies the allegations of paragraphs 1 through 3 of the Complaint.

4. In response to paragraph 4 of the complaint, Bank of Guam admits that Plaintiff is a resident of the Commonwealth. All other allegations therein are denied for lack of sufficient information to form a belief as to their truthfulness.

5. Defendant BANK OF GUAM admits the allegations in the second sentence of each of paragraphs 5, 6 and 8 of the Complaint as to the offices held by Defendants BROWN, ATALIG and ADA, and denies all other allegations of such numbered paragraphs for lack of information as to their truthfulness.

6. Defendant BANK OF GUAM admits the allegations of paragraphs 7, 9, and 10.

7. Defendant BANK OF GUAM denies all allegations of paragraph 11 for lack of information.

8. As to paragraphs 12, 41, 47, 53, 58, 63, 71, 75, 80, 85, 90, 95, of the Complaint, no response is required.

9. Defendant BANK OF GUAM denies all allegations of paragraphs 13, 14, and 15 for lack of information as to their truthfulness, except that as to the allegations of paragraph 15, Defendant BANK OF GUAM affirmatively alleges that Plaintiff was paid the sum of $79,704.10, and the CNMI Treasury was paid

the sum of $79,704.10 for Plaintiff's account pursuant to Requisition No. FY 05-11, which Plaintiff alleges in paragraph 28 and elsewhere in the Complaint, and in full satisfaction of the claims for which such requisition was issued by checks issued by Bank of Guam as Trustee dated October 4, 2005 and paid October 17, 2005 as to Plaintiff and October 20, 2005 as to the CNMI Treasury.

10. With respect to the allegations of paragraphs 16, 18, 19, and 20, Defendant BANK OF GUAM admits the enactment of Public Law 13-17, alleges that such law was amended by Public Law 13-25, that such laws were further amended by Public Law 13-39, that such laws were further amended by Public Law 13-56, and that such laws were further amended by Public Law 14-29. Defendant BANK OF GUAM denies the characterizations with respect to such laws contained in the allegations of paragraphs 16, 18, 19, and 20, and denies all allegations of such paragraphs not expressly admitted herein.

11. With respect to the allegations of paragraph 17, Defendant BANK OF GUAM admits that Defendant CDA, for and on behalf of the Commonwealth of the Northern Mariana Islands issued $40,000,000 of Commonwealth of the Northern Mariana Islands General Obligation Bond Series 2003A as authorized by Public Laws 13-17, 13-25, 13-39, 13-56, and other provisions of Commonwealth of the Northern Mariana Islands Law; admits that Defendant BANK OF GUAM was and still is the Trustee under an Indenture of Trust made between the Commonwealth Development Authority for and on behalf of the Commonwealth of the Northern Mariana Islands and Bank of Guam dated as of December 1, 2003 with respect to the Bonds; denies that Bonds were issued on behalf of or as an obligation of MPLA, denies that said Bonds was issued with the assistance of Defendant BANK OF GUAM other than in it acting as Trustee as above provided; and denies all allegations of paragraph 17 not expressly admitted herein.

12. As to paragraph 21 of the Complaint Bank of Guam admits that there exists Public Law 14-29 and denies the characterization with respect to such law. With respect to the Disbursement Agreement, Bank

of Guam was not a party to that Agreement and denies the allegations as to such Agreement due to lack of sufficient information as to their truthfulness. Bank of Guam lacks sufficient knowledge to ascertain the truth or falsity contained in the remaining allegations of the paragraph and on that basis denies the same.

13. As to paragraphs 22 and 23 of the Complaint Bank of Guam does not have personal knowledge of the Settlement Agreement reached between MPLA and Plaintiff or of any conveyance by Plaintiff and was not a party to the alleged Settlement Agreement or conveyance. Accordingly, Bank of Guam denies the allegations of paragraphs 22 and 23 due to lack of sufficient information to form a belief as to their truthfulness.

14. As to paragraphs 24, 25 and 26 of the Complaint Bank of Guam is not in a position to either admit nor deny the allegation. Bank of Guam was neither a party to the CHC litigation nor was it involved in the decision making to file that litigation or the alleged settlement thereof. Additionally, the CHC Settlement Agreement speaks for itself. All allegations of paragraphs 24, 25, and 26 are denied for lack of information as to their truthfulness.

15. Defendant BANK OF GUAM denies the allegations of each of paragraphs 27, 28, 29, 30, and 31, for lack of information as to their truthfulness.

16. With respect to the allegations of paragraph 32, Defendant BANK OF GUAM admits that on August 9, 2005, Defendants CDA and ADA forwarded Requisition No. FY 05-11 issued by the MPLA to Bank of Guam and that Exhibit O is a true and correct copy of the transmittal letter except that the handwritten notes on Exhibit O were not on the document as originally transmitted and denies all allegations of paragraph 32 not expressly admitted herein.

17. With respect to the allegations of paragraph 33, Defendant BANK OF GUAM admits that on August 9, 2005, the same day as Requisition No. FY 05-11 was received by Bank of Guam, Bank of

Guam received oral instruction from Defendants ADA and CDA to stop processing of Requisition No. FY 05-11, and that Defendant BANK OF GUAM complied with such instructions. Defendant BANK OF GUAM denies all allegations of paragraph 33 not expressly admitted herein for lack of information.

18. With respect to the allegations of paragraph 34, Defendant BANK OF GUAM denies the allegations of the first and third sentence as Defendant BANK OF GUAM lacks information with respect to such allegations as to their truthfulness; denies the second sentence of paragraph 34; and admits the allegations of the fourth and fifth sentences of paragraph 34.

19. As to paragraph 35 of the Complaint Bank of Guam is not in a position to either admit nor deny the allegation since the allegation did not include Bank of Guam. Bank of Guam was neither a party to the MPLA lawsuit nor did it participate in the decision making related to the said lawsuit. Additionally, Bank of Guam lacks sufficient knowledge to ascertain the truth or falsity of the allegations contained in said paragraph and on those basis denies the same.

20. As to paragraph 36 of the Complaint Bank of Guam is not in a position to either admit nor deny the allegation since the allegation did not include Bank of Guam. Bank of Guam was neither a party to the alleged CDA-CNMI Agreement nor did it participate in the decision making to the alleged Agreement. Additionally, Bank of Guam lacks sufficient knowledge to ascertain the truth or falsity of the allegations contained in said paragraph and on those basis denies the same.

21. As to paragraph 37 of the Complaint Bank of Guam is not in a position to either admit nor deny the allegation since the allegation did not include Bank of Guam. Bank of Guam was neither a party to the MPLA lawsuit nor did it participate in the decision making to the said lawsuit. Additionally, Bank of Guam lacks sufficient knowledge to ascertain the truth or falsity of the allegations contained in said paragraph and on those basis denies the same.

22. As to paragraph 38 of the Complaint Bank of Guam is not in a position to either admit nor deny the allegation since the allegation did not include Bank of Guam. Bank of Guam was neither a party to the MPLA lawsuit nor did it participate in the decision making to the said lawsuit. Additionally, Bank of Guam lacks sufficient knowledge to ascertain the truth or falsity of the allegations contained in said paragraph and on those basis denies the same.

23. With respect to the allegations of paragraph 39, Defendant BANK OF GUAM denies all such allegations to the extent such paragraph alleges any matter as to Bank of Guam, and denies all allegations of paragraph 39 not expressly admitted herein for lack of information. Additionally, BANK OF GUAM was not involve in the negotiations of land claims, compensation claims, or settlement matters.

24. With respect to the allegations of paragraph 40, Defendant BANK OF GUAM denies all such allegations to the extent such paragraph alleges any matter as to Bank of Guam, and denies all allegations of paragraph 40 not expressly admitted herein for lack of information as to their truthfulness, except that Defendant BANK OF GUAM admits that the documents attached as Exhibits DD4, DD5 and DD6 are true and correct copies.

25. With respect to the allegations of paragraphs 42 through 46, Defendant BANK OF GUAM denies all such allegations to the extent they allege any matter as to Bank of Guam and denies all allegations of such paragraphs not expressly admitted herein for lack of information as to their truthfulness.

26. With respect to the allegations of paragraphs 48 through 52, Defendant BANK OF GUAM denies all such allegations to the extent they allege any matter as to Bank of Guam, and denies all allegations not expressly admitted herein for lack of information as to their truthfulness.

27. With respect to the allegations of paragraphs 54 through 57, Defendant BANK OF GUAM denies all such allegations to the extent they alleged any matter as to Bank of Guam and denies all allegations not expressly admitted herein for lack of information as to their truthfulness.

28. With respect to the allegations of Count IV, paragraphs 58 through 62, Count V, paragraphs 63 through 70, and Count VI, paragraphs 71 through 74, Defendant BANK OF GUAM alleges that such Counts and paragraphs do not purport to state any claim against Bank of Guam and denies all allegations of such Counts and paragraphs not expressly admitted herein for lack of information as to their truthfulness.

29. With respect to the allegations of paragraphs 72 through 74, 76 through 79, and 81 through 84, Defendant BANK OF GUAM denies all such allegations to the extent they allege any matter as to Bank of Guam and denies all allegations not expressly admitted herein for lack of information as to their truthfulness.

30. With respect to the allegations of Count IX, paragraphs 86 through 89, Defendant BANK OF GUAM admits that it at all times relevant was the Trustee under an Indenture of Trust between the Commonwealth Development Authority for and on behalf of the Commonwealth of the Northern Mariana Islands and Bank of Guam dated as December 1, 2003 with respect to $40,000,000 Commonwealth of the Northern Mariana Islands General Obligation Bond Series 2003A, denies that Plaintiff was a beneficiary of any trust, covenant or obligation of Bank of Guam under the Indenture, affirmatively alleges that Defendant BANK OF GUAM's obligations as Trustee were respectively to the Commonwealth of the Northern Mariana Islands as the owner of property in custody of Bank of Guam as Trustee pursuant to the Indenture, and to the holders of the Bonds in respect to which the property in its custody as Trustee was pledged as security for repayment of the Bonds but not to Plaintiff and denies all allegations of Count IX not expressly admitted herein.

31. As to paragraphs 91 through 94, Count X, of the Complaint Bank of Guam denies all the allegations contained therein.

32. As to paragraphs 96 through 98, Count XI, of the Complaint Bank of Guam denies all the allegations contained therein.

33. All allegations not expressly admitted herein are denied.

**Affirmative Defenses**

As and for affirmative defenses to the Complaint herein, BANK OF GUAM alleges:

1. The Complaint and each Count thereof fails to state a claim against BANK OF GUAM upon which relief can be granted.

2. Without limitation of the foregoing, BANK OF GUAM specifically alleges that to the extent the Complaint and any Count thereof alleges that BANK OF GUAM participated or conspired with any other Defendant the Complaint fails to allege with sufficient particularity any facts from which an inference can reasonably be drawn that BANK OF GUAM entered into any such conspiracy or performed any act for any conspiratorial purpose or in furtherance of any conspiracy.

3. BANK OF GUAM is sued herein as Trustee under a certain Indenture of Trust between the Commonwealth Development Authority for and behalf of the Commonwealth of the Northern Mariana Islands dated as of September 1, 2003, and the claims of Plaintiff herein are barred by the terms, covenants and conditions of the Indenture. Without limitation of the foregoing, Plaintiff's claims are barred by the provisions of Section 10.02 of the Indenture which provide as follows:

> Benefits of Indenture Limited to Parties. Nothing in this Indenture, expressed or implied, is intended to give to any person other than the Commonwealth, the Authority, the Trustee, the Paying Agent and the Owners any right, remedy or claim under or by reason of this Indenture. Any covenants, stipulations, promises or agreements in this Indenture contained by and on

> behalf of the Authority, the Commonwealth or any legislature, official (elected or appointed), member, officer or employee thereof shall be for the sole and exclusive benefit of the Trustee and the Owners.

"Owners" as that term is used means the owners of the Bonds issued under the Indenture, and not the owners of any property, the acquisition of which was intended to be financed with the proceeds of the Bonds.

4. Plaintiff's claims are barred as the BANK OF GUAM performed its obligations under the Indenture and otherwise acted in the matters alleged in the Complaint in good faith, and upon request or instructions of entities or officials who had, or the BANK OF GUAM reasonably believed could be construed to have had the authority under the provisions of the Indenture or applicable provisions of law to give the instructions or requests given.

5. The allegations of Plaintiff relate to political rights which are not the proper subject of an action under 42 United States Code § 1983. Defendant BANK OF GUAM is a private corporation and did not act under color of any Commonwealth statute, ordinances, regulation, custom, or usage, and at all times herein mentioned, BANK OF GUAM has acted in good faith and within its constitutional and statutory rights and has not committed any wrong as to the Plaintiff.

6. Without limitation of paragraph 5 above and the foregoing, in the event that Bank of Guam is considered to have acted under color of state law, then Bank of Guam claims that it is immune from suit under the doctrines of absolute and/or qualified immunity, including protections pursuant to 7 CMC §2201 & §2211 and other Commonwealth and Federal Law.

7. Defendant Bank of Guam is a corporation and not a proper party within the meaning of 42 USC § 1983. Additionally, Bank of Guam did not subject or cause to be subjected the alleged injury suffered by Plaintiff pursuant to 42 USC § 1983.

8. The Complaint and Plaintiff's claims are barred by Plaintiff's receipt and acceptance of all sums that she was entitled to in respect to the matters alleged in the Complaint on or about October 4, 2005.

9. Prior to the filing of this action, Plaintiff accepted and received from the Bank of Guam $159,408.19, the full amount of the proceeds requested in Requisition No. FY05-11, the subject matter of the Plaintiff's Complaint.

10. Prior to the commencement of this action, Bank of Guam duly paid, satisfied and discharged the alleged claim of the Plaintiff as set forth in the Plaintiff's Complaint by payment to the Plaintiff of the full sum of $159,408.19.

11. By reason of the payment and acceptance by Plaintiff of the said sum of $159,408.19, as aforesaid, Plaintiff has released and waived any claim, the subject matter of her Complaint.

12. By reason of the payment of the said sum of $159,408.19, as aforesaid, Plaintiff has waived the alleged conspiracy, common law or otherwise, the alleged intentional interference of contract rights, the alleged breach of fiduciary duty of BANK OF GUAM, and the alleged negligent infliction of emotional distress.

13. The Complaint and Plaintiff's claims herein are released and barred by the terms and provisions agreed to by her in that certain Land Compensation Settlement Agreement made by Plaintiff on May 5, 2005, a copy of which is attached to the Complaint herein as Exhibit D, and by Plaintiff's receipt and acceptance on or about October 5, 2005 of the sum of $159,408.19 paid in consideration of Plaintiff's agreement to the terms and provisions of such Agreement.

14. The Complaint must be dismissed as Plaintiff has failed to join a party whose joinder is indispensable in this action, the Marianas Public Lands Authority, a public corporation and instrumentality of Defendant Commonwealth of the Northern Mariana Islands (MPLA). Absent joinder of MPLA,

complete relief cannot be accorded among those already parties, and MPLA claims an interest relating to the subject of the action and is so situated that the disposition of the action in absence of MPLA may impair or impede MPLA's ability to protect that interest, or may leave the persons party to this action to a substantial risk of multiple liability.

**WHEREFORE**, Defendant BANK OF GUAM prays that the Complaint herein be dismissed on all counts and claims against Defendant BANK OF GUAM with prejudice, and that judgment be entered in favor of Defendant BANK OF GUAM on all claims herein, and that Defendant BANK OF GUAM be awarded its costs of suit, including its reasonable attorneys' fees pursuant to 42 U.S. Code 1988b or other applicable provision of law.

Dated this 02ND day of December, 2005.

**TORRES BROTHERS & FLORES, LLC.**

**By:** ______________________
**VICTORINO DLG. TORRES**