F I L E D
Clerk
District Court

DEC 1 5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1   Kevin A. Lynch, Assistant Attorney General, F0230
2   Department of Labor
3   Commonwealth of the Northern Mariana Islands
4   Afetnas Square Building, San Antonio
5   Saipan, MP 96950
6   (670) 236-0910 (voice)
7   (670) 236-0992 (fax)
8
9   Attorney for Defendant Fermin M. Atalig
10
11
12
13
14
15
16              IN THE FEDERAL DISTRICT COURT
17                        FOR THE
18      DISTRICT OF THE NORTHERN MARIANA ISLANDS
19
20   ROSARIO DLG KUMAGAI,                    )
21                                           )   CIVIL ACTION
22          Plaintiff,                       )   NO. 05-0037
23                                           )
24                                           )
25      vs.                                  )
26                                           )   MOTION TO SET
27   PAMELA BROWN, a.k.a. PAMELA             )   ASIDE ENTRY OF
28   BROWN BLACKBURN personally and in       )   DEFAULT PURSUANT
29   her official capacity as the Attorney General  )   TO FED. R. CIV. PRO.
30   for the Commonwealth of the Northern    )   55(C) on behalf of
31   Mariana Islands; FERMIN ATALIG,         )   FERMIN ATALIG
32   personally and in his official capacity as the  )
33   Secretary of Finance, Commonwealth of the  )
34   Northern Mariana Islands; MARIA         )   MEMORANDUM OF POINTS
35   LOURDES SEMAN ADA, personally and       )   AND AUTHORITUES IN
36   in her official capacity as the Executive  )   SUPPORT OF MOTION
37   Director for the Commonwealth           )
38   Development Authority; COMMONWEALTH     )
39   DEVELOPMENT AUTHORITY; BANK             )
40   OF GUAM; and JOHN DOES ONE through      )
41   TEN,                                    )
42          Defendants.                      )
43   _____)
44

1

1        Now comes Fermin M. Atalig, Secretary of Finance, Commonwealth of the Northern

2    Mariana Islands, by Assistant Attorney General Kevin A. Lynch, and moves this Court to set

3    aside the Entry of Default against him in this matter for the following reasons:

4    1.       Secretary Atalig is sued in this case in his official and personal capacities. Because the

5    acts complained of occurred in the course of Secretary Atalig's duties as Secretary of Finance, he

6    is entitled to legal assistance by virtue of the Public Employee Legal Defense and

7    Indemnification Act of 1986, 7 CMC § 2301 *et seq.*

8    2.       The Complaint and Demand for Jury was received by the Office of the Attorney General

9    on Nov. 9, 2005.  However, Secretary Atalig did not request legal representation from the

10   Attorney General's Office until December 9, 2005. The undersigned counsel was assigned the

11   case on the afternoon of Dec. 13, 2005, and immediately commenced reviewing the case and its

12   procedural posture.

13   3.       A default was entered on Nov. 30, 2005 due to Secretary Atalig's failure to answer the

14   Complaint within 20 days after service.

15   4.       Secretary Atalig seeks to set aside the entry of default under the three-part standard

16   articulated in *Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984), as discussed in the Memorandum

17   of Points and Authorities below.

18
19          MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SETTING ASIDE
20                          THE ENTRY OF DEFAULT.
21
22        It is black-letter law that entry of default is disfavored, while trial on the merits is

23   strongly preferred.  *Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984), *accord, Zawadski de Bueno*

24   *v. Bueno Castro*, 822 F. 2d 416, 420 (3rd Cir. 1987), *In re Arthur Treacher's Franchise*

1    *Litigation*, 92 F.R.D. 398, 418 (D.C. Pa. 1981).  For this reason, motions to set aside a default are

2    to be liberally granted.  *Manufacturer's Industrial Relations Ass'n v. East Akron Casting Co.*, 58

3    F. 3d 204, 208 (6th Cir, 1995).  In addition, a mere entry of default, as we have here, is more

4    easily set aside than an actual default judgment because it is subject to the "good cause" standard

5    found in Rule 55(c), rather than the stricter standard found in Rule 60(b).  *Id, accord Rasmussen*

6    *v. American Nat. Red Cross*, 155 F.R.D. 549, 550 (S.D. W. Va. 1994).

7            Courts generally apply a three part test in determining whether an entry of default

8    or a default judgment should be set aside.  *Falk*, 739 F. 2d at 463.  The three factors are:

9    "whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense,

10   and (3) whether culpable conduct of the defendant led to the default." *Id.* In applying these three

11   factors, a court must keep in mind that these factors "are to be applied more liberally when

12   reviewing an entry of default," than when considering a default judgment.  *East Akron Casting*

13   *Co.*, 58 F. 3d at 208.

14           The first factor is prejudice to the plaintiff. The Secretary asserts that the Plaintiff will not

15   be prejudiced by setting aside the entry of default.  The Ninth Circuit views prejudice in terms of

16   whether set aside the default would hinder the ability of the plaintiff to pursue her case. *Id.*

17   Here, the entry of default was made in the twenty-first day after service of the Summons, and

18   this Motion is made approximately five weeks after service. Setting aside the entry of default

19   will merely put the Plaintiff in a position of having to prove her allegations to the Court, as she

20   would have to do had the default not entered.

21           The second factor concerns whether the defendant has a meritorious defense. The

22   Secretary asserts, among other defenses, the defense of qualified immunity for acts done in his

3

1  official capacity. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396

2  (1982). Application of this defense would act as a bar to any recovery by Plaintiff.

3      The third factor asks whether culpable conduct by the defendant led to the default.

4  "When the issue is one of whether to set aside an entry of default so that the "good cause"

5  standard of Rule 55(c) is applicable, it is not absolutely necessary that the neglect or oversight

6  offered as a reason for delay in filing a responsive pleading be excusable." *Rasmussen, supra,*

7  quoting *Broglie v. Mackay-Smith,* 75 F.R.D. 739, 742 (W.D.Va.1977) A portion of the delay in

8  answering the Complaint is due to the Secretary being off island on Rota for approximately one

9  week following the general election on November 5. In addition, during the time the clock was

10  running down on the filing of the Answer the financial affairs of the Commonwealth demanded

11  the Secretary's attention. Finally, the Secretary needed to request the assistance of the Attorney

12  General's Office in providing legal representation on this complex matter.

13  <center>RELIEF REQUESTED</center>

14      For the foregoing reasons, the Fermin Atalig, the Secretary of Finance for the

15  Commonwealth of the Northern Marana Islands requests that this Court set aside the entry of

16  default as permitted by Fed. R. Civ. Pro 55 (c) and allow him the answer the Complaint.

17
18      Respectfully Submitted,
19
20  *Kevin A. Lynch*
21  Kevin A. Lynch F0230
22  Assistant Attorney General
23  Attorney for Fermin Atalig
24
25  Dated this 15th day of December 2005

<center>4</center>