FILED
Clerk
District Court

DEC 1 6 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROSARIO DLG KUMAGAI, ) | Civil Action No. 05-0037 |
| ) | |
| Plaintiff ) | |
| ) | |
| v.    ) | ORDER GRANTING |
| ) | MOTION TO SET ASIDE |
| PAMELA BROWN, *et al.*, ) | ENTRY OF DEFAULT AS TO |
| ) | DEFENDANT FERMIN ATALIG |
| Defendants ) | |
| _____ ) | |

Defendant Fermin Atalig, by and through his counsel, Commonwealth Assistant Attorney General Kevin A. Lynch, has moved pursuant to Fed.R.Civ.P. 60(b) to set aside the default entered against him November 30, 2005.

In the interests of conserving the resources of the court and the parties, the court will decide the motion without the necessity of a hearing or a response by plaintiff.

An entry of default may be set aside "for good cause shown." Fed.R.Civ.P. 55(c). The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). Franchise Holding II v. Huntington Restaurants Group, Inc., 375 F.3d 922 (9th Cir. 2004).

Defaults are disfavored in the law. *See e.g.* Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (entry of default judgment is a "drastic step appropriate only in extreme circumstances"). The court must assess the culpable conduct of defendant, whether defendant has a meritorious defense, and the prejudice to plaintiff if entry of default is set aside. Franchise Holding II, 739 F.3d at 926.

Here, although defendant Atalig was negligent in failing to immediately seek legal representation when he was served with the summons and complaint, once the matter was brought to the attention of the Commonwealth Office of the Attorney General, the motion to set aside the entry of default was filed in a timely fashion. Further, accepting defense counsel's assertion as an officer of the court, it appears defendant Atalig may have a meritorious defense. Finally, given the short amount of time between entry of default and the filing of this motion, and bearing in mind the admonition that cases should be tried on their merits, Falk, *supra*, the court finds that setting aside the entry of default is appropriate in these circumstances. Accordingly,

Defendant Fermin Atalig's motion to set aside the entry of default taken against him on November 30, 2005, is granted and the default is vacated. The relief he seeks is also granted and he shall file an answer within the time allowed by law.

IT IS SO ORDERED.

DATED this 16th day of December, 2005.

_____
ALEX R. MUNSON
Judge