*Gay v. Garvey*

Case 1:05-cv-00037   Document 39-5   Filed 12/29/2005   Page 1 of 8

Not Reported in F.Supp.2d                                                                                                              Page 1
Not Reported in F.Supp.2d, 2004 WL 2203730 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

**Briefs and Other Related Documents**
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
Harold M. GAY, Jr., Plaintiff
v.
Jane GARVEY, Administrator; Federal Aviation Administration; Melvyn Freedman; John Krepp; Stephen Trupkin; and Stephen Shataka, Defendants
v.
UNITED STATES OF AMERICA, Movant
No. Civ.A. 03-CV-01485.

Sept. 30, 2004.

Harold M. Gay, Jr., Bangor, PA, pro se.

ORDER

GARDNER, J.
*1 NOW, this 30th day of September, 2004, upon consideration of Movant United States' Motion to Dismiss filed December 17, 2003; upon consideration of Plaintiff, Harold M. Gay. Jr.'s Memorandum in Opposition to Motion of United States to Dismiss Complaint, which memorandum was filed May 12, 2004; upon consideration of plaintiff's First Amended Complaint; [FN1] and upon consideration of the briefs of the parties,

> FN1. On June 13, 2003, plaintiff Harold M. Gay, Jr. filed a nine-count First Amended Complaint alleging: (I) wrongful discharge, (II) fraud, (III) libel, (IV) slander, (V) breach of implied contract, (VI) tortious interference with contract, (VII) prima facie tort, (VIII) intentional infliction of emotional distress, and (IX) violation of the Fourteenth Amendment. Each count was raised against each defendant. Jane Garvey is listed as a defendant in her official capacity as Administrator of the Federal Aviation Administration.
> Plaintiff makes the following averments in his First Amended Complaint:
> On September 9, 2001, plaintiff was hired as an Aviation Safety Inspector by the Federal Aviation Administration ("FAA"). He was assigned to the New York Flight Safety Standards District Office in Garden City, New York. On February 1, 2002, plaintiff traveled to Oklahoma City, Oklahoma for work-related training. On March 18, 2002, plaintiff returned to work. On March 21, 2002 he submitted a travel voucher.
> On March 26, 2002, defendants John Krepp and Stephen Trupkin started an investigation into the submitted travel voucher. Plaintiff was asked by defendants to provide additional information, which he did, but which was not verified by the defendants. During the course of the investigation defendants made disparaging comments regarding plaintiff's age. Defendants gave the voucher to an investigator, telling the investigator that the voucher was "bogus". (First Amended Complaint, paragraph 27). However, they did not provide the investigator with the supporting documentation that plaintiff had submitted. (Paragraph 28).
> On April 8, 2002, defendant Melvyn Freedman directed Supervisor John Morganti to teach plaintiff how to properly complete a travel voucher. Following the instruction, plaintiff submitted a travel voucher that "was substantially the same as the original." (Paragraph 30). On April 9, 2002, defendant Freedman gave plaintiff a letter which terminated his employment. "Plaintiff requested a hearing to clear his record of these charges", but the request was denied (Paragraph 30).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2004 WL 2203730 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

The investigator issued a report that found the voucher to be fraudulent. Defendants "published the investigator's report to Plaintiff's fellow employees and to senior FAA management to justify their actions." (Paragraph 37). Subsequent to the investigator's issuance of the report, plaintiff provided the investigator with the supporting documentation for the voucher, resulting in the investigator withdrawing his report.

"On August 07, 2002, Plaintiff requested FAA Regional Manager Joseph McNeil to conduct a review and hearing" but Mr. McNeil "declined to intervene." (Paragraphs 43-44). Plaintiff initiated this action on March 7, 2003 by filing a Complaint which was superseded by plaintiff's filing of a First Amended Complaint on June 13, 2003.

IT IS ORDERED that Movant United States' Motion to Dismiss is granted in part and denied in part. [FN2]

FN2. Movant United States of America seeks dismissal under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

A Rule 12(b)(6) motion to dismiss examines the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). In determining the sufficiency of the complaint the court must accept all plaintiff's well-pled factual allegations as true and draw all reasonable inferences therefrom in favor of plaintiff. *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir.1997).

[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Conley*, 355 U.S. at 47, 78 S.Ct. at 103, 2 L.Ed.2d at 85. (Internal footnote omitted.) Thus, a court should not grant a motion to dismiss unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Graves*, 117 F.3d at 726 (citing *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102, 2 L.Ed.2d at 84).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this court is similarly bound to accept all facts pleaded by plaintiff as true in these circumstances.

A Rule 12(b)(1) motion to dismiss can come in the form of either a "facial" or "factual" challenge. *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977)

A "facial" challenge to subject matter jurisdiction attacks the sufficiency of the complaint on its face in alleging subject matter jurisdiction. In a facial challenge, the court must accept all allegations contained in the complaint as true. *Mortensen*, 549 F.2d at 891.

A "factual" challenge to subject matter jurisdiction attacks the underlying factual basis for subject matter jurisdiction such that no presumption of truthfulness attaches to the allegations in the complaint. Under a factual challenge, plaintiff has the burden of proving the existence of jurisdiction, and the court may evaluate the merits of jurisdictional claims by considering evidence beyond the pleadings. *Id.*

Any 12(b)(1) motion brought prior to filing an answer must be treated as a facial challenge because a factual challenge can arise only after plaintiff's allegations have been controverted. *Mortensen*, 549 F.2d at 891-892, 892 n. 17; see, e.g., *Berthesi v. Commonwealth of Pennsylvania Board of Probation*, No. 01-CV-4518, 2003 U.S. Dist. LEXIS 2188 *5-6 (E.D.Pa. Feb.5, 2003) (Brody, J.). Because this Rule 12(b)(1) motion was raised prior to filing an answer, this challenge must be treated as a facial attack on subject matter jurisdiction. Thus, in considering the Rule 12(b)(1) motion this court must accept as true all allegations pled in the Complaint.

IT IS FURTHER ORDERED that Movant United States' Motion to Dismiss Counts II, III, IV, VI, VII and VIII of plaintiff's First Amended Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure is granted as to defendant Jane Garvey and the Federal Aviation Administration. [FN3]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2004 WL 2203730 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

FN3. For its 12(b)(1) motion for lack of subject matter jurisdiction, the government asks the court to dismiss Counts II, III, IV, VI, VII and VIII for two reasons: first, because these counts involve tort claims precluded by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680; and second, because plaintiff has failed to exhaust administrative remedies.

The United States enjoys sovereign immunity, which precludes actions against it for money damages unless it has waived that immunity. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United States v. Idaho ex rel Dep't of Water Resources*, 508 U.S. 1, 113 S.Ct. 1893, 123 L.Ed.2d 563 (1993). Agencies of the United States are similarly shielded from private actions unless sovereign immunity has been waived. *Beneficial Consumer Discount Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir.1995). Waivers of sovereign immunity must be strictly construed in favor of the United States. *Idaho*, 508 U.S. at 7, 113 S.Ct. at 1896, 123 L.Ed.2d at 570.

The Federal Tort Claims Act ("FTCA") "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Sosa v. Alvarez-Machain*, --- U.S. ----, ----, 124 S.Ct. 2739, 2747, 159 L.Ed.2d 718, 733-734 (2004). The Act provides a limited, expressed waiver of sovereign immunity of tort claims brought against the Government and its agencies. *Smith v. United States*, 507 U.S. 197, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993).

**Section 1346(b) of Title 28** provides that immunity is waived: for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). This waiver of immunity is not without limitations.

**Section 2680 of Title 28** provides that the immunity exceptions do not apply to "[a]ny claim arising out of ... abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680.

Applying Section 2680 to our case, we must dismiss Counts III for libel, IV for slander, and VI for tortious interference with contract because each is specifically listed in Section 2680 as torts for which the government is immune.

Count II for fraud must be dismissed because "courts have consistently held that fraud claims against the government are not permitted under the FTCA." *Beneficial Consumer Discount Company v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir.1995). In reaching this conclusion, the Third Circuit has relied upon the "misrepresentation" or "deceit" limitations of 28 U.S.C. § 2680(h), reasoning that because fraud arises out of misrepresentation and deceit, both of which are explicitly precluded, and because the immunity provisions are to be construed strictly, fraud claims are also precluded.

Count VIII for intentional infliction of emotional distress must also be dismissed. Plaintiff contends that an investigator's report that concluded that plaintiff had fraudulently completed a voucher contained incorrect information that impugned his reputation. Plaintiff avers that defendants distributed and discussed the investigator's report with others within the FAA, which resulted in plaintiff sustaining emotional distress. We find the Third Circuit's analysis in *Beneficial Consumer Discount Company* concerning fraud to be analogous. Because the emotional distress claim arises from slander and libel, which are both precluded, the emotional distress claim must also fail.

Given our determination that these claims are not cognizable against FAA under the Federal Tort Claims Act, we need not address whether plaintiff exhausted his administrative remedies.

*IT IS FURTHER ORDERED* that Counts II, III, IV, VI, VII and VIII of plaintiff's First Amended Complaint are dismissed against defendant Jane Garvey and the Federal Aviation Administration.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 4
Not Reported in F.Supp.2d, 2004 WL 2203730 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

*IT IS FURTHER ORDERED* that Movant United States' Motion to Dismiss Counts I and IX of plaintiff's First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is denied as to defendant Jane Garvey and the Federal Aviation Administration. [FN4]

> **FN4.** The Government argues that the wrongful discharge claim (Count I of the First Amended Complaint) should be dismissed because plaintiff was a probationary employee, and probationary employees have only limited right of review of termination decisions. Movant raises a related argument in its Rule 12(b)(6) motion concerning plaintiff's due-process-violation claim in Count IX. Specifically, movant argues that because plaintiff was a probationary employee, the FAA letter of termination served as a sufficient basis to terminate plaintiff during his probationary period. Defendant argues that, under 5 U.S.C. § 7511, federal employees in their probationary period are not entitled to appeal their termination or have an administrative hearing until they have been employed for one year or more.
> Resolution of this issue is hindered by the pro-se nature of plaintiff's pleading. Plaintiff does not provide any legal basis for bringing these claims. It is unclear from the First Amended Complaint under what authority this court has jurisdiction to hear these claims. Additionally, in his response to movant's motion, plaintiff does not provide any legal authority to counter movant's argument under 5 U.S.C. § 7511 concerning Counts I and IX. Plaintiff's claim of wrongful discharge would be more appropriately raised before the Merit Systems Protection Board. Movant relies on 5 U.S.C. § 7511 which, along with 5 U.S.C. § 7513, discusses the rights which a federal employee who has been removed from employment has to have the removal decision reviewed by the Merit Systems Protection Board.
> Plaintiff's theory of the wrongful discharge seems to be that he should not have been terminated for having improperly completed a voucher form because the investigator who concluded the claim form had been fraudulently completed, subsequently reversed his conclusion. Plaintiff also argues that he was dismissed because of personal animus from his FAA superior. This claim would more appropriately be brought before the Merit Systems Protection Board, as well.
> It is significant that such a claim can be brought before the Merit Systems Protection Board because an employee who receives an adverse decision before the Board has divergent means of subsequently having the issue reviewed. A party who has an adverse decision by the Board may bring a civil suit. 29 C.F.R. § 1614.310. Additionally, 5 U.S.C. § 7703 (2004) authorizes appellate review before the United States Court of Appeals for the Federal Circuit of a decision by the Merit Systems Protection Board. Movant does not argue that a wrongful discharge claim must first be brought before the Merit Systems Protection Board before either of these avenues for additional proceedings are opened, but the statutory language seems to make such initial administrative review necessary.
> It is unclear what administrative relief plaintiff may have sought from his First Amended Complaint. His complaint indicates that he sought review of his termination decision from superiors within the Federal Aviation Administration, but that his requests were denied. In his response brief, plaintiff also lists various additional claims he brought before the Federal Labor Relations Authority, the Inspector General of the Department of Transportation and the Regional Manager of the Federal Aviation Administration. However, plaintiff does not indicate that any claims were appealed to the Merit Systems Protection Board.
> The absence of clear averments of what administrative remedies were pursued, and what results were obtained from these decisions, clouds the decision before us. It is not clear whether this issue has been waived, whether the case is appropriately before this court, or whether it should be before the Federal Circuit.
> Our analysis is further clouded by the issue of whether plaintiff was a probationary employee. Movant's argument relies on plaintiff being a probationary employee. However, in the First Amended Complaint, plaintiff makes no averment that he was a probationary employee. To the contrary, he identifies himself as an employee. The distinction is important because it impacts rights available to plaintiff.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5
Not Reported in F.Supp.2d, 2004 WL 2203730 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

Movant correctly notes that probationary employees are limited in their ability to bring claims before the Board. **Section 7513 of Title 5** provides that "an employee" who has been removed from employment is "entitled to appeal to the Merit Systems Protection Board...." 5 U.S.C. § 7513. However "employee" is narrowly defined in Section 7511 as:
(A) an individual in the competitive service -
(i) who is not serving a probationary or trial under an initial appointment.
(ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less;
**5 U.S.C. § 7511**. In discussing the interplay of these provisions, the Court of Appeals for the Third Circuit has noted that "the one-year requirements of [5 U.S.C. § 7511] were probably intended to insure that probationary employees do not acquire the full panoply of procedural protection possessed by permanent employees under **5 U.S.C. § 7513**." Miller v. U.S., 717 F.2d 109, 113 (3d Cir.1983).
We reject movant's argument that probationary employees lack rights of review. The Code of Federal Regulations offers probationary employees the opportunity for review before the Merit Systems Protection Board in cases of terminations based on "partisan political reasons or marital status" or terminations that followed an improper procedure. 5 C.F.R. § 315.806. In addition, provided plaintiff pleads one of the aforementioned bases for review, a probationary employee
may appeal to the Board under this section a termination which the employee alleges was based on discrimination because of race, color, religion, sex, or national origin; or age (provided that at the time of the alleged discriminatory action the employee was at least 40 years of age); or handicapping condition if the individual meets the definition of "handicapped person" as set forth in regulations of the Equal Employment Opportunity Commission at 29 CFR 1613.702(a).
**5 C.F.R. § 315.806(d)**. Plaintiff's claim in Count IX, seems to fall within the "improper procedure" basis for review set forth in 5 C.F.R. § 315.806.
Thus, whether or not plaintiff was a probationary employee, at some point this wrongful discharge claim needed to be brought before the Merit Systems Protection Board.
In reviewing the First Amended Complaint, we are mindful that pro se submissions "must be held to less stringent standards than formal pleadings drafted by lawyers." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Courts are to construe complaints so 'as to do substantial justice,' Fed.R.Civ.P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." Alston v. Parker, 363 F.2d 229, 234 (3d Cir.2004). Given this liberal pleading standard, plaintiff has sufficiently averred, at this stage of the proceeding, that he pursued the necessary administrative relief before pursuing these claims.

*IT IS FURTHER ORDERED* that Movant United States' Motion to Dismiss Count V of plaintiff's First Amended Complaint under Rule 12(b)(6) is granted as to defendant Jane Garvey and the Federal Aviation Administration.[FN5]

---

FN5. In its 12(b)(6) motion, movant also attacks plaintiff's breach-of-contract claim in Count V of the First Amended Complaint. Movant argues that pursuant to the *Tucker Act,* 28 U.S.C. § 1491, all claims against the United States arising from an "expressed" or "implied" contract with the United States, must be brought before the Court of Claims. Plaintiff does not address this argument in his Memorandum.
We agree with movant's argument. Section 1491(a)(1) establishes jurisdiction in the United States Court of Claims for breach of contract actions against the United States:
The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 6
Not Reported in F.Supp.2d, 2004 WL 2203730 (E.D.Pa.)
(Cite as: Not Reported in F.Supp.2d)

**28 U.S.C. § 1491(a)(1).**
This jurisdiction is modified by Section 1346 of Title 28 of the United States Code which provides that district courts exercise concurrent jurisdiction with the Court of Claims for contract actions against the United States "not exceeding $10,000." 28 U.S.C. § 1346. Reading these statutory provisions together, Section 1346 limits a district court's exercise of jurisdiction over breach-of-contract claims against the United States to $10,000. Plaintiff in this case seeks several million dollars from each defendant for each count. This demand clearly removes any breach-of-contract action from the jurisdiction of this court.
Accordingly, movant's 12(b)(1) motion as to Count V of the First Amended Complaint is granted.

*IT IS FURTHER ORDERED* that Count V is dismissed from plaintiff's First Amended Complaint as to defendant Jane Garvey and the Federal Aviation Administration.

*IT IS FURTHER ORDERED* that Movant United States' Motion to Dismiss Counts II, III, IV, VI, VII and VIII of Plaintiff's First Amended Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure is denied as to the individual defendants Melvyn Freedman, John Krepp, Stephen Trupkin and Stephen Shataka. FN6

FN6. Plaintiff brings each of the tort claims against each of the defendants. Although plaintiff does not specifically plead in the alternative in his complaint, it appears that plaintiff's tort claims against the individual defendants are essentially alternative arguments to plaintiff's tort claims against the FAA. The Federal Tort Claims Act specifically provides that the Government may be liable for the intentional actions of its employees brought within the scope of their employment. Thus, to attempt to bring the tort claim against the Government, plaintiff must argue that the employees acted within the scope of their employment.
In his response to movant's motion to dismiss, plaintiff argues that the claims should be allowed to proceed against the individual defendants. Plaintiff argues that, although an act may initially be within the scope of one's employment, it may fall outside that scope "after one gratuitously commits additional acts that seemed grounded in malice and are not necessary in order to carry out the demands of the government employment." (Plaintiff's memorandum at page 13). Thus, plaintiff argues that the First Amended Complaint clearly intends to bring suit against each of the individual defendants for actions falling outside the scope of employment.
**Section 2679 of Title 28** of the United State Code provides that "The Attorney General shall defend any civil action or proceeding against any employee of the Government...." 28 U.S.C. § 2679. This section requires the Attorney General to review the claims brought against the individual employees to determine if the employee were acting within the scope of employment. This section further provides that:
Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.
**28 U.S.C. § 2679(d)(1).** It appears by the United States moving on behalf of all defendants in this motion that this certification has been made. The Court of Appeals for the Third Circuit has concluded that courts may review the Attorney General's certification. *Melo v. Hafer*, 912 F.2d 628 (3d Cir.1990).
In his First Amended Complaint, plaintiff does not specifically aver that any of the individual defendants acted outside the scope of his employment. However, this averment can be implied from the fact that plaintiff brought each count against each defendant.
Additionally, it is not entirely clear within the First Amended Complaint, which specific defendants engaged in the complained activity. It is not clear which defendant or defendants made disparaging comments about his age. It is not clear which defendant or defendants published the investigator's report. It is not clear which

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2004 WL 2203730 (E.D.Pa.)  
(Cite as: Not Reported in F.Supp.2d)

Page 7

> defendant or defendants "repeatedly informed a number of persons within the FAA and within that aviation community that plaintiff was a 'liar' and a 'thief' and 'defrauded the FAA' and that an investigation had determined the same." (First Amended Complaint paragraph 64).
>
> We are mindful that a "pro se complaint, 'however inartfully pleaded,' can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (quoting *Haines v. Kerner,* 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (quotations omitted).
>
> It appears doubtful that plaintiff will be able to sustain these tort claims against the individual defendants. Nevertheless, at this stage of the proceedings, it is not beyond doubt that plaintiff will be unable to prove that any of the individual defendants acted outside the scope of their employment. Because it is too early in the proceeding to determine if a factual basis supports the tort claims against the individual defendants, we will allow the tort claims against the individuals to remain in this action.

*IT IS FURTHER ORDERED* that Movant United States' Motion to Dismiss Counts I, V and IX of plaintiff's First Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted as to the individual defendants Freedman, Krepp, Trupkin and Shataka. [FN7]

> FN7. Although plaintiff includes the individual defendants in his wrongful discharge claim in Count I and the violation of the Fourteenth Amendment claim in Count IX, both counts seemed directed toward the employer itself. We see no basis, and plaintiff provides no basis, for these individuals to remain in each of these counts. For similar reasons, Count V for breach of contract must be dismissed as to the individual defendants. The contract alleged breach is between plaintiff and the Federal Aviation Administration, and not between plaintiff and any of the individual defendant.

*IT IS FURTHER ORDERED* that Counts I, V and IX of plaintiff's First Amended Complaint are dismissed against individual defendants Freedman, Krepp, Trupkin and Shataka.

E.D.Pa.,2004.  
Gay v. Garvey  
Not Reported in F.Supp.2d, 2004 WL 2203730 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:03cv01485 (Docket) (Mar. 07, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.