*Hiraga v. House*

IN THE SUPERIOR COURT

FOR THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| SHIGENORI HIRAGA | ) | Civil Action No. 98-0100A |
| | ) | |
| Plaintiff, | ) | |
| | ) | DECISION AND ORDER |
| v. | ) | DENYING MOTION TO |
| | ) | STRIKE OPPOSITION, |
| | ) | DISQUALIFY COUNSEL |
| | ) | AND MOTION TO DISMISS |
| SEKISUI HOUSE | ) | THIRD PARTY |
| | ) | COMPLAINT AND |
| | ) | COUNTERCLAIMS |
| Defendant. | ) | |

## I. INTRODUCTION

Defendant Sekisui House ("Sekisui") brings this motion to disqualify Richard W. Pierce, Esq. ("Mr. Pierce"), counsel for plaintiff Shigenori Hiraga ("Hiraga"). Sekisui argues that because Mr. Pierce will be called to testify at trial, he must be disqualified as counsel. Hiraga argues that Mr. Pierce is not precluded from serving as counsel prior to trial. Tangentially, Sekisui has moved to strike Hiraga's opposition to the motion to disqualify because it was not served or filed in a timely fashion. **[p. 2]**

Hiraga brings a separate motion to dismiss two third party complaints against C.D.C. Saipan, Ltd. and C.D.C. Japan, Ltd. ("CDCS" and "CDCJ"). Hiraga argues that Sekisui is impermissibly asserting independent claims against CDCS and CDCJ in its third party complaints. Hiraga also moves to dismiss the counterclaim which Sekisui brought for abuse of process. Sekisui argues that the counterclaim is valid and that CDCS and CDCJ should be joined as counterclaim defendants. The court, having reviewed all briefs, declarations, exhibits, and having heard and considered the

**FOR PUBLICATION**

arguments of counsel now renders its written decision.

## II. FACTS AND PROCEDURE

These parties have been involved in protracted litigation for a number of years. This particular lawsuit concerns alleged defamatory statements made by Sekisui in a memo and press release during a prior law suit which were then published to the media. On, **DATE** this court denied Sekisui's motion for more definite statement. Then, on February 18, 1999, this court denied Sekisui's motion to dismiss or in the alternative for summary judgment as well as Hiraga's motion for summary judgment.

On March 23, 1999, Sekisui served Hiraga with a motion to disqualify Mr. Pierce. Counsel for Sekisui has stated by affidavit that he intends to depose Mr. Pierce before trial. Further, if the matter should proceed to trial, he intends to call Mr. Pierce as a material witness. There was no notice of motion or hearing date attached to the March 23, 1999 motion.

Sekisui then filed its motion to disqualify Mr. Pierce with the court on March 25, 1999. On March 31, 1999, Sekisui filed its notice of motion with the Clerk of Court. On April 6, 1999, the notice of motion and motion to disqualify Mr. Pierce was served on Hiraga's counsel. The assigned hearing date was for April 21, 1999. Hiraga filed its opposition brief on April 12, 1999.

The third party complaints are: 1. injury caused by abuse of process in a prior trial and 2. a slander of Sekisui by CDC's attorney during questions posed by MCV News. The prior action, in which Sekisui claims CDCJ and CDCS abused court process, was captioned <u>C.D.C. Saipan Ltd. and C.D.C. Japan, Ltd. v. Sekisui House, Ltd.</u>, Civil Action No. 95-830 ("Prior Action"). Sekisui points to false paragraphs of Hiraga's amended complaint to show that CDCS and CDCJ used the legal [p. 3] process in the Prior Action for an improper purpose and thereby damaged Sekisui. In addition, Sekisui points to a March 12, 1997 television interview with MCV News where Mr. Pierce, representing CDCS and CDCJ, made injurious statements about Sekisui.

The counterclaim filed against Hiraga concerns the complaint filed in the instant case ("Complaint"). Hiraga moved to temporarily seal the Complaint until the conclusion of the Prior Action, which involved a jury trial between the parties. That motion was granted by the Superior

Court and the complaint was sealed on February 11, 1998.

### III. ISSUES

1. Whether the opposition to the motion to disqualify should be stricken for failure to timely serve.

2. Whether an attorney who will likely be called to testify at trial may serve as counsel prior to trial.

3. Whether CDCS and CDCJ may be impleaded or joined as third party defendants.

4. Whether the counterclaim of Sekisui against Hiraga should be dismissed and, if not, whether CDCS and CDCJ may be joined as third party counterclaim defendants.

### IV. ANALYSIS

Sekisui's motion to strike Hiraga's opposition to Sekisui's motion to disqualify is governed by two local rules. Rule 6 of the CNMI Rules of Civil Procedure states:

> <u>A written motion</u> made prior to the entry of a judgment, other than a motion which may be heard ex parte, <u>and notice of hearing thereof</u>, shall be filed and served not later than 21 calendar days before the time specified for the hearing.... Any opposition to the motion shall be filed and served not later than nine calendar days after service of the motion. (Emphasis added). Com. R. Civ. P. 6(d)(1).

In addition, Rule 8 of the Superior Court Rules adds:

> A party opposing a motion may file and serve any opposition to the motion not later than five (5) days preceding the noticed date of hearing, unless another period is fixed by order of the court. Com. R. Prac. 8(a)(2).

Looking at the plain language of the rules, it is clear that the nine day allowance for opposition does not start to run until there is a motion and a notice of motion filed with the court and served on the opposing party. The court's practice is to not hear a motion unless it is properly noticed. <u>People of Micronesia v. Continental Airlines</u>, 2 CR 740, 743 (1986). Considering that a [p. 4] motion is not properly before the court until it is noticed, there is no reason for either party to respond to an invalid motion. Until a motion is calendared, there may be a number of intervening circumstances, which would make filing an opposition wasteful. As a result, there was no obligation to file an opposition within nine days of the un-calendared motion.

Furthermore, our local rules provide that as long as the opposition is filed five days preceding

the hearing date, there has been no violation of the rules. The opposition here was filed well before the hearing date. Unfortunately, the larger issue here is cooperation between counsel, one of the most important elements of keeping the court system functioning smoothly. Forcing the court to expend long amounts of time in considering matters that do not advance the merits of a case is unnecessary when counsel cooperate. <u>Dondi Properties Corp. v. Commerce Sav. And Loan Ass'n</u>, 121 F.R.D. 284 (N.D.Tex. 1988). Because the opposition was filed within proper time guidelines, Sekisui's motion to strike Hiraga's opposition to the motion to disqualify is denied.

Next considering the motion for disqualification, the standards for disqualification of an attorney who may be a witness at trial are typically derived from applicable disciplinary rules. <u>Optyl Eyewear Fashion Intern. V. Style Companies</u>, 760 F.2d 1045 (9th Cir. 1985). The CNMI has adopted the provisions of the American Bar Association Model Rules of Professional Conduct ("ABA Rules"). Com. Disc. R., Rule 2. Under the ABA Rules, an attorney may not serve as an advocate during a trial for which he is to be a material witness. Rule 3.7. The prohibition against acting as an "advocate" has been interpreted narrowly, allowing an attorney to perform case-related services out of court. <u>Culebras Enterprises Corp. v. Miguel A. Rivera-Rios</u>, 846 F.2d 94, 96-101 (1st Cir. 1988). However, an attorney may be precluded from taking depositions if the evidence obtained would expose the attorney's dual role as advocate and witness or if the attorney will himself be deposed. <u>World Youth Day, Inc. v. Famous Artists Merchandising Exchange, Inc.</u>, 866 F.Supp. 1297 (D.Co. 1994). Although there is a likelihood that Mr. Pierce will be deposed and serve as a witness, this does not prohibit him from serving as counsel as long as he does not serve as an advocate during the trial. Accordingly, Sekisui's motion to disqualify Mr. Pierce is denied without prejudice: Mr. Pierce may continue to represent Hiraga, but he may not conduct depositions.

Next, the court considers Hiraga's motion to dismiss the third party complaints. Hiraga [p. 5] argues that because neither of the third party allegations claim that CDCS and CDCJ are factually or legally responsible for all or part of Sekisui's liability to Hiraga, CDCS and CDCJ cannot be impleaded under Rule 14. Further, Hiraga argues that because CDC is Hiraga's company, it is not possible for CDC to be liable to Hiraga for defamation.

The third party complaint allegations are: 1. injury caused by abuse of process in a prior trial and 2. a slander of Sekisui by CDC's attorney during questions posed by MCV News. Sekisui argues that because CDCJ and CDCS made false statements in the complaint in the Prior Action, they committed an abuse of process. Hiraga argues that the abuse of process complaint should be dismissed for failure to state a claim upon which relief may be granted. Further, Hiraga argues that any alleged slander of Sekisui is not properly before the court as a third party claim.

Under Rule 14, CDCS and CDCJ can be impleaded if it is possible that they may be liable to Sekisui for damage inflicted upon Hiraga. Rule 14 provides:

> At any time after the commencement of the action, a defendant party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to third-party plaintiff for all or part of the plaintiff's claims against the third-party plaintiff. Com.R.Civ.P. Rule 14

The objective of Rule 14 is to avoid a situation where a defendant is found liable to plaintiff and then has to bring a separate action against a third party who may be liable to defendant for all or part of the plaintiff's original claim. 6 Wright and Miller §1442. In this case, the injury claimed is against Sekisui, not Hiraga. For Rule 14 to apply, the injury would have to be against Hiraga and CDCS and CDCJ would have to be liable for that injury. Here, there is no question that CDCS and CDCJ cannot be liable for injury done to Hiraga. The fact that they may have injured Sekisui is not the appropriate basis for impleader. Therefore, Hiraga's motion to dismiss the third party complaints for abuse of process and slander is granted without prejudice.

Hiraga further moves to dismiss Sekisui's counterclaim that the sealing of the Complaint in the instant law suit constituted an abuse of process. A complaint will not be dismissed "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Luna v. Kamata, 2 CR 29 (D.N.M.I. 1985). All allegations in a complaint are assumed to be true and reasonable inferences arising out of allegations are construed [p. 6] in the non-movant's favor. In re Adoption of Magofna, No. 90-012 (N.M.I. Dec. 5, 1990). However, the court is not obligated to strain to find such inferences. Id.

The Restatement of Torts §682 states:

> One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process. Restatement (Second) Torts, §682.

To state an actionable claim, the misconduct must center on the misuse of the process, not the procurement of the process. Id., cmt. a.

The three essential elements of abuse of process are:

> "(1) regularly issued process compelling the performance or foreclosure of some prescribed act; (2) an intent to do harm without excuse or justification; and (3) the person using the process must be seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of process." Riddell Sports, Inc. v. Brooks, 872 F.Supp. 73, 79 (SDNY 1993).

Merely filing a complaint cannot give rise to an abuse of process claim.[1] Id. Instead, the plaintiff must have engaged in a "perverse" misuse of process. Keen v. Ruddy, 784 P.2d 653, 655 (Alaska, 1989).

In its answer and counterclaim, Sekisui claims that the sealing of the Complaint was done to "achieve ulterior purpose," it was "malicious and willful," and it was "not for legitimate or reasonably justifiable purpose." Answer to first amended complaint, p. 17-18. However, there are no facts pled or inferences this court can make favorably to Sekisui. Considering the fact that the sealing of the Complaint was ordered by the Superior Court after due deliberation, Sekisui must present something more than baseless allegations to show an abuse of process took place. Sekisui may file an amended counterclaim within ten days if it has any allegations to make. Otherwise, Hiraga's motion to dismiss the counterclaim will be granted.

As for joining CDCJ and CDCS if the counterclaim should survive, the court recognizes the application of Rule 13(h) but does not see the appropriateness of joining CDCJ and CDCS.[2] The [p.

---

[1] In fact, in the CNMI, a party may petition the court for permission to file pleadings under seal. Although there is no specific statutory guideline, federal case law acknowledges that courts have discretion to grant such motions. Pansy v. Borough of Stroudsburg, 23 F.2d 772, 785-7 (3rd Cir. 1994). In the instant case, permission was granted by the Superior Court to file the Complaint under seal on February 11, 1998.

[2] Rule 13(h) states: "Joinder of Additional Parties. Persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rule 19 and 20." Com. R. Civ. P. 13(h).

7] counterclaim concerns the sealing of the Complaint in this action by Hiraga. CDCJ and CDCS are not even parties to this law suit. Therefore, they cannot have acted to seal a complaint in a lawsuit they were not a party to. It may be true that Hiraga plays a very important role in CDCJ and CDCS, perhaps even to the point of being an "alter ego." But even so, CDCJ and CDCS are separate corporate entities while Hiraga sues here in his personal capacity. As a result, the court declines to join CDCJ and CDCS at this time.

## V. CONCLUSION

Accordingly, Sekisui's motion to strike Hiraga's opposition to the motion to disqualify is denied. Sekisui's motion to disqualify Mr. Pierce is denied without prejudice. Hiraga's motion to dismiss the third party complaints is granted without prejudice. Hiraga's motion to dismiss the counterclaim is denied at this time in part but granted insofar as CDCJ and CDCS may not be joined as co-defendants.

So ordered this __29__ day of July, 1999.

/s/ Edward Manibusan
EDWARD MANIBUSAN, Presiding Judge