*Mitchell v. Estate of Hillblom*

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| THEODORE R. MITCHELL, | ) | APPEAL NO. 96-014 |
| | ) | CIVIL ACTION NO. 95-1108 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | OPINION |
| ESTATE OF LARRY L. HILLBLOM, | ) | |
| Represented by BANK OF SAIPAN, | ) | |
| EXECUTOR, MICHAEL W. DOTTS, and | ) | |
| RICHARD W PIERCE, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

Submitted on the Briefs October 17, 1997

Counsel for Appellant:    Jeanne H. Rayphand
    Saipan, MP 96950

Counsel for Appellees:

    Estate of Larry Hillblom    Thomas C. Sterling
    Represented by    Agana, Guam 96910
    Bank of Saipan, Executor

    Michael W. Dotts    Matthew T. Gregory
    Saipan, MP 96950

    Richard W. Pierce    John Biehl
    Saipan, MP 96950

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Justices

PER CURIAM

    Plaintiff appeals the March 12, 1996 Superior Court Order granting summary judgment in favor of the Defendants. We have jurisdiction pursuant to title 1, section 3102(a) of the Commonwealth Code. We affirm.

## ISSUES PRESENTED AND STANDARD OF REVIEW

The sole issue before this court is whether the Superior Court erred in granting summary judgment in favor of the defendants on plaintiff's complaint for wrongful use of civil proceedings.[1] We review a trial court's ruling on a motion for summary judgment de novo. *Apatang v. Marianas Public Land Corp.*, 1 N.M.I. 140, 146 (1990); *Rios v. Marianas Public Land Corp.*, 3 N.M.I. 512, 518 (1993).

## FACTS AND PROCEDURAL BACKGROUND

On July 14, 1993, Larry L. Hillblom ("Hillblom") filed a complaint against Theodore Mitchell ("Mitchell") in the United States District Court for the Northern Mariana Islands. *Hillblom v. Mitchell*, Civil Action No. 93-0010 ("*Hillblom v. Mitchell*"). Excerpts of Record ("E.R.") at 20-29. The complaint alleged that Mitchell had engaged in a comprehensive scheme to financially injure and damage Hillblom through unlawful acts which included violations of the Racketeer Influenced Corrupt Organization Act ("RICO"). E.R. at 21.

The cut-off date for discovery was July 21, 1995. E.R. at 14. The trial was to commence on October 16, 1995. E.R. at 15. Hillblom died in an airplane crash on or around May 21, 1995. E.R. at 59. On August 18, 1995, the Bank of Saipan, Executor of the Estate of Hillblom ("Executor") filed a Notice of Death pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. E.R. at 99.

On August 31, 1995, the Executor filed a Petition for Letters of Instruction requesting authorization from the Probate Court to determine, in its discretion, whether to pursue, defend, compromise, or dismiss law suits which were pending on behalf of or against Hillblom as of the date of his death, including *Hillblom v. Mitchell*. E.R. at 108-113.

On September 29, 1995, the U.S. District Court issued an order advising that pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, any person who wanted to substitute for

---

[1] The terms malicious prosecution and wrongful use of civil proceedings have ben used interchangeably by the parties in the Briefs. However, malicious prosecution involves the initiation of a criminal proceeding which is not applicable in this case. RESTATEMENT (SECOND) OF TORTS § 653 at 406 (1976).

2

Hillblom in *Hillblom v. Mitchell* as a party had ninety days in which to file their motion. E. R. 121-23.

On December 1, 1995, the District Court dismissed *Hillblom v. Mitchell*, since the ninety days provided by Fed.R.Civ.P. 25(a)(1) had elapsed without a party, successor, or representative substituting in for Hillblom. E.R. at 12-13. On the same day, Mitchell filed a complaint in the Superior Court, Civil Action 95-1108, asserting a claim against the Estate for damages resulting from the alleged wrongful use of civil proceedings in the *Hillblom v. Mitchell* case. E. R. at 1-7.

On February 5, 1996, Michael Dotts ("Dotts") and Richard Pierce ("Pierce") filed a Motion for Summary Judgment. E.R. at 11. The Estate joined in on the motion on February 6, 1996. Mitchell opposed Defendant's Motion for Summary Judgment and filed a Cross-Motion for Partial Summary Judgment.

Summary judgment was entered in favor of the defendants on March 12, 1996. E. R. at 278-280. Mitchell timely appealed.

## ANALYSIS

In the absence of written law or customary law regarding the tort of wrongful use of civil proceedings, the rules of the common law, as expressed in the Restatements of the Law shall be applied. 7 CMC § 3401 (1992).

The elements of wrongful use of civil proceedings are:

(1) The Defendant must take an active part in the initiation, continuation, or procurement of civil proceedings against another;

(2) The Defendant acts without probable cause;

(3) The Defendant acts primarily for a purpose other than that of securing the proper adjudication of the claim in which fhe proceedings are based; and

(4) The proceedings must have terminated in favor of the person against whom they are brought.

RESTATEMENT (SECOND) OF TORTS § 674 at 452 (1976).[2]

---

[2] *See Vasquez v. Reeves*, 907 P.2d 254, 255 (Or. App. 1995); *Parks v. Willis*, 853 P.2d 1336, 1337 (Or. App. 1993).

3

At issue in this case are: 1 ) whether the underlying lawsuit terminated in favor of Mitchell, and 2) whether the Executor, Dotts, and Pierce initiated, procured, or continued the underlying action without probable cause.

A. *Hillblom v. Mitchell* did not terminate in Mitchell's favor

In order for Mitchell to succeed in a claim for wrongful use of civil proceedings, the termination *Hillblom v. Mitchell* had to be in his favor.

Civil proceedings may be terminated in favor of the person against whom they are brought when there is :

(1) a favorable adjudication of the claim by a competent tribunal; or

(2) withdrawal of the proceedings by the person bringing them; or

(3) the dismissal of the proceedings because of a failure to prosecute them.

RESTATEMENT (SECOND) OF TORTS § 674, cmt. j at 456-57 (1976).

In order to determine whether a termination of the underlying action constitutes a favorable termination, the courts will look to the "circumstances under which the proceedings are withdrawn." RESTATEMENT (SECOND) OF TORTS § 674, cmt. j. at 456-57 (1976).

In *Eels v. Rosenblum,* 43 Cal. Rptr. 2d 323 (Cal. App. 1995), the California Court of Appeals held that in order to establish a cause of action for wrongful use of civil proceeding, a plaintiff must demonstrate that there was a favorable adjudication of the claim. *Id.* at 325-26. The court found that if the resolution of the underlying litigation left "some doubt as to the defendant's innocence or liability, it [was] not a favorable termination and barred the party from bringing a claim for malicious prosecution." *Id.* at 326.

> The test is whether or not the termination tends to indicate the innocence of the defendant or simply involves technical, procedural or other reasons that are not inconsistent with the defendant's guilt.

*Id.*

The Executor filed the Notice of Death of Hiliblom on August 18, 1995. On December 1, 1995, approximately ninety days later, the District Court dismissed *Hillblom v. Mitchell* since the ninety days provided by Fed.R.Civ.P.25(a)(1) had elapsed and no party, successor, or representative had substituted in for Hillblom as provided by the rule.

4

Fed.R.Civ.P. 25(a)(1) states:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party .... Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Fed.R.Civ.P. 25(a)(1)(1997).

The Federal District Court's dismissal pursuant to Rule 25 was not based on the merits of the case nor did it involve Mitchell's innocence in the underlying matter. Rule 25 is a procedural device which requires a Court to terminate a claim of substitution is not carried out within a specified period of time when a party to the action dies.[3]

Therefore, the Superior Court did not commit error when it held that the dismissal of *Hillblom v. Mitchell* was procedural and mandated by the provisions of Fed.R.Civ.P. 25(a)(1). The dismissal did not reflect a favorable termination of the underlying action which is an essential element of plaintiff's claim for wrongful use of civil proceedings.

B. <u>The defendants did not initiate, procure, or continue the underlying action without probable cause</u>

1. *Estate of Hillblom*

A deceased person cannot be a party to a legal proceeding and the effect of the death is to dismiss the action as to the decedent until his legal representative is substituted as a party. *LesCarbeau v. Rodrigues,* 286 A.2d 246, 248 (R.I. 1972); *Bagalay v. Lahaina Restoration Found.,* 588 P.2d 416, 423 (Haw. 1978).

Hillblom is the party who initiated and procured the claim by filing the complaint in *Hillblom v. Mitchell*. When he died, his claim in that action terminated. The Estate could not continue in the case until they substituted in as a party. Since neither the Estate nor Mitchell substituted the Estate pursuant to Fed.R.Civ.P. 25(a)(1), they could not continue the underlying action and were never parties in the case.

---

[3] *See Hillbrands v. Far East Trading Co.,* 509 F.2d 1321, 1323 (9th Cir. 1975) (rule 25 is procedural); *McClay v. Nuckolls,* 1990 WL 66605 at 2 (D. Kan. 1990) (rule 25 is strictly procedural).

### 2. *Dotts and Pierce*

The authority of counsel to proceed with a case is terminated upon the death of the party being represented. *Turner v. Minasian*, 265 N.E. 2d 371, 373 (Mass. 1970); *Bagalay, supra*, 599 P.2d at 423.[4] Hillblom initiated the action in *Hillblom v. Mitchell*. Dotts and Pierce were hired by Hillblom as attorneys to work on the case. Once Hillblom died, they lost their authority to continue in the case until they substituted in as a party. Since they did not, they were never parties to the case and could not continue in the underlying action.

In addition, an attorney who initiates a civil proceeding on behalf of his client (with or without probable cause) is not liable in the proceeding, if he acts primarily for the purpose of aiding his client in obtaining a proper adjudication of his claim. RESTATEMENT (SECOND) OF TORTS § 674, cmt d, at 453 (1976).

Therefore, we find that Dotts and Pierce were never parties to the case and did not initiate, procure, or continue the underlying action.[5]

## CONCLUSION

We hereby **AFFIRM** the March 12, 1996 Superior Court Order granting summary judgment in favor of the defendants.

Dated this ___3rd___ day of December, 1997.

/s/ Marty W.K. Taylor
MARTY W.K. TAYLOR, Chief Justice


/s/ Ramon G. Villagomez
RAMON G. VILLAGOMEZ, Justice


/s/ Pedro M. Atalig
PEDRO M. ATALIG, Justice

---

[4] *See* RESTATEMENT (SECOND) OF AGENCY § 120 AT 304 (1957).

[5] Since we find that the defendants did not initiate, procure or continue the underlying action, we need not address the issue of probable cause.