# *Numrich v. U.S. Postal Service*

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31440877 (D.Or.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**Briefs and Other Related Documents**
Only the Westlaw citation is currently available.
United States District Court,D. Oregon.
Edgar T. NUMRICH, Plaintiff,
v.
UNITED STATES POSTAL SERVICE, Defendant.
No. CV-01-532-ST.

Jan. 3, 2002.

OPINION AND ORDER

STEWART, Magistrate J.

INTRODUCTION

*1 Plaintiff, Edgar T. Numrich ("Numrich"), appearing *pro se*, filed this action against the United States of America ("United States"), alleging damages resulting from the actions of individual postal employees in the administration of a contract for the construction of a new post office in Absarokee, Montana. The initial Complaint, filed on April 17, 2001, alleged claims for negligence, defamation, and intentional interference with business relations and economic expectation. This court granted the United States' Motion to Dismiss for lack of subject matter jurisdiction under the Federal Tort Claims Act, 28 USC § 2679 ("FTCA"), with leave to replead to allege claims under the Postal Reorganization Act, 39 USC §§ 101 *et seq* ("PRA") (docket # 19). Numrich filed a First Amended Complaint on October 9, 2001, alleging claims against the United States Postal Service ("Postal Service") under the PRA for negligence, intentional interference with business relations and economic expectations, and intentional interference with another's performance of his own contract.

The Postal Service has filed a Motion to Dismiss the First Amended Complaint for lack of subject matter jurisdiction (docket # 24) because it has not waived sovereign immunity for actions brought against federal agencies sounding in tort. For the reasons set forth below, that motion is granted.

ALLEGATIONS

Numrich was a full-time advisor to his former spouse, Patricia Numrich ("Ms.Numrich"), concerning her investment real estate holdings. On June 9, 1997, Ms. Numrich entered into a contract with the Postal Service to construct a post office in Absarokee, Montana (the "Project"), which the Postal Service would then lease from her. At about that same time, Ms. Numrich also entered into a contract with Numrich, in exchange for his advisory services, to evenly share the profit of the Project, together with rental revenues, upon its resale. Ms. Numrich also entered into a contract with McCrumb Construction Company ("McCrumb") to act as her subcontractor-builder. Neither Numrich nor the Postal Service were parties to the McCrumb contract.

The Postal Service Contracting Officer and Project Manager undertook to supervise construction of the Project. During the course of a site visit on November 13, 1997, and without advising or consulting with either of the Numrichs, the Project Manager made an unauthorized decision to allow McCrumb to delay completion of the Project well beyond the 150-day period set forth in Ms. Numrich's contract with the Postal Service ("the deferred work"). The Postal Service Contracting Officer failed to notify the Numrichs of this decision and to authorize the deferred work as required by the terms of Ms. Numrich's contract with the Postal Service.

The relationship between Ms. Numrich and McCrumb eventually soured and on December 26, 1997, McCrumb attempted to rescind its contract and gave notice of its intent to claim the value of its work in *quantum meruit* while remaining at work on the project. On December 31, 1997, Ms. Numrich filed suit in Montana state court against McCrumb which is still pending. In March 1998, unbeknownst to either of the Numrichs and without any authority, the Postal Service Project Manager offered certain terms to McCrumb in

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

return for completing the deferred work.

*2 In April 1998, Numrich determined that McCrumb had falsified a claim for extra work on the Project which he brought to the attention of the Postal Service and cautioned the Postal Service not to negotiate with McCrumb. By letter dated April 24, 1998, to the Postal Service Project Manager ("the McCrumb letter"), McCrumb stated that it would not complete the deferred work without a release by the Postal Service of the money for extra work that it was claiming, including the falsified claim. The Postal Service did not disclose the McCrumb letter to the Numrichs. When subsequent negotiations by the Postal Service failed to resolve all of McCrumb's claims for extra money on the Project, the Postal Service demanded by letter dated May 4, 1998, that Ms. Numrich complete the deferred work or else the Postal Service would complete the work and abate the rental payments to Ms. Numrich under the lease for the cost. The Postal Service demanded a complete release of liability in return for releasing any additional sums of money, even for extra work that the Postal Service had requested, and then only to McCrumb and Ms. Numrich jointly.

With the deferred work on the Project remaining to be done, McCrumb failed to complete the Project and Ms. Numrich terminated McCrumb in early June 1998. From June 1998 through at least November 1999, the Postal Service communicated with McCrumb about its private negotiations with the Numrichs and their counsel. McCrumb's attorney then used those communications to discredit the Numrichs and deceitfully influence the Montana state court and the United States District Court for the District of Montana in which Numrich had filed a claim against McCabe's attorney for deceit.

The deferred work ultimately had to be completed at an additional cost to the Numrichs. Ms. Numrich has filed a claim against the Postal Service in the Court of Federal Claims related to the Project in which she asserts many of the same issues raised here. Numrich was a plaintiff to the Postal Service litigation along with Ms. Numrich, but the court dismissed Numrich as a party on January 12, 2001, because he lacked the requisite privity of contract.

## ANALYSIS

The Postal Service moves for dismissal based on lack of subject matter jurisdiction because it has not waived its immunity from suit as to the claims alleged in the First Amended Complaint. In particular, it contends that under the PRA, 39 USC § 409(c), all state law tort claims against the Postal Service must be brought under the FTCA. However, the FTCA explicitly exempts most intentional torts from its waiver of sovereign immunity, such as Numrich's claims. Therefore, the Postal Service concludes that Numrich's claims must be dismissed.

Numrich responds that the PRA's general "sue and be sued" provision, 39 USC § 401(1), governs all suits against the Postal Service not cognizable under the FTCA. Since this court has previously held that his claims are barred by the FTCA, he concludes that they fall under the PRA's general waiver of sovereign immunity. Moreover, Numrich asserts that the Lanham Act, 15 USC § 1125, provides an independent jurisdictional basis for his claims. For the reasons that follow, both of these arguments are rejected and Numrich's claims are dismissed for lack of subject matter jurisdiction.

### I. *Waiver of Sovereign Immunity Under the FTCA*

*3 "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983). The United States must expressly and unambiguously waive its sovereign immunity before it may be subject to suit. *See United States v. Idaho ex rel Dir., Idaho Dep't of Water Res.,* 508 U.S. 1, 6 (1993). Such waivers must be construed narrowly. *United States Dep't of Energy v. Ohio,* 503 U.S. 607, 615 (1992).

The FTCA provides a limited waiver of sovereign immunity for common law torts against federal government employees acting within the course and scope of their employment. 28 USC § 2679(b)(1). The FTCA provides that "[t]he United States shall be liable,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2002 WL 31440877 (D.Or.)
(Cite as: Not Reported in F.Supp.2d)

respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 USC § 2674. The FTCA also provides that:

the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.

**28 USC § 1346(b).**

However, the FTCA specifically excludes, and therefore does not waive sovereign immunity for certain intentional torts, including "[a]ny claim arising out of ... libel, slander, misrepresentation, deceit, or interference with contract rights." 28 USC § 2680(h). "When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, the court is without subject matter jurisdiction to hear the case." *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir1993) (as amended on denial of rehearing and rehearing *en banc*) (citation omitted).

### II. *Substance of Numrich's Claims*

This court previously rejected Numrich's argument that he could pursue his claims under the FTCA. The FTCA does not provide a waiver of immunity for "[a]ny claim arising out of ... misrepresentation ... or interference with contract rights." 28 USC § 2680(h). Numrich could not bring his claims under the FTCA because: (1) the alleged harm was the unintended by-product of interference with Ms. Numrich's contracts (Opinion and Order, pp. 7, 13-15); (2) he did not allege any negligence arising from a duty separate and distinct from the duty owed by the Postal Service not to interfere with Ms. Numrich's contracts (*id* at 8-9), or; (3) they were in essence misrepresentation claims (*id* at 9, 11-12).

The First Amended Complaint alleges three claims against the Postal Service. The substance of the first two claims is identical to Numrich's previous claims against the United States for negligence and interference with business relations and economic expectations. The First Amended Complaint adds a claim for "Intentional Interference with Another's Completion of His Own Contract." First Amended Complaint, ¶¶ 41-43. Each count of that claim expressly alleges that, in various ways, Postal Service employees "intentionally interfered with [Numrich]'s completion of his contract with Ms. Numrich." *Id.* For the same reasons discussed in this court's previous Opinion and Order, these claims may not be brought under the FTCA because they either arise out of misrepresentations or interference with contract rights and therefore are barred by 28 USC § 2680(h).

### III. *Jurisdiction Under the PRA*

*4 Numrich carefully avoids mentioning the FTCA in his First Amended Complaint. Instead, he asserts that this court has jurisdiction over his claims against the Postal Service under the PRA, 39 USC § 401(1) and **409(c)**, 39 CFR § 912, and another statute conferring original jurisdiction of the district courts over "any civil action arising under any Act of Congress relating to the [P]ostal [S]ervice," 28 USC § 1339.

The PRA allows the Postal Service to "sue and be sued in its official name." 39 USC § 401(1). It also provides that tort claims brought against the Postal Service are governed by the provisions of the FTCA. 39 USC § **409(c)**. Similarly, the FTCA provides that claims against "sue and be sued" agencies must be brought through the FTCA where "cognizable" under the FTCA:

The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of [the FTCA], and the remedies provided by [the FTCA] in such cases shall be exclusive.

**28 USC § 2679(a).**

Because this court has found that his state law tort claims are not cognizable under the FTCA, Numrich

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 4
Not Reported in F.Supp.2d, 2002 WL 31440877 (D.Or.)
(Cite as: Not Reported in F.Supp.2d)

asserts that they are cognizable under the general "sue and be sued" provision of the PRA. However, the only court to address the interrelationship between the PRA and FTCA for state law tort claims has expressly rejected Numrich's position.

In *Davric Main Corp. v. United States Postal Serv.*, 238 F3d 58 (1st Cir2001), the owner of a site that had been under consideration for a new postal facility sued the Postal Service and one of its employees for alleged defamation and tortious interference. The Postal Service argued, as here, that the PRA requires all state law tort claims to be brought under the FTCA and that the FTCA barred these claims. The site owner argued, as does Numrich, that suits not cognizable under the FTCA fall under the PRA's general waiver of sovereign immunity. The First Circuit acknowledged that these "contending constructions of the statutory scheme present a close question," and that neither the statutory text nor the legislative history provide much guidance. *Id* at 61. The issue turns on "whether state intentional torts such as defamation fall within the scope of the FTCA but are excepted from its waiver of sovereign immunity and so suit cannot be brought under the PRA, or whether they simply fall outside of its scope as a result of their exception and so suit under the PRA is permissible." *Id* at 61-62. The court found that "the structure of the statutory scheme, taken altogether, suggests the former interpretation," *id* at 62, and, after a lengthy analysis, concluded that:

In the absence of any evidence that Congress did not intend to afford quasi-public, sue-and-be-sued agencies the protection of the exemption from suit for state intentional torts, and in light of the judicial policy of construing waivers of sovereign immunity narrowly, we cannot find that the statutory scheme indicates that the Postal Service has waived its immunity from suit for defamation or tortious interference claims.

*5 *Id* at 64.

As in *Davric*, Numrich's claims in this case are state law torts and therefore are cognizable claims under the FTCA. "[S]ince the claims are cognizable under the FTCA, all the requirements and limitations upon which the FTCA's waiver of sovereign immunity is conditioned apply." *Id.* The FTCA does not waive immunity for Numrich's intentional tort claims. Accordingly, the PRA does not waive the Postal Service's immunity under the FTCA for Numrich's intentional tort claims.

IV. *The Lanham Act*

Numrich also contends that the Lanham Act, 15 USC § 1125, provides an independent basis for jurisdiction over his claims, citing cases from the Fourth, Sixth, and Eighth Circuits. *Federal Express Corp. v. United States Postal Serv.*, 151 F3d 536 (6th Cir1998) (false and deceptive commercial advertisements); *Global Mail Ltd. v. United States Postal Serv.*, 142 F3d 208 (4th Cir1998) (advertising of international mailing service); *United States v. Q Int'l Courier*, 131 F3d 770, 775 (8th Cir1997) (false or misleading information provided to a trade publication concerning dispute over international mailing service).

Those cases do support the proposition that properly pled Lanham Act claims may be brought against the Postal Service under the general waiver of immunity contained in the PRA. *See, e.g., Federal Express*, 151 F3d at 542 ("federal law torts, which are not subject to the FTCA, may be directly litigated against USPS in its own name under the global 'sue and be sued' stipulation of the PRA"); *Q Int'l Courier*, 131 F3d at 775 ("A more logical reading of [the PRA] is that the [FTCA] provides the only remedy against the Postal Service for torts to which the [FTCA] by its terms applies in the first place. Nothing in § 409(c) suggests that it intended to forbid recovery against the Postal Service for tort claims that are beyond the reach of the [FTCA]."). However, those cases do not aid Numrich.

His claims simply are not claims under the Lanham Act as they do not allege that the Postal Service or its employees used a term, name, symbol or device, or misrepresented a fact which caused confusion, mistake or deception as to the origin or sponsorship of its goods, services, or commercial activities. Instead, as discussed in detail in this court's prior Opinion and Order, his claims allege negligence and interference with contractual rights, and are not at all synonymous with claims for false designation of origin, false descriptions,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31440877 (D.Or.)
(Cite as: Not Reported in F.Supp.2d)

Page 5

or trade dress infringement or dilution. Those claims are expressly addressed by the FTCA and are claims for which neither the United States nor the Postal Service has expressly waived its immunity.

As explained in *Davric,* "[i]n each case where courts have allowed tort cases to proceed against sue-and-be-sued agencies outside of the procedures and limitations of the FTCA, the plaintiffs advanced federal claims - either federal constitutional torts or federal statutory torts." *Davric,* 238 F.3d 58, 63-64 (footnote omitted) (citing *Global Mail, Federal Express,* and *Q Int'l Courier*). Numrich advances no federal claims, but instead continues to allege state tort claims which are barred by the FTCA. Under the well-reasoned analysis of *Davric,* the PRA provides no alternative basis for jurisdiction over those claims. Accordingly, the First Amended Complaint must be dismissed.

### ORDER

*6 For the reasons set forth above, the Postal Services' Motion to Dismiss (docket # 24) is GRANTED and this case is dismissed for lack of subject matter jurisdiction.

D.Or.,2002.
Numrich v. U.S. Postal Service
Not Reported in F.Supp.2d, 2002 WL 31440877 (D.Or.)

Briefs and Other Related Documents (Back to top)

• 3:01CV00532 (Docket) (Apr. 17, 2001)
• 3:0100532 (Docket) (Apr. 17, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.