Payment Fund, amounts from the Land Compensation Fund and, if such amounts are not sufficient, then from any other legally available funds of the Commonwealth if and to the extent necessary to increase the balances in the Interest Account and the Principal Account, sufficient to pay debt service coming due on the Bonds on such Interest Payment Date.

SECTION 4.05   Application of Moneys in Bond Payment Fund. (A) All moneys in the Bond Payment Fund shall be set aside by the Trustee in each Bond Year when and as received in the following accounts, in the following order of priority, the requirement of each said account to be satisfied prior to any deposit into an account which follows it in priority (except as otherwise provided in subsection (B) below).

(1) Interest Account. First, the Trustee shall set aside from the Bond Payment Fund and deposit in the Interest Account an amount of money which, together with any money contained therein, is equal to the aggregate amount of the interest due or becoming due and payable on all Outstanding Bonds on the next Interest Payment Date. No deposit need be made into the Interest Account if the amount contained therein is at least equal to the aggregate amount of the interest due or becoming due and payable on all Outstanding Bonds on the next Interest Payment Date. All moneys in the Interest Account shall be withdrawn by the Trustee solely for the purpose of transferring such moneys to the Paying Agent, on the Business Day before the date the Paying Agent is required to pay the interest on the Bonds as it shall become due and payable (including accrued interest on any Bonds purchased or redeemed prior to maturity), and the Paying Agent shall apply the same solely to such payment.

(2) Principal Account. Second, the Trustee shall set aside from the Bond Payment Fund and deposit in the Principal Account an amount of money which, together with any money contained therein, is equal to the aggregate amount of principal due or becoming due and payable on all Outstanding Bonds on the next Principal Payment Date, whether at maturity or upon redemption pursuant to the provisions of Section 2.03 hereof. No deposit need be made into the Principal Account if the amount contained therein is at least equal to the aggregate amount of principal of all Outstanding Bonds due or becoming due and payable on the next Principal Payment Date. All money in the Principal Account shall be withdrawn by the Trustee solely for the purpose of transferring such moneys to the Paying Agent, on the Business Day before the date the Paying Agent is required to pay the principal of the Bonds as they shall become due and payable, and the Paying Agent shall apply the same solely to such payment.

The Paying Agent shall apply moneys transferred by the Trustee from the Principal Account to the redemption of Bonds, in the principal amounts and on the mandatory sinking fund payment dates hereinafter set forth:

| Mandatory Sinking Fund Payment Dates (October 1) | Mandatory Sinking Fund Payment |
|---|---|
| 2009 | $ 700,000 |
| 2010 | 700,000 |
| 2011 | 700,000 |
| 2012 | 800,000 |
| 2013 | 900,000 |
| 2014 | 900,000 |
| 2015 | 1,000,000 |
| 2016 | 1,000,000 |
| 2017 | 1,100,000 |
| 2018 | 1,200,000 |
| 2019 | 1,300,000 |
| 2020 | 1,400,000 |
| 2021 | 1,400,000 |
| 2022 | 1,500,000 |
| 2023 | 1,600,000 |
| 2024 | 1,700,000 |
| 2025 | 1,900,000 |
| 2026 | 2,000,000 |
| 2027 | 2,100,000 |
| 2028 | 2,300,000 |
| 2029 | 2,400,000 |
| 2030 | 2,600,000 |
| 2031 | 2,800,000 |
| 2032 | 2,900,000 |
| 2033 | *3,100,000 |

*Payment at Maturity

(3)  Surplus Account. Third, after making the deposits referred to in paragraphs (1) and (2) above in such Bond Year, the Trustee shall set aside from the Bond Payment Fund and deposit in the Surplus Account all money then remaining in the Bond Payment Fund. On the Business Day after October 1 of each year, if the Commonwealth is not then in default hereunder, the Trustee shall transfer the money in the Surplus Account to the Commonwealth unless the Paying Agent is instructed by Written Request to purchase Bonds as provided in Section 4.05(B) and the Trustee is instructed by Written Request to transfer such funds to the Paying Agent.

Notwithstanding the foregoing, the Trustee shall first use any funds in the Surplus Account solely for the purpose of replenishing the other accounts in the Bond Payment Fund, in the event of any deficiency at any time in any of such accounts occurring on any Interest Payment Date or Principal Payment Date, or for the purpose of paying the interest on or the principal of the Bonds in the event that no other money of the Commonwealth is lawfully available therefor.

(B) Purchases of Outstanding Bonds may be made by the Paying Agent from moneys in the Surplus Account at public or private sale as and when and at such prices as the Authority may in its discretion determine and direct the Paying Agent by Written Request. Any accrued interest payable upon the purchase of Bonds may be paid from amounts held in the Interest Account for the payment of interest on the next following Interest Payment Date. Any Bonds so purchased shall be cancelled by the Paying Agent forthwith and shall not be reissued.

All moneys in each of the accounts in the Bond Payment Fund shall be held in trust by the Trustee and shall be applied, used and withdrawn only for the purposes authorized in this Section 4.05. All moneys transferred by the Trustee to the Paying Agent from amounts on deposit in the Bond Payment Fund shall be held in trust by the Paying Agent and shall be applied, used and withdrawn only for the purposes authorized in this Section 4.05

SECTION 4.06    Investment of Moneys in Funds and Accounts. Moneys in the Interest Account, the Principal Account, and the Surplus Account in the Bond Payment Fund, the Project Fund and the Expense Fund, upon the Written Request of the Authority, shall be invested by the Trustee in Permitted Investments. The obligations in which moneys in the Interest Account, the Principal Account or the Surplus Account are invested shall mature or otherwise be payable prior to the date on which such moneys are estimated to be required to be paid out hereunder. Any interest, income or profits from the deposits or investments of all funds and accounts held by the Trustee (other than the Rebate Fund) shall be deposited in the Bond Payment Fund, except that any interest, income or profits from the deposits or investments of each account in the Project Fund shall be deposited in such account.

In the absence of an applicable Written Request, the Trustee shall invest in items (3) or (4) of the definition of Permitted Investments. The Trustee shall not be liable for any loss from any investment made or sold or liquidated by it in accordance with this Section.

The Trustee or any of its affiliates may act as sponsor, advisor or manager in connection with any investments made by the Trustee hereunder.

The Trustee shall value the Permitted Investments held by the Trustee in the funds and accounts hereunder at the end of each month. The value shall be determined as follows:

(a) As to investments the bid and asked prices of which are published on a regular basis in *The Wall Street Journal* (or, if not there, then in *The New York Times*): the average of the bid and asked prices for such investments so published on or most recently prior to such time of determination;

(b) As to investments the bid and asked prices of which are not published on a regular basis in *The Wall Street Journal* or *The New York Times*: the average bid price at such price at such time of determination for such investments by any two nationally recognized government securities dealers (selected by the Trustee in its absolute discretion) at the time making a market in such investments or the bid price published by a nationally recognized pricing service;

(c) As to certificates of deposit and bankers acceptances, the face amount thereof, plus accrued interest; and

   (d) As to any investment not specified above, the value thereof established by prior agreement between the Authority and the Trustee.

ARTICLE V

COVENANTS

   SECTION 5.01   Punctual Payment. The Commonwealth will punctually pay the interest on and principal of the Bonds in strict conformity with the terms of the Bonds and of this Indenture and will faithfully satisfy, observe and perform all conditions, covenants and requirements of the Bonds and of this Indenture.

   SECTION 5.02   Against Prior Liens. The Commonwealth will not issue any obligation or security superior to or on a parity with the Bonds with respect to payment in whole or in part from moneys in or required by the Bond Act to be deposited in the Land Compensation Fund, or any moneys held by or required to be deposited with the Trustee under this Indenture, except for additional general obligation bonds of the Commonwealth, obligations issued to refund any outstanding general obligation bonds, and obligations issued to refund outstanding bonds which currently are entitled to such moneys on a basis superior to or on a parity with the Bonds.

   SECTION 5.03   Extension or Funding of Claims for Interest. In order to prevent any claims for interest after maturity, the Commonwealth and the Authority will not, directly or indirectly, extend or consent to the extension of the time for the payment of any claim for interest on any Bonds and will not, directly or indirectly, be a party to or approve any such arrangements by purchasing or funding said claims for interest or in any other manner. In case any such claim for interest shall be extended or funded, whether or not with the consent of the Commonwealth or the Authority, such claim for interest so extended or funded shall not be entitled, in case of default hereunder, to the benefits of this Indenture, except subject to the prior payment in full of the principal of all of the Bonds then Outstanding and of all claims for interest which shall not have been so extended or funded.

   SECTION 5.04   Books and Accounts; Financial and Project Statements. The Trustee will keep proper books of record and account, separate from all other records and accounts of the Trustee, in which complete and correct entries shall be made of all transactions relating to the Bond Payment Fund or the Project. Such books of record and accounts shall at all times during business hours be subject to the inspection of the Owners of not less than ten per cent (10%) of the aggregate amount of Bonds or their representatives authorized in writing.

  So long as any Bonds are Outstanding, the Commonwealth will annually file with the Trustee an audited financial statement of the Commonwealth for each Fiscal Year, prepared by an Independent Certified Public Accountant, as soon as practicable after such statement becomes available. The Commonwealth will furnish a copy of such audited financial statement to any Owner upon request. The Trustee shall have no duty to review such statements, but shall keep a copy of the most recent such statement filed with the Trustee, which shall at all times during business hours be subject to the inspection of any Owner or its representative authorized in writing.

SECTION 5.05  Protection of Security and Rights of Owners. The Authority will preserve and protect the security of the Bonds and the rights of the Owners, and will warrant and defend their rights against all claims and demands of all persons.

SECTION 5.06  Financing the Project. The proceeds of the Bonds will be used only to finance the Project, and none of such proceeds will be used for operating expenses of the Commonwealth or any political subdivision.

SECTION 5.07  Preservation of Benefits. The Authority on behalf of the Commonwealth will use its best efforts to preserve the benefits of the Law to the Bondholders.

SECTION 5.08  Continuing Disclosure. The Authority hereby covenants and agrees that it will comply with and carry out all of the provisions of the Continuing Disclosure Certificate. Notwithstanding any other provision of this Indenture, failure of the Authority to comply with the Continuing Disclosure Certificate shall not be considered an Event of Default, provided that the Trustee at the written request of any Participating Underwriter (as defined in the Continuing Disclosure Certificate) or the Holders of at least 25% aggregate principal amount of Outstanding Bonds, shall (but only to the extent funds in an amount satisfactory to the Trustee have been provided to it or it has been otherwise indemnified to its satisfaction from any cost, liability, expense or additional charges and fees of the Trustee whatsoever, including, without limitation, reasonable fees and expenses of its attorneys) or any Bondholder or Beneficial Owner may, take such actions as may be necessary and appropriate, including seeking mandate or specific performance by court order, to cause the Authority to comply with its obligations under this Section. For purposes of this Section, "Beneficial Owner" means any person which has or shares the power, directly or indirectly, to make investment decisions concerning ownership of any Bonds (including persons holding Bonds through nominees, depositories or other intermediaries).

SECTION 5.09  Compliance with the Law. The Commonwealth and the Authority will comply with the Law so as not to adversely affect the security for the payment of the Bonds.

SECTION 5.10  Further Assurances. The Commonwealth and the Authority will adopt, make, execute and deliver any and all such further instruments and assurances as may be reasonably necessary or proper to carry out the intention or to facilitate the performance of this Indenture, and for the better assuring and confirming unto the Owners of the Bonds of the rights and benefits provided in this Indenture.

SECTION 5.11  Tax Covenants; Rebate Fund.

(a) The Commonwealth and the Authority each covenants that it will not take any action, or fail to take any action, if any such action or failure to take action would adversely affect the exclusion from gross income of the interest on any of the Bonds under Section 103 of the Code. Neither the Commonwealth nor the Authority will directly or indirectly use or permit the use of any proceeds of the Bonds or any other funds of the Authority or the Commonwealth, or take or omit to take any action, that would cause any of the Bonds to be "private activity bonds" or "private loan bonds" within the meaning of Section 141 of the Code, or "arbitrage bonds" within the meaning of Section 148(a) of the Code, or to be "federally guaranteed" within

the meaning of Section 149(b) of the Code. To that end, the Commonwealth and the Authority will comply with all requirements of Section 148 of the Code to the extent applicable to any of the Bonds. Without limiting the generality of the foregoing, the Commonwealth and the Authority agree that there shall be paid from time to time all amounts required to be rebated to the United States pursuant to Section 148(f) of the Code and any temporary, proposed or final Treasury Regulations as may be applicable to the Bonds from time to time. In the event that at any time the Commonwealth or the Authority is of the opinion that for purposes of this Section 5.11 it is necessary to restrict or limit the yield on the investment of any moneys held by the Trustee under this Indenture, the Commonwealth or the Authority shall so instruct the Trustee in writing, and the Trustee shall take such action as may be necessary in accordance with such instructions.

(b) The Trustee shall establish and maintain a fund separate from any other fund established and maintained hereunder designated as the Rebate Fund. Notwithstanding any other provision of this Indenture to the contrary, all amounts deposited into or on deposit in the Rebate Fund shall be governed by this Section and by the Tax Certificate (which is incorporated herein by reference). The Commonwealth or the Authority shall cause to be deposited in the Rebate Fund the Rebate Requirement (as defined in the Tax Certificate) pursuant to the provisions of the Tax Certificate. Subject to the provisions of this Section 5.11, all money at any time deposited in the Rebate Fund shall be held by the Trustee in trust for payment to the federal government of the United States of America. The Commonwealth, the Authority and the Owners shall have no rights in or claim to such money.

(c) Upon the written direction of the Commonwealth or the Authority, the Trustee shall invest all amounts held in the Rebate Fund in Permitted Investments, subject to the restrictions set forth in the Tax Certificate.

(d) Upon receipt of the Rebate Instructions required to be delivered to the Trustee by the Tax Certificate, the Trustee shall remit part or all of the balances held in the Rebate Fund to the federal government of the United States of America, as so directed. In addition, if the Rebate Instructions so direct, the Trustee shall deposit moneys into or transfer moneys out of the Rebate Fund from or into such accounts or funds as the Rebate Instructions direct. Any funds remaining in the Rebate Fund after payment of all of the Bonds and payment of any required rebate amount, or provision made therefor satisfactory to the Trustee, shall be withdrawn and remitted to the Commonwealth.

(e) The Trustee shall have no obligation to pay any amounts required to be remitted pursuant to this Section, other than from moneys held in the funds and accounts created under this Indenture or from other moneys provided to it by the Commonwealth or the Authority.

(f) The Trustee shall conclusively be deemed to have complied with the provisions of this Section if it follows the directions of the Authority set forth in the Rebate Instructions, and shall not be required to take any actions thereunder in the absence of Rebate Instructions from the Authority, provided that the Trustee shall notify the Authority in writing of the Trustee's failure to receive the Rebate Instructions in a timely manner as provided in the Tax Certificate. If the Authority fails to submit the Rebate Instructions within 30 days after the

Trustee mails such written notification, the Trustee, at the sole expense of the Authority, shall obtain an opinion of Bond Counsel specifying any action the Trustee is required to make.

(g) Notwithstanding any other provision of this Indenture, the obligation of the Commonwealth or the Authority to remit or cause to be remitted any required rebate amount to the United States government and to comply with all other requirements of this Section and the Tax Certificate shall survive the defeasance or payment in full of the Bonds.

(h) Notwithstanding any provision of this Section to the contrary, if the Authority shall provide to the Trustee an opinion of Bond Counsel to the effect that any action required under this Section is no longer required, or that some further or different action is required, to maintain the exclusion from federal gross income of the interest on the Bonds pursuant to the Code, the Trustee and the Authority may conclusively rely on such opinion in complying with the provisions of this Section, and the provisions hereof shall be deemed to be modified to that extent. Nothing contained in this Section shall be construed as prohibiting the issuance of Bonds the interest on which is not excludable from gross income under Section 103 of the Code, provided that such Bonds may be issued and the proceeds thereof used without violating any of the covenants in this Section as they may apply to any other Bonds.

ARTICLE VI

THE TRUSTEE AND THE PAYING AGENT

SECTION 6.01   The Trustee and the Paying Agent. Bank of Guam is hereby appointed Trustee for the purpose of receiving all money which the Commonwealth or the Authority is required to deposit with the Trustee hereunder and to allocate, use and apply the same as provided in this Indenture. The Authority agrees that it will maintain a Trustee having a Principal Office in Guam, in Honolulu, Hawaii, or in San Francisco or Los Angeles, California, so long as any Bonds are Outstanding. U.S. Bank National Association is hereby appointed Paying Agent for the purpose of acting as paying agent, registrar and transfer agent as provided in this Indenture. The Authority agrees that it will maintain a Paying Agent (which may be the Trustee) having a Principal Office in Guam, in Honolulu, Hawaii, or in San Francisco or Los Angeles, California, so long as any Bonds are Outstanding.

So long as no Event of Default has occurred and is continuing hereunder, the Authority may remove the Trustee or the Paying Agent initially appointed, and any successor thereto, and may appoint a successor or successors thereto, provided that any such successor shall be a bank or trust company doing business and having a principal office in Guam, in Honolulu, Hawaii, or in San Francisco or Los Angeles, California, having a combined capital (exclusive of borrowed capital) and surplus of at least fifty million dollars ($50,000,000), and subject to supervision or examination by federal or state authority. If such bank or trust company publishes a report of condition at least annually, pursuant to law or to the requirements of any supervising or examining authority above referred to, then for the purposes of this section the combined capital and surplus of such bank or trust company shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition so published.

The Trustee and the Paying Agent shall be liable for only those duties expressly provided herein and no implied duties or obligations shall be read into this Indenture against the Trustee or the Paying Agent.

Neither the Trustee nor the Paying Agent shall have any responsibility with respect to any information, statement, or recital in any official statement, offering memorandum or any other disclosure material prepared or distributed with respect to the Bonds.

Neither the Trustee nor the Paying Agent shall be deemed to have knowledge of an Event of Default hereunder unless it shall have actual knowledge at its Principal Office or shall have received notice thereof from the Authority, the Commonwealth or any Owner.

No provision of this Indenture or any other document related hereto shall require the Trustee or the Paying Agent to risk or advance its own funds or otherwise incur any financial liability in the performance of its duties or the exercise of its rights hereunder.

Before taking any action under Article VIII hereof or at the request or direction of the Owners the Trustee may require indemnity satisfactory to the Trustee be furnished from any expenses and to protect it against any liability it may incur hereunder.

The immunities extended to the Trustee or the Paying Agent also extend to its directors, officers, employees and agents.

The Trustee shall not be liable for any action taken or not taken by it in accordance with the direction of a majority (or other percentage provided for herein) in aggregate principal amount of Bonds Outstanding relating to the exercise of any right, power or remedy available to the Trustee.

The permissive right of the Trustee to do things enumerated in this Indenture shall not be construed as a duty.

The Trustee may execute any of the trusts or powers hereof and perform any of its duties through attorneys, agents and receivers and shall not be answerable for the conduct of the same if appointed by it with reasonable care and if such appointment is approved by the Authority. Notwithstanding the foregoing, nothing herein shall be construed to prohibit the Trustee from the execution and performance of its duties hereunder through attorneys, agents and employees customarily used by the Trustee in the ordinary course of the Trustee's business.

SECTION 6.03    Notice to Trustee or Paying Agent. The Trustee and the Paying Agent shall be protected in acting upon any notice, resolution, request, consent, order, certificate, report, Bond or other paper or document believed by it to be genuine and to have been signed or presented by the proper party or parties. The Trustee and the Paying Agent may consult with counsel, who may be counsel to the Authority, with regard to legal questions, and the opinion of such counsel shall be full and complete authorization and protection in respect of any action taken or suffered hereunder in good faith and in accordance therewith.

Neither the Trustee nor the Paying Agent shall be bound to recognize any person as the Owner of a Bond unless and until such Bond is submitted for inspection, if required, and its title thereto satisfactorily established, if disputed.

Whenever in the administration of its duties under this Indenture the Trustee or the Paying Agent shall deem it necessary or desirable that a matter be proved or established prior to taking or suffering any action hereunder, such matter (unless other evidence in respect thereof be herein specifically prescribed) may, in the absence of bad faith on the part of the Trustee or the Paying Agent, be deemed to be conclusively proved and established by a Written Certificate and such certificate shall be full warrant to the Trustee or the Paying Agent for any action taken or suffered under the provisions of this Indenture upon the faith thereof, but in its discretion the Trustee or the Paying Agent may, in lieu thereof, accept other evidence of such matter or may require such additional evidence as to it may seem reasonable.

## ARTICLE VII

## AMENDMENT OF THE INDENTURE

SECTION 7.01    <u>Amendment by Consent of Owners</u>. This Indenture and the rights and obligations of the Commonwealth and the Authority and of the Owners may be amended at any time by a Supplemental Indenture which shall become binding when the written consents of the Owners of a majority in aggregate principal amount of Bonds, exclusive of Bonds disqualified as provided in Section 7.02, are filed with the Trustee. No such amendment shall (1) extend the maturity of or reduce the interest rate on, or otherwise alter or impair the obligation of the Commonwealth to pay the interest or principal at the time and place and at the rate and in the currency provided herein of any Bond, without the express written consent of the Owner of such Bond, or (2) permit the creation by the Authority of any claim on amounts in any fund or account created under this Indenture (except the Rebate Fund) superior to or on a parity with the pledge and lien created in this Indenture for the benefit of the Bonds, without the express written consent of the Owner of such Bond, or (3) reduce the percentage of Bonds required for the written consent to any such amendment, without the express written consent of the Owner of such Bond, or (4) modify the rights or obligations of the Trustee or the Paying Agent without its prior written assent thereto.

This Indenture and the rights and obligations of the Authority and of the Owners may also be amended at any time by a Supplemental Indenture which shall become binding upon adoption, without the consent of any Owners, but only to the extent permitted by law and only for any one or more of the following purposes:

(a) To add to the covenants and agreements of the Authority in this Indenture contained, other covenants and agreements thereafter to be observed, or to surrender any right or power herein reserved to or conferred upon the Authority;

(b) To make such provisions for the purpose of curing any ambiguity, or of curing, correcting or supplementing any defective provision contained in this Indenture, or in regard to questions arising under this Indenture, as the Authority may deem necessary or

desirable and not inconsistent with this Indenture, and which shall not materially adversely affect the interests of the Owners of the Bonds;

  (c) To modify, amend or supplement this Indenture in such manner as to permit the qualification hereof under the Trust Indenture Act of 1939, as amended, or any similar federal statute hereafter in effect, and to add such other terms, conditions and provisions as may be permitted by said act or similar federal statute, and which shall not materially adversely affect the interests of the Owners of the Bonds;

  (d) To maintain the exclusion of interest on the Bonds from gross income for federal income tax purposes;

  (e) To obtain a bond insurance policy or a rating on the Bonds; or

  (f) To make any other change that does not, in the opinion of the Trustee, materially adversely affect the interests of the Bondholders.

 SECTION 7.02 Disqualified Bonds. Bonds owned or held by or for the account of the Authority or the Commonwealth shall not be deemed Outstanding for the purpose of any consent or other action or any calculation of Outstanding Bonds in this article provided for, and shall not be entitled to consent to, or take any other action in this article provided for.

 SECTION 7.03 Endorsement or Replacement of Bonds After Amendment. After the effective date of any action taken as hereinabove provided, the Authority may determine that the Bonds may bear a notation, by endorsement in form approved by the Authority, as to such action, and in that case upon demand of the Owner of any Bond Outstanding at such effective date and presentation of its Bond for the purpose at the Principal Office of the Paying Agent or at such other office as the Paying Agent may select and designate for that purpose, a suitable notation as to such action shall be made on such Bond. If the Authority shall so determine, new Bonds so modified as, in the opinion of the Authority, shall be necessary to conform to such action shall be prepared and executed, and in that case upon demand of the Owner of any Bond Outstanding at such effective date such new Bonds shall be exchanged at the Principal Office of the Paying Agent or at such other office as the Paying Agent may select and designate for that purpose, without cost to each Owner, for Bonds then Outstanding, upon surrender of such Outstanding Bonds.

 SECTION 7.04 Amendment by Mutual Consent. The provisions of this article shall not prevent any Owner from accepting any amendment as to the particular Bonds held by him, provided that due notation thereof is made on such Bonds.

 SECTION 7.05 Opinion of Bond Counsel. The Trustee may conclusively accept an opinion of Bond Counsel to the Authority that an amendment of this Indenture is in conformity with the provisions of this article.

## ARTICLE VIII

### EVENTS OF DEFAULT AND REMEDIES OF OWNERS

SECTION 8.01   Events of Default and Acceleration of Maturities. Each of the following events shall constitute an "Event of Default":

(a) If default shall be made in the due and punctual payment of the principal of any Bond when and as the same shall become due and payable, whether at maturity as therein expressed, by declaration or otherwise;

(b) If default shall be made in the due and punctual payment of the interest on any Bond when and as the same shall become due and payable; or

(c) If default shall be made by the Authority in the observance of any of the other agreements, conditions or covenants on its part in this Indenture or in the Bonds contained, and such default shall have continued for a period of thirty (30) days after the Authority shall have been given notice in writing of such default by the Trustee; provided that such default shall not constitute an Event of Default hereunder if the Authority shall commence to cure such default within said 30-day period and thereafter diligently and in good faith proceed to cure such default within a reasonable period of time.

In each and every such case during the continuance of such Event of Default, the Trustee may, and upon the written request of the Owners of not less than twenty-five percent (25%) in aggregate amount of Bonds Outstanding, shall, by notice in writing to the Authority, declare the principal of all of the Bonds then Outstanding, and the interest accrued thereon, to be due and payable immediately, and upon any such declaration the same shall become and shall be immediately due and payable, anything in this Indenture or in the Bonds contained to the contrary notwithstanding.

If, at any time after the principal of the Bonds shall have been so declared due and payable, and before any judgment or decree for the payment of the money due shall have been obtained or entered, the Authority shall deposit with the Trustee a sum sufficient to pay all principal on the Bonds matured prior to such declaration and all matured installments of interest (if any) upon all the Bonds, and the reasonable fees and expenses of the Trustee and the Paying Agent, and any and all other defaults known to the Trustee (other than in the payment of principal of and interest on the Bonds due and payable solely by reason of such declaration) shall have been made good or cured to the satisfaction of the Trustee or provision deemed by the Trustee to be adequate shall have been made therefor, then, and in every such case, the Owners of at least twenty-five percent (25%) in aggregate amount of Bonds Outstanding, by written notice to the Authority and to the Trustee may, on behalf of the Owners of all of the Bonds, rescind and annul such declaration and its consequences. No such rescission and annulment shall extend to or shall affect any subsequent default, or shall impair or exhaust any right or power consequent thereon.

SECTION 8.02   Application of Funds Upon Acceleration. All money in the funds and accounts provided for in this Indenture upon the date of the declaration of acceleration by the

Trustee as provided in Section 8.01, and all moneys thereafter received by the Trustee hereunder, shall be applied by the Trustee in the following order:

First, to the payment of the costs and expenses of the Trustee in providing for the declaration of such Event of Default, including reasonable compensation to their agents, attorneys and counsel, and to the payment of the costs and expenses of the Trustee, if any, in carrying out the provisions of this article, including reasonable compensation to its agents, attorneys and counsel;

Second, upon presentation of the several Bonds, and the stamping thereon of the amount of the payment if only partially paid, or upon the surrender thereof if fully paid, to the payment of the whole amount then owing and unpaid upon the Bonds for interest and principal, and in case such money shall be insufficient to pay in full the whole amount so owing and unpaid upon the Bonds, then to the payment of such interest, principal, and interest on overdue interest and principal without preference or priority among such interest, principal, and interest on overdue interest and principal, ratably to the aggregate of such interest, principal, and interest on overdue interest and principal.

SECTION 8.03    Trustee to Represent Bondholders. The Trustee is hereby irrevocably appointed (and the successive respective Owners of the Bonds, by taking and owning the same, shall be conclusively deemed to have so appointed the Trustee) as trustee and true and lawful attorney-in-fact of the Owners of the Bonds for the purpose of exercising and prosecuting on their behalf such rights and remedies as may be available to such Owners under the provisions of the Bonds, this Indenture, the Law and applicable provisions of any other law. Upon the occurrence and continuance of an Event of Default or other occasion giving rise to a right in the Trustee to represent the Owners of the Bonds, the Trustee in its discretion may, and upon the written request of the Owners of not less than twenty-five per cent (25%) in aggregate amount of Bonds then Outstanding, and upon being indemnified to its satisfaction therefor, shall, proceed to protect or enforce its rights or the rights of such Owners by such appropriate action, suit, mandamus or other proceedings as it shall deem most effectual to protect and enforce any such right, at law or in equity, either for the specific performance of any covenant or agreement contained herein, or in aid of the execution of any power herein granted, or for the enforcement of any other appropriate legal or equitable right or remedy vested in the Trustee or in such Owners under this Indenture, the Law or any other law. All rights of action under this Indenture or the Bonds or otherwise may be prosecuted and enforced by the Trustee without the possession of any of the Bonds or the production thereof in any proceeding relating thereto, and any such suit, action or proceeding instituted by the Trustee shall be brought in the name of the Trustee for the benefit and protection of all the Owners of such Bonds, subject to the provisions of this Indenture.

SECTION 8.04    Bondholders' Direction of Proceedings. The Owners of a majority in aggregate principal amount of the Bonds then Outstanding shall have the right, by an instrument or concurrent instruments in writing executed and delivered to the Trustee, to direct the method of conducting all remedial proceedings taken by the Trustee hereunder, provided that such direction shall not be otherwise than in accordance with law and the provisions of this Indenture, and that the Trustee shall have the right to decline to follow any such direction which

in the opinion of the Trustee would be unjustly prejudicial to Bondholders not parties to such direction.

SECTION 8.05    Limitation on Bondholders' Right to Sue. No Owner of any Bond shall have the right to institute any suit, action or proceeding at law or in equity, for the protection or enforcement of any right or remedy under this Indenture, the Law or any other applicable law with respect to such Bond, unless (1) such Owner shall have given to the Trustee written notice of the occurrence of an Event of Default; (2) the Owners of not less than twenty-five per cent (25%) in aggregate amount of Bonds then Outstanding shall have made written request upon the Trustee to exercise the powers hereinbefore granted or to institute such suit, action or proceeding in its own name; (3) such Owner or said Owners shall have tendered to the Trustee reasonable indemnity against the costs, expenses and liabilities to be incurred in compliance with such request; and (4) the Trustee shall have refused or omitted to comply with such request for a period of sixty (60) days after such written request shall have been received by, and said tender of indemnity shall have been made to, the Trustee, provided that nothing contained herein shall affect or impair the right of action of any Owner to institute suit directly against the Authority to enforce payment on such Bond.

Such notification, request, tender of indemnity and refusal or omission are hereby declared, in every case, to be conditions precedent to the exercise by any Owner of Bonds of any remedy hereunder or under law, it being understood and intended that no one or more Owner of Bonds shall have any right in any manner whatever by its or their action to affect, disturb or prejudice the security of this Indenture or the rights of any other Owners of Bonds, or to enforce any right under this Indenture, the Law or other applicable law with respect to the Bonds, except in the manner herein provided, and that all proceedings at law or in equity to enforce any such right shall be instituted, had and maintained in the manner herein provided and for the benefit and protection of all Owners of the Outstanding Bonds, subject to the provisions of this Indenture.

SECTION 8.06    Non-Waiver. Nothing in this article or in any other provision of this Indenture, or in the Bonds, shall affect or impair the obligation of the Authority, which is absolute and unconditional, to pay the interest on and principal of the Bonds to the respective Owners of the Bonds at the respective dates of maturity, as herein provided, or affect or impair the right of action, which is also absolute and unconditional, of such Owners to institute suit to enforce such payment by virtue of the contract embodied in the Bonds and in this Indenture.

A waiver of any default or breach of duty or contract by any Owner shall not affect any subsequent default or breach of duty or contract, or impair any rights or remedies on any such subsequent default or breach. No delay or omission by any Owner to exercise any right or power accruing upon any default shall impair any such right or power or shall be construed to be a waiver of any such default or an acquiescence therein, and every power and remedy conferred upon the Owners by the Law or by this article may be enforced and exercised from time to time and as often as shall be deemed expedient by the Owners.

If any suit, action or proceeding to enforce any right or exercise any remedy is abandoned or determined adversely to the Owners, the Trustee, the Authority and the Owners shall be

restored to their former positions, rights and remedies as if such suit, action or proceeding had not been brought or taken.

SECTION 8.07  Remedies Not Exclusive. No remedy herein conferred upon or reserved to the Trustee or the Owners is intended to be exclusive of any other remedy. Every such remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing, at law or in equity or by statute or otherwise, and may be exercised without exhausting and without regard to any other remedy conferred by the Law or any other law.

## ARTICLE IX

## DEFEASANCE

SECTION 9.01  Discharge of Indebtedness. If the Commonwealth or the Authority shall pay or cause to be paid, or there shall otherwise be paid, to the Owners of all Outstanding Bonds the interest due thereon and the principal thereof, at the times and in the manner stipulated therein and in this Indenture, then all covenants, agreements and other obligations of the Commonwealth and the Authority to the Owners of such Bonds under this Indenture shall thereupon cease, terminate and become void and be discharged and satisfied. In such event, the Trustee shall execute and deliver to the Authority all such instruments as may be desirable to evidence such discharge and satisfaction, and the Trustee shall pay over or deliver to the Commonwealth all money or securities held by it pursuant to this Indenture which are not required for the payment of the interest due on and the principal of such Bonds, other than the moneys, if any, in the Rebate Fund.

Bonds for the payment of which money shall have been set aside (through deposit by the Commonwealth or the Authority or otherwise) to be held in trust by the Trustee for such payment at the maturity thereof shall be deemed, as of the date of such setting aside, to have been paid within the meaning and with the effect expressed in the first paragraph of this section.

Any Outstanding Bonds shall prior to the maturity thereof be deemed to have been paid within the meaning and with the effect expressed in the first paragraph of this section if (1) there shall have been deposited with the Trustee either money (insured at all times by the Federal Deposit Insurance Corporation or otherwise collateralized by Federal Securities) in an amount which shall be sufficient, or Federal Securities the principal of and the interest on which when paid will provide money which, together with the money, if any, deposited with the Trustee at the same time, shall be sufficient, to pay when due the interest due and to become due on such Bonds on and prior to the maturity thereof, the principal of such Bonds, and the premium, if any, due on such Bonds, as verified by an independent certified public accountant or a firm of independent certified public accountants, and (2) an opinion of nationally recognized bond counsel addressed to the Authority shall be delivered to the effect that the Bonds are no longer "Outstanding" under this Indenture and that the refunding and defeasance will not adversely impact the exclusion from gross income for federal income tax purposes of interest on the refunding bonds or the Bonds.

and provisions contained in this Indenture by or on behalf of the Commonwealth, the Authority or any legislator, official (elected or appointed), member, officer or employee thereof shall bind and inure to the benefit of the respective successors thereof whether so expressed or not.

SECTION 10.04   Execution of Documents by Owners. Any request, declaration or other instrument which this Indenture may require or permit to be executed by Owners may be in one or more instruments of similar tenor, and shall be executed by Owners in person or by their attorneys appointed in writing.

Except as otherwise herein expressly provided, the fact and date of the execution by any Owner or its attorney of such request, declaration or other instrument, or of such writing appointing such attorney, may be proved by the certificate of any notary public or other officer authorized to take acknowledgments of deeds to be recorded in the state or territory in which he purports to act that the person signing such request, declaration or other instrument or writing acknowledged to him the execution thereof, or by an affidavit of a witness of such execution, duly sworn to before such notary public or other officer.

The Trustee may nevertheless in its discretion require further or other proof in cases where it deems the same desirable. The ownership of registered Bonds and the amount, maturity, number and date of holding the same shall be proved by the registry books provided for in Section 2.07.

Any request, declaration or other instrument or writing of the Owner of any Bond shall bind all future Owners of such Bond in respect of anything done or suffered to be done by the Commonwealth, the Authority, the Trustee or the Paying Agent in good faith and in accordance therewith.

SECTION 10.05   Waiver of Personal Liability. No legislator, official (elected or appointed), member, officer or employee of the Authority or the Commonwealth shall be individually or personally liable for the payment of the interest on or principal of the Bonds, but nothing herein contained shall relieve any legislator, official (elected or appointed), member, officer or employee of the Authority or the Commonwealth from the performance of any official duty provided by law.

SECTION 10.06   Acquisition of Bonds by Commonwealth or the Authority. All Bonds acquired by the Commonwealth or the Authority, whether by purchase or gift or otherwise, shall be surrendered to the Paying Agent for cancellation.

SECTION 10.07   Destruction of Cancelled Bonds. Whenever in this Indenture provision is made for return to the Authority of any Bonds which have been cancelled pursuant to the provisions of this Indenture, the Authority may, by a Written Request, direct the Paying Agent to destroy such Bonds and furnish to the Authority a certificate of such destruction.

SECTION 10.08   Content of Certificates and Reports. Every certificate or report with respect to compliance with a condition or covenant provided for in this Indenture shall include (a) a statement that the person or persons making or giving such certificate or report have read such covenant or condition and the definitions herein relating thereto; (b) a brief statement as to the nature and scope of the examination or investigation upon which the statements or

opinions contained in such certificate or report are based; (c) a statement that, in the opinion of the signers, they have made or caused to be made such examination or investigation as is necessary to enable them to express an informed opinion as to whether or not such covenant or condition has been complied with; and (d) a statement as to whether, in the opinion of the signers, such condition or covenant has been complied with.

Any such certificate made or given by an official or officer of the Authority or the Commonwealth may be based, insofar as it relates to legal matters, upon a certificate or opinion of or representations by counsel, unless such official or officer knows that the certificate or opinion or representations with respect to the matters upon which his certificate may be based, as aforesaid, are erroneous, or in the exercise of reasonable care should have known that the same were erroneous. Any such certificate or opinion or representation made or given by counsel may be based, insofar as it relates to factual matters information with respect to which is in the possession of the Authority or the Commonwealth, upon the certificate or opinion of or representations by an official or officer or officers of the Authority or the Commonwealth, unless such counsel knows that the certificate or opinion or representations with respect to the matters upon which his certificate, opinion or representation may be based, as aforesaid, are erroneous, or in exercise of reasonable care should have known that the same were erroneous.

SECTION 10.09    Funds and Accounts. Any fund or account required by this Indenture to be established and maintained by the Authority or the Trustee may be established and maintained in the accounting records of the Authority or the Trustee either as a fund or an account, and may, for the purposes of such records, any audits thereof and any reports or statements with respect thereto, be treated either as a fund or as an account; but all such records with respect to all such funds and accounts shall at all times be maintained in accordance with sound industry practices and with due regard for the protection of the security of the Bonds and the rights of the Owners.

SECTION 10.10    Article and Section Headings and References. The headings or titles of the several articles and sections hereof, and the table of contents appended hereto, shall be solely for convenience of reference and shall not affect the meaning, construction or effect of this Indenture.

All references herein to "Articles," "Sections" and other subdivisions are to the corresponding articles, sections or subdivisions of this Indenture; and the words "herein," "hereof," "hereunder" and other words of similar import refer to this Indenture as a whole and not to any particular article, section or subdivision hereof.

SECTION 10.11    Partial Invalidity. If any one or more of the agreements or covenants or portions thereof provided in this Indenture to be performed on the part of the Commonwealth or the Authority (or the Trustee or the Paying Agent) should be contrary to law, then such agreement or agreements, such covenant or covenants, or such portions thereof, shall be null and void and shall be deemed separable from the remaining agreements and covenants or portions thereof and shall in no way affect the validity of this Indenture or of the Bonds; but the Owners shall retain all the rights and benefits accorded to them under the Law or any other applicable provisions of law. The Authority hereby declares that it would have entered into this Indenture and each and every other section, paragraph, subdivision, sentence, clause and phrase

hereof and would have authorized the issuance of the Bonds pursuant hereto irrespective of the fact that any one or more sections, paragraphs, subdivisions, sentences, clauses or phrases of this Indenture or the application thereof to any person or circumstance may be held to be unconstitutional, unenforceable or invalid.

SECTION 10.12   Notices. All notices required to be given hereunder to the Authority, the Commonwealth, the Trustee or the Paying Agent shall be sent to the following addresses:

| | |
|---|---|
| Authority: | Commonwealth Development Authority<br>P. O. Box 502149<br>Saipan, MP 96950<br>Attention: Executive Director |
| Commonwealth: | Commonwealth of the Northern Mariana Islands<br>Capitol Hill, P.O. Box 5234<br>Saipan, MP 96950<br>Attention: Secretary of Finance |
| Trustee: | Bank of Guam<br>111 Chalan Santo Papa, 6th Floor<br>Hagatna, Guam 96910<br>Attention: Corporate Trust Department |
| Paying Agent: | U.S. Bank National Association<br>633 West Fifth Street, 24th Floor<br>Los Angeles, CA 90071<br>Attention: Corporate Trust Services<br>Reference: Comm. No. Mariana Islands G.O. Bonds |

SECTION 10.13   Governing Law. This Indenture shall be construed and governed in accordance with the laws of the Commonwealth.

SECTION 10.14   Counterparts. This Indenture may be executed in any number of counterparts, each of which shall for all purposes be deemed to be an original; and all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, the Authority and the Trustee have entered into this Indenture of Trust by their officials and officers thereunto duly authorized as of the day and year first above written.

COMMONWEALTH DEVELOPMENT AUTHORITY, for and on behalf of COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

By _____
                Chairman

By _____
           Executive Director


BANK OF GUAM, as Trustee

By _____
           Authorized Officer

By _____
           Authorized Officer


Acknowledged and Agreed:

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

By _____
Title: Governor

Acknowledged and Agreed:

U.S. BANK NATIONAL ASSOCIATION, as Paying Agent

By _____
           Authorized Officer