

# HOUSE OF REPRESENTATIVES
### THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

**Public Law No. 13-25**

## HOUSE BILL NO. 13-161, HD1

## AN ACT

TO AMEND THE LAND COMPENSATION ACT OF 2002 (PUBLIC LAW 13-17), AND FOR OTHER PURPOSES.



**Offered by Representatives:** Jesus T. Attao, Martin B. Ada, Francisco DLG. Aldan, Oscar M. Babauta, Gloria DLC. Cabrera, Pedro P. Castro, Joseph P. Deleon Guerrero, Heinz S. Hofschneider, Arnold I. Palacios, Herman T. Palacios, Norman S. Palacios, Daniel O. Quitugua, Andrew S. Salas, Benjamin B. Seman, Ramon A. Tebuteb, Manuel A. Tenorio, Stanley T. Torres, and William S. Torres

**Date:** July 23, 2002

> Referred to: N/A
> Public Hearing: None
> Standing Committee Report: None

### PASSED by the HOUSE OF REPRESENTATIVES

▮▮▮▮▮▮▮▮          on    **First and Final Reading**



Referred to: Committee on Resources, Economic Development and Programs
Public Hearing: None
Standing Committee Report: 13-46

### PASSED by the SENATE

▮▮▮▮▮▮▮▮          on    **Final Reading**

Evelyn C. Fleming
House Clerk

# ATTACHMENT "C"

THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

SIXTH SPECIAL SESSION, 2002

Public Law No. 13-25
H. B. NO. 13-161, HD1

## AN ACT

TO AMEND THE LAND COMPENSATION ACT OF 2002 (PUBLIC LAW 13-17), AND FOR OTHER PURPOSES.

### BE IT ENACTED BY THE THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

1　　Section 1. Amendments. The Land Compensation Act of 2002 (Public Law 13-17)
2　is hereby amended as follows:
3　　　　(1) Section 3 (a) is amended to read as follows:
4　　　　　　(a) The Marianas Public Lands Authority shall hereby incur public
5　debt in an amount up to $40,000,000, for the financing of the retirement of land
6　compensation claims against the Commonwealth for land taking by eminent domain
7　or other legal process. In accordance with 4 CMC § 10203(a)(27), the Marianas
8　Public Lands Authority shall arrange for the public debt mandated under this Act in
9　cooperation with, and subject to the approval of, the Commonwealth Development
10　Authority.
11　　　(2) Subsection (e)(ii) of 4 CMC § 1803, enacted by Public Law 13-17, is
12　hereby amended as follows:
13　　　　　　(ii) After the amount in subparagraph (i) has been transferred, and
14　notwithstanding any law to the contrary, on or before October 1, 2002 with
15　MPLA securing the $40,000,000 mandated by PL 13-17, as amended, and
16　annually thereafter, the Department of Finance shall deposit the balance
17　amount of the liquid fuel tax collected under 4 CMC § 1403(a) and the entire
18　amount of the aviation tax collected under 4 CMC § 1403(b) into the Land
19　Compensation Fund. Such funds shall be continually appropriated to the

1  Marianas Public Lands Authority for the sole purpose of paying the principal

2  and interest on any financing authorized by PL 13-17, as amended. Provided,

3  that, in the event the amount in the Land Compensation Fund is insufficient to

4  cover any requisite payment, the Governor is hereby authorized,

5  notwithstanding any contrary law, to pay the remaining balance from the

6  general fund. The funds in the Land Compensation Fund shall be nonlapsing,

7  except, upon certification by the Secretary of Finance that all principal and

8  interest on all financing has been paid in full and discharged, any funds

9  remaining in the Land Compensation Fund shall lapse to the general fund.

10  **(3) The Land Compensation Act of 2002 (Public Law 13-17) is further**

11  **amended by adding the following new sections 9-14, and by renumbering**

12  **affected existing sections accordingly:**

13  "Section 9. Method for Valuation of Land. For purposes of this Act,

14  land owners shall receive just compensation based on the fair market value of

15  the land at the time of taking by the Commonwealth. MPLA may use as a

16  guide the procedures set forth in 2 CMC §§ 4712(a)(2) and (3) to determine

17  fair market value at the time of taking.

18  Section 10. Administrative Hearing.

19  (a) If, upon a written offer of just compensation, a land owner disputes

20  the method used to determine, or the amount of, the just compensation offered

21  by the Commonwealth to resolve the land compensation claim, the land owner

22  shall have 20 days to make a written request for an administrative hearing to

23  protest the offer.

24  (b) For purposes of a hearing conducted pursuant to this section and

25  for purposes of 1 CMC §§ 9109 and 9110:

26  (1) "Agency" shall mean such hearing officer appointed by the

27  Commissioner of the Marianas Public Lands Authority, and

Public Law No. 13-25
HOUSE BILL NO. 13-161, HD1

1        (2)    The agency shall have the general power to issue

2    subpoenas, summon witnesses, require production, administer oaths,

3    and other powers that may be necessary to effectively implement this

4    Act.

5        (c) All hearings shall be commenced within 30 days of the filing of

6    the written protest by the land owner. Adequate notice shall be given to all

7    parties and opportunity shall be made available to them to present such

8    evidence as they may desire. All hearings shall be conducted pursuant to 1

9    CMC § 9109.

10        (d) The agency shall upon concluding the hearing issue findings,

11    decision and orders within 30 days. Issuance of findings, orders and decisions

12    upon hearing shall be pursuant to 1 CMC § 9110, but shall not be judicially

13    reviewable until final.

14        Section 11. Administrative Review.

15        (a) Within 15 days of the date of service upon any person or party

16    affected by findings, orders, or decisions of the agency made pursuant to

17    Section 10 of this Act may appeal to the Board of Public Lands by written

18    notice. If no appeal is made to the board within 15 days of the date of service

19    of the original findings, orders or decisions, the findings, orders or decisions

20    shall be unreviewable administratively or judicially.

21        (b) Upon review, the board may at its discretion:

22        (1) Restrict review to the existing record;

23        (2) Supplement the record with new evidence;

24        (3) Hear oral argument; or

25        (4) Hear the matter de novo, in which case the hearing shall be

26    conducted pursuant to 1 CMC §§ 9109 and 9110.

27        (c) Upon completion of review, the Board of Public Lands shall confirm or

28    modify the agency findings, order or decision in writing within 30 days. Any

1    modification shall include supplemental findings.    The board's decision shall

2    constitute final action for purposes of judicial review.

3        Section 12. Judicial Review. Judicial review of a final action of the Board of

4    Public Lands is authorized after exhaustion of administrative remedies, and must be

5    initiated within 15 days of the final action.    Judicial review shall be pursuant to

6    1 CMC § 9112. Provided, however, notice of all actions and proceedings pursuant to

7    this section shall be served on the Attorney General.    Notwithstanding any provision

8    of law to the contrary, judicial review shall be confined to the administrative record.

9        Section 13. Rulemaking Authority. The Commissioner with the approval of

10    the Board shall promulgate rules and regulation to implement the intent of this Act

11    pursuant to the Commonwealth Administrative Procedure Act, prior to

12    implementation of any negotiations of land claims pursuant to this Act.

13        Section 14. Funding. Notwithstanding any provision of law, the Board of

14    Public Lands shall utilize funds retained from all moneys received from public lands

15    to meet reasonable expenses of obtaining appraisals for the purposes of this Act and

16    for conducting the administrative hearings and review provided herein."

17    Section 2. Severability. If any provisions of this Act or the application of any such

18    provision to any person or circumstance should be held invalid by a court of competent

19    jurisdiction, the remainder of this Act or the application of its provisions to persons or

20    circumstances other than those to which it is held invalid shall not be affected thereby.

21    Section 3. Savings Clause. This Act and any repealer contained herein shall not be

22    construed as affecting any existing right acquired under contract or acquired under statutes

23    repealed or under any rule, regulation or order adopted under the statutes.    Repealers

24    contained in this Act shall not affect any proceeding instituted under or pursuant to prior law.

25    The enactment of the Act shall not have the effect of terminating, or in any way modifying,

26    any liability, civil or criminal, which shall already be in existence on the date this Act

27    becomes effective.

Public Law No. 13—25
HOUSE BILL NO. 13-161, HD1

1       **Section 4.**   **Effective Date.**   This Act shall take effect upon its approval by the

2  Governor, or it becoming law without such approval.


CERTIFIED BY:                   ATTESTED TO BY:

_____          _____
HEINZ S. HOFSCHNEIDER          EVELYN C. FLEMING
SPEAKER OF THE HOUSE            HOUSE CLERK


*Approved*     this 20ᵗʰ day of _September_, 2002

_____
JUAN N. BABAUTA
GOVERNOR
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS