# APPENDIX - 1

Public Law 13-17

PL 13-17



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

**Juan N. Babauta**
Governor

**Diego T. Benavente**
Lieutenant Governor

GOV. COMM. 13-234
(HOUSE)

JUL 2 3 2002



Honorable Heinz S. Hofschneider
Speak, House of Representatives
Thirteenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

Honorable Paul A. Manglona
President of the Senate
Thirteenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

Dear Mr. President and Mr. Speaker:

This is to inform you that I have signed into law House Bill No. 13-001, entitled, "To authorize the Marianas Public Lands Authority in conjunction with the Commonwealth Development Authority to incur public debt in an amount of up to Forty Million Dollars ($40,000,000) for the settlement of land compensation claims; and for other purposes," which was passed by the Thirteenth Northern Marianas Commonwealth Legislature.

The intent of the bill is laudable and the Administration fully supports prompt compensation of land owners for takings of land by eminent domain or other legal process. The Administration also concurs with the Legislature that the prior practice of settling land taking claims through an exchange of public land is no longer a desirable method given the diminishing availability of public land and other competing needs for it. Therefore, the Administration fully supports the establishment of a compensation program to pay for the taking of private lands for public uses.

However, the Administration is concerned with the number of potential pitfalls contained in H.B. 13-001 as drafted. It is with the understanding that these areas of concern will be promptly addressed through amending legislation and assurances thereof that I sign H.B. 13-001 into law. As H.B. 13-001 is currently written, many of the exact same or similar problems currently experienced in settling land takings claims through public land exchanges are present, creating the same recipe for frustration and delay. Proposed amendments are attached hereto for consideration by the sponsors.

1634

Therefore, it is only with the utmost assurances from the sponsors of H.B. 13-001 that these problems will be corrected, that I am persuaded to sign House Bill 13-001 into law. This bill becomes **Public Law 13-17.** Copies bearing my signature are forwarded for your reference.

Sincerely,

JUAN N. BABAUTA

Attachment – (1)

Cc:  Chairman, Board of Directors, Marianas Public Lands Authority
     Chairman, Board of Directors, Commonwealth Development Authority
     Secretary, Department of finance
     Special Assistant, Managements and Budget;
     Special Assistant, Administration
     Acting Special Assistant, Programs & Legislative Review

Proposed Amendments to HB 13-001: The Land Compensation Act of 2002.

**Section 5.** <u>Amendment.</u> Subsection (e) of 4 CMC § 1803 is amended as follows:

"(e) <u>Fuel tax distribution.</u>

<u>(i)</u> Notwithstanding any law to the contrary, beginning October 1, 1998, and annually thereafter, the Department of Finance shall deposit $2,000,000, collected from the liquid fuel tax imposed under 4 CMC §1403(a) into the Public School System Building Fund established in 1 CMC §2281. Such funds shall be continually appropriated to the Public School System for the sole purpose of paying the principal and interest on any financing entered into by the Public School System pursuant to House Joint Resolution 10-36. The funds shall be nonlapsing except that upon certification by the Secretary of Finance that all principal and interest on all financing has been paid in full and discharged, any funds remaining in the Public School System Fund shall lapse to the general fund.

<u>(ii)</u> **After** <u>the amount in subparagraph (i) has been transferred, and notwithstanding any law to the contrary,</u> ~~beginning October 1, 2002~~ **upon the Marianas Public Land Authority securing the $40,000,000 authorized by the Land Compensation Act of 2002** <u>and annually thereafter, the Department of Finance shall deposit the balance amount of the liquid fuel tax collected under 4 CMC §1403(a) and the entire amount of the aviation tax collected under</u> **4 CMC §1403(b)** <u>into the Land Compensation Fund. Such funds shall be continually appropriated to the Marianas Public Lands Authority for the sole pupose of paying the principal and interest on any financing authorized by</u> ~~this~~ **the Land Compensation Act of 2002.** <u>Provided, that, in the event the amount in the Land Compensation Fund is insufficient to cover any requisite payment the Governor is hereby authorized, notwithstanding any contrary law, to pay the remaining balance from the general fund. The funds in the Land Compensation Fund shall be nonlapsing, except, upon certification by the Secretary of Finance that all principal and interest on all financing has been paid in full and discharged, any funds remaining in the Land Compensation</u> **Fund** <u>shall lapse to the general fund.</u>"

**Section 9.** Method for Valuation of Land.

For the purposes of this Act, the procedures set forth in 2 CMC §4712(a)(2) and (3) shall be used to determine the fair market value of the land at the time of the taking by the Commonwealth. Provided, further, notwithstanding the language set forth in subparagraph (3), just compensation shall be based on the appraisal of the value at the time of the taking.

**Section 10.** Administrative Hearing.

(a) If, upon a written offer of just compensation, a land owner disputes the method used to determine, or the amount of, the just compensation offered by the Commonwealth to resolve the land compensation claim, the land owner shall have twenty (20) days to make a written request for an administrative hearing to protest the offer.

(b) For purposes of hearing conducted pursuant to this section and for purposes of 1 CMC §§ 9109 and 9110:

    (1) "Agency" shall mean the such hearing officer as appointed by the Board of Directors of the Marianas Public Land Authority, and

    (2) The agency shall have the general power to issue subpoenas, summon witnesses, require production, administer oaths, and other powers that may be necessary to effectively implement this Act.

(c) All hearings shall be commenced within 30 days of the filing of the written protest by the land owner. Adequate notice shall be given to all parties and opportunity shall be made available to them to present such evidence as they may desire. All hearings shall be conducted pursuant to 1 CMC §9109.

(d) The agency shall upon concluding the hearing issue findings, decision and orders within 30 days. Issuance of findings, orders and decisions upon hearing shall be pursuant to 1 CMC §9110, but shall not be judicially reviewable until final.

**Section 11. Administrative Review.**

(a) Within 20 days of issuance any person or party affected by findings, orders, or decisions of the agency made pursuant to Section 10 of this Act may appeal to the Board of Directors by written notice. If no appeal is made to the Board of Directors within 20 days of issuance of the original findings, orders or decisions, the findings, orders or decisions shall be unreviewable administratively or judicially.

(b) Upon review, the Board of Directors may, at the Board of Directors' discretion:

    (1) Restrict review to the existing record;

    (2) Supplement the record with new evidence;

    (3) Hear oral argument; or

    (4) Hear the matter de novo, in which case the hearing shall be conducted pursuant to 1 CMC §§9109 and 9110.

(c) Upon completion of review, the Board of Directors shall confirm or modify the agency findings, order or decision in writing within 30 days. Any modification shall include supplemental findings. The Board of Directors' decision shall constitute final action for purposes of judicial review.

**Section 12. Judicial Review.**

Judicial review of a final action of the Board of Directors is authorized after exhaustion of administrative remedies, and must be initiated within 20 days of the final action. Judicial review shall be pursuant to 1 CMC 6912. Provided, however, notice of all actions and proceedings pursuant to this section shall be served on the Attorney General. Notwithstanding any provision of law to the contrary, judicial review shall be confined to the record.

**Section 13. Rules and Regulations.**

The Commissioner with the approval of the Board of Directors shall promulgate rules and regulation to implement the intent of this Act pursuant to the Commonwealth Administrative Procedure Act prior to implementation of any negotiations of land claims pursuant to this Act.

**Section 14.** Funding. Notwithstanding any other provision of law to the contrary, the Board of Directors shall utilize funds retained from all moneys received from public lands to meet reasonable expenses of obtaining appraisals for the purposes of this Act and for conducting the administrative hearings and review provided for herein.



# HOUSE OF REPRESENTATIVES
THIRTEENTH NORTHERN MARIANAS COMMONWEA .TI  EGIS ATURE

*PUBLIC LAW NO.13-17*
**HOUSE BILL NO. 13-001, HS1, HD1, SD1**

## AN ACT

To authorize the Marianas Public Lands Authority in conjunction with the Commonwealth Development Authority to incur public debt in an amount of up to Forty Million Dollars ($40,000,000) for the settlement of land compensation claims against the Commonwealth and for other purposes.

### In the HOUSE OF REPRESENTATIVES

**Offered by Representatives:** Jesus T. Attao, Martin B. Ada, Francisco DLG. Aldan, Oscar M. Babauta, Gloria DLC. Cabrera, Pedro P. Castro, Joseph P. Deleon Guerrero, Heinz S. Hofschneider, Arnold I. Palacios, Herman T. Palacios, Norman S. Palacios, Daniel O. Quitugua, Andrew S. Salas, Benjamin B. Seman, Ramon A. Tebuteb, Manuel A. Tenorio, Stanley T. Torres, William S. Torres.

**Date:** February 5, 2002

  Referred to: Committee on Ways and Means
  Public Hearing: None
  Standing Committee Report: 13-021

  **PASSED by the HOUSE OF REPRESENTATIVES**

  May 1, 2002        on   First and Final Reading
  July 3, 2002            Concurred to the Senate Amendment

### In the SENATE

  Referred to: Committee on Fiscal Affairs
  Public Hearing: None
  Standing Committee Report: 13-39

  **PASSED by the SENATE**

  July 3, 2002       on   Final Reading

_____
Evelyn C. Fleming
House Clerk

THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

FIRST REGULAR SESSION, 2002

PUBLIC LAW NO. 13-17
H. B. NO. 13-001, HS1, HD1, SD1

## AN ACT

To authorize the Marianas Public Lands Authority in conjunction with the Commonwealth Development Authority to incur public debt in an amount of up to Forty Million Dollars ($40,000,000) for the settlement of land compensation claims against the Commonwealth and for other purposes.

### BE IT ENACTED BY THE THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

**Section 1.** Short Title. This Act may be cited to as the "Land Compensation Act of 2002."

**Section 2.** Findings and Purpose. The Legislature finds that the Commonwealth currently owes to its citizens approximately Forty Million Dollars ($40,000,000) for land acquired by eminent domain or other legal process. The Legislature further finds that the current rate of repayment is unacceptable, and the prompt compensation for such land taking serves the Commonwealth's best interest. While in the past land taking claims against the Commonwealth were settled largely through an exchange of public land, the diminishing availability of public land, coupled with other competing public land uses, requires the establishment of a compensation program to pay for the taking of private lands for public uses, such as road and ponding basin construction. The purpose of this Act, therefore, is to authorize the Marianas Public Lands Authority, in conjunction with the Commonwealth Development Authority, to incur public debt in an amount of up to $40,000,000, and to use the proceeds to settle and to discharge outstanding land compensation claims against the Commonwealth. Similar to Public Law 11-14, a portion of the liquid fuel tax revenue and the entire aviation fuel tax revenue collected under 4 CMC § 1403 would be reserved specifically for the repayment of the public debt authorized herein.

PUBLIC LAW NO. 13-17
HOUSE BILL NO. 13-001, HS1, HD1, SD1

**Section 3. <u>Public Debt Authorization</u>.**

(a) The Marianas Public Lands Authority is hereby authorized to incur public debt in an amount up to $40,000,000, for the financing of the retirement of land compensation claims against the Commonwealth for land taking by eminent domain or other legal process. In accordance with 4 CMC § 10203(a)(27), the Marianas Public Lands Authority shall arrange for the public debt authorized under this Act in cooperation with, and subject to the approval of, the Commonwealth Development Authority.

(b) The public debt authorized herein shall be denominated in and payable in United States Dollars and not in the equivalent amount of any foreign currency.

(c) This authorization for public debt is made only for the purpose of financing, by Mananas Public Lands Authority, the retirement of land compensation claims against the Commonwealth and only up to a total primary liability not to exceed $40,000,000, inclusive of any commission or fee.

(d) The public debt authorized herein is only authorized with an interest rate not exceeding 7% per annum simple interest on the principle amount remaining outstanding and unpaid and with repayment terms not exceeding 20 years for payment in full of principle and interest.

*(e)* The public debt authorized herein shall be backed by the full faith and credit of the Commonwealth government and shall be a debt of the Commonwealth.

Section 4. **<u>Land Compensation Fund</u>.**

(a) There is hereby established a special fund within the Department of Finance which shall be known and designated as the Land Compensation Fund.

(b) The purpose of the Fund shall be to pay principal and interest on any financing entered into by the Marianas Public Lands Authority for the financing of the retirement of land compensation claims against the Commonwealth as authorized by this Act.

Page 2

(c) The Commissioner of the Mananas Public Lands Authority shall have expenditure authority over the Fund, subject to approval of claims by the Board.

(d) In implementing this Act, the Marianas Public Land Authority shall first compensate the acquisition of private lands for right of way purposes, including but not limited to public road construction. After those claims have been compensated, the Authority shall then compensate those claims involving the acquisition of private land for the purpose of constructing public ponding basins. Wetland and other claims shall be entertained only after claims involving right of way and ponding basin acquisitions have been compensated.

**Section 5.** <u>Amendment</u>. Subsection (e) of 4 CMC § 1803, is amended as follows:

"(e) <u>Fuel tax distribution</u>.

(i) Notwithstanding any law to the contrary, beginning October 1, 1998, and annually thereafter, the Department of Finance shall deposit $2,000,000, collected from the liquid fuel tax imposed under 4 CMC § 1403(a) into the Public School System Building fund established in 1 CMC § 2281. Such funds shall be continually appropriated to the Public School System for the sole purpose of paying the principal and interest on any financing entered into the Public School System pursuant to House Joint Resolution 10-36. The funds shall be nonlapsing except that upon certification by the Secretary of Finance that all principal and interest on all financing has been paid in full and discharged, any funds remaining in the Public School System Building Fund shall lapse to the general fund.

(ii) After the amount in subparagraph (i) has been transferred, and notwithstanding any law **to** the contrary, beginning October 1, 2002 and annually thereafter, the Department of Finance shall deposit the balance amount of the liquid fuel tax collected under **4** CMC § 1403(a) and the entire amount of the aviation tax collected under **4** CMC § 1403(b) into the Land Compensation Fund. Such funds shall be continually appropriated to the

*PUBLIC LAW NO. 13-17*
HOUSE BILL NO. 13-001, HS1, HD1, SD1

Marianas Public Lands Authority for the sole purpose of paying the principal and interest on any financing authorized by this Act. Provided, that, in the event the amount in the Land Compensation Fund is insufficient to cover any requisite payment, the Governor is hereby authorized, notwithstanding any contrary law, to pay the remaining balance from the general fund. The funds in the Land Compensation Fund shall be nonlapsing, except, upon certification by the Secretary of Finance that all principal and interest on all financing has been paid in full and discharged, any funds remaining in the Land Compensation Fund shall lapse to the general fund."

**Section 6.** Application. This Act shall apply to land compensation claims against the Commonwealth Government submitted to the Mananas Public Land Corporation, or its successor agency, on or after January 1, 1990.

**Section 7.** Income tax application. Any compensation received under this Act shall not be subject to the earnings tax imposed under 4 CMC § 1202(b)(2).

**Section 8.** Land Exchange Option. 2 CMC § 4144 is amended by adding a new subsection (d) to read as follows:

"(d) Subject to the approval of the Board of the Marianas Public Land Authority, an owner of private land who qualifies for a public land exchange may elect for an equitable land exchange, notwithstanding subsections (b)(2) and (c) of this section, provided that the area of public land shall not exceed twice the area of the private land to be exchanged."

**Section 9.** Severability. If any provision of this Act or the application of any such provision to any person or circumstance should be held invalid by a court of competent jurisdiction, the remainder of this Act or the application of its provisions to persons or circumstances other than those to which it is held invalid shall not be affected thereby.

**Section 10.** Savings Clause. This Act and any repealer contained herein shall not be construed as affecting any existing right acquired under contract or acquired under statutes repealed or under any rule, regulation or order adopted under the statutes. Repeaters

Page 4

PUBLIC LAW NO. 13-17
HOUSE BILL NO. 13-001, HSI, HD1, SDI

contained in this Act shall not affect any proceeding instituted under or pursuant to prior law. The enactment of this Act shall not have the effect of terminating, or in any way modifying, any liability, civil or criminal, which shall already be in existence at the date this Act becomes effective.

**Section 11.** <u>Effective Date</u>. This Act shall take effect upon its approval by the Governor or upon it becoming law without such approval.

CERTIFIED BY:                                ATTESTED TO BY:

_____                      _____
HEINZ S. HOFSCHNEIDER                        EVELYN C. FLEMING
SPEAKER OF THE HOUSE                         HOUSE CLERK

Approved _____ this 23rd day of July, 2002

_____
JUAN N. BABAUTA
GOVERNOR
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

Page 5