# APPENDIX - 2

## Public Law 13-25

PL 13-25



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

**Juan N. Babauta**
Governor

**Diego T. Benavente**
Lieutenant Governor

GOV. COMM. 13-330
(HOUSE)

Honorable Paul A. Manglona
President, The Senate
Thirteenth Northern Marianas
  Commonwealth Legislature
Capital Hill
Saipan, MP **96950**

SEP 2 0 2002

Honorable **Heinz S.** Hofschneider
Speaker of the House of Representatives
Thirteenth Northern Marianas
  Commonwealth Legislature
Capital Hill
Saipan, *MP* **96950**



Dear President Manglona and Speaker Hofschneider:

This is to inform you that I have approved House Bill No. **13-161**, HD **1** entitled: To amend the Land Compensation Act of 2002 (Public Law **13-17**); and for other purposes.

I wish to acknowledge that the amendments contained in House Bill No. **13-161**, HD **1** ("H.B. **13-161**") are the product of the collaborative efforts of the executive and legislative branches. **As** such, H.B. **13-161** and PL **13-17** exemplify efficient, responsive lawmaking.

However, in the absence of legislative history, it is prudent that I highlight one section that I believe requires additional explanation for the orderly implementation of the bill. When I transmitted my approval message to the Legislature for PL **13-17**, I attached suggested amendments to it. These amendments were reviewed by both the House Legal Counsel and my counsel. H.B. **13-161** indeed follows these suggestions to the letter **with**, for the most part, minor deviations. These alterations are acceptable. However, Section **1**, line **14** and **15** of the bill contains language that is unclear. This language needs further discussion to provide a clear understanding of what is meant.

The language in question involves when the Department of Finance will **begin** depositing revenue from the liquid **fuel** tax into the Land Compensation Fund. **As** I requested when

2057

signing PL 13-17, the deposits should commence only after MPLA secured the $40,000,000 mandated by that public law. Pursuant to well established tenets of statutory construction, H.B. 13-161 does just that. The phrase, "with MPLA securing the $40,000,000", creates a condition precedent before deposits shall be made. Specifically, until such time as MPLA has the necessary funding, Finance is not required to divert the liquid fuel tax from the general fund into the Land Compensation Fund.

This bill becomes **Public Law 13-25**. Copies bearing my signature are forwarded for your reference.

Sincerely,

JUAN N. BABAUTA

Cc:    Chairman, Board of Directors, Marianas Public Land Authority
       Chairman, Commonwealth Development Authority
       Secretary, Department of Finance
       Special Assistant, Management & Budget
       Special Assistant, Administration
       Acting Special Assistant, Programs & Legislative Review



# HOUSE OF REPRESENTATIVES
## THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

Public Law No.   13-25

## HOUSE BILL NO. 13-161, HD1

# AN ACT

TO AMEND THE LAND COMPENSATION ACT OF 2002 (PUBLIC LAW 13-17), AND FOR OTHER PURPOSES.

### In the HOUSE OF REPRESENTATIVES

**Offered by Representatives:**   Jesus T. Attao, Martin B. Ada, Francisco DLG. Aldan, Oscar M. Babauta, Gloria DLC. Cabrera, Pedro P. Castro, Joseph P. Deleon Guerrero, Heinz S. Hofschneider, Arnold I. Palacios, Herman T. Palacios, Norman S. Palacios, Daniel O. Quitugua, Andrew S. Salas, Benjamin B. Seman, Ramon A. Tebuteb, Manuel A. Tenorio, Stanley T. Torres, and William S. Torres

**Date:** July 23, 2002

Referred to: N/A
Public Hearing: None
Standing Committee Report: None

**PASSED by the HOUSE OF REPRESENTATIVES**

July 23, 2002               on    First and Final Reading

### In the SENATE

Referred to: Committee on Resources, Economic Development and Program
Public Hearing: None
Standing Committee Report: **13-46**

**PASSED by the SENATE**

August 8, 2002          on    Final Reading

Evelyn C. Fleming
House Clerk

# THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

Public Law No. 13-25

**SIXTH SPECIAL SESSION, 2002**

**H. B. NO. 13-161, HD1**

## AN ACT

TO AMEND THE LAND COMPENSATION ACT OF 2002 (PUBLIC LAW 13-17), AND FOR OTHER PURPOSES.

### BE IT ENACTED BY THE THIRTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

**Section 1. Amendments.** The Land Compensation Act of 2002 (Public Law 13-17) is hereby amended as follows:

    **(1) Section 3 (a) is amended to read as follows:**

        (a) The Marianas Public Lands Authority shall hereby incur public debt in an amount up to $40,000,000, for the financing of the retirement of land compensation claims against the Commonwealth for land taking by eminent domain or other legal process. In accordance with 4 CMC § 10203(a)(27), the Marianas Public Lands Authority shall arrange for the public debt mandated under this Act in cooperation with, and subject to the approval of, the Commonwealth Development Authority.

    **(2) Subsection (e)(ii) of 4 CMC § 1803, enacted by Public Law 13-17, is hereby amended as follows:**

        (ii) After the amount in subparagraph (i) has been transferred, and notwithstanding any law to the contrary, on or before October 1, 2002 with MPLA securing the $40,000,000 mandated by PL 13-17, as amended, and annually thereafter, the Department of Finance shall deposit the balance amount of the liquid fuel tax collected under 4 CMC § 1403(a) and the entire amount of the aviation tax collected under 4 CMC § 1403(b) into the Land Compensation Fund. Such funds shall be continually appropriated to the

1    Marianas Public Lands Authority for the sole purpose of paying the principal

2    and interest on any financing authorized by PL 13-17, as amended. Provided,

3    that, in the event the amount in the Land Compensation Fund is insufficient to

4    cover any requisite payment, the Governor is hereby authorized,

5    notwithstanding any contrary law, to pay the remaining balance from the

6    general fund. The funds in the Land Compensation Fund shall be nonlapsing,

7    except, upon certification by the Secretary of Finance that all principal and

8    interest on all financing has been paid in full and discharged, any funds

9    remaining in the Land Compensation Fund shall lapse to the general fund.

10   **(3) The Land Compensation Act of 2002 (Public Law 13-17) is further**

11   **amended by adding the following new sections 9-14, and by renumbering**

12   **affected existing sections accordingly:**

13        "Section 9, Method for Valuation of Land. For purposes of this Act,

14   land owners shall receive just compensation based on the fair market value of

15   the land at the time of taking by the Commonwealth. MPLA may use as a

16   guide the procedures set forth in 2 CMC §§ 4712(a)(2) and (3) to determine

17   fair market value at the time of taking.

18        Section 10. Administrative Hearing.

19        (a) If, upon a written offer of just compensation, a land owner disputes

20   the method used to determine, or the amount of, the just compensation offered

21   by the Commonwealth to resolve the land compensation claim, the land owner

22   shall have 20 days to make a written request for an administrative hearing to

23   protest the offer.

24        (b) For purposes of a hearing conducted pursuant to this section and

25   for purposes of 1 CMC §§ 9109 and 9110:

26        (1) "Agency" shall mean such hearing officer appointed by the

27   Commissioner of the Marianas Public Lands Authority, and

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

　　　　(2)　The agency shall have the general power to issue subpoenas, summon witnesses, require production, administer oaths, and other powers that may be necessary to effectively implement this Act.

　　　　(c)　All hearings shall be commenced within 30 days of the filing of the written protest by the land owner.　Adequate notice shall be given to all parties and opportunity shall be made available to them to present such evidence as they may desire.　All hearings shall be conducted pursuant to 1 CMC § 9109.

　　　　(d)　The agency shall upon concluding the hearing issue findings, decision and orders within 30 days.　Issuance of findings, orders and decisions upon hearing shall be pursuant to 1 CMC § 9110, but shall not be judicially reviewable until final.

　　　　Section 11.　Administrative Review.

　　　　(a)　Within 15 days of the date of service upon any person or party affected by findings, orders, or decisions of the agency made pursuant to Section 10 of this Act may appeal to the Board of Public Lands by written notice.　If no appeal is made to the board within 15 days of the date of service of the original findings, orders or decisions, the findings, orders or decisions shall be unreviewable administratively or judicially.

　　　　(b)　Upon review, the board may at its discretion:

　　　　　　　(1)　Restrict review to the existing record;

　　　　　　　(2)　Supplement the record with new evidence;

　　　　　　　(3)　Hear oral argument; or

　　　　　　　(4)　Hear the matter de novo, in which case the hearing shal be conducted pursuant to 1 CMC §§ 9109 and 9110.

　　　　(c)　Upon completion of review, the Board of Public Lands shall confirm or modify the agency findings, order or decision in writing within 30 days.　Any

1    modification shall include supplemental findings.    The board's decision shall

2    constitute final action for purposes of judicial review.

3         Section 12. Judicial Review.  Judicial review of a final action of the Board of

4    Public Lands is authorized after exhaustion of administrative remedies, and must be

5    initiated within 15 days of the final action.  Judicial review shall be pursuant to

6    1 CMC § 9112.  Provided, however, notice of all actions and proceedings pursuant to

7    this section shall be served on the Attorney General.  Notwithstanding any provision

8    of law to the contrary, judicial review shall be confined to the administrative record.

9         Section 13. Rulemaking Authority.  The Commissioner with the approval of

10   the Board shall promulgate rules and regulation to implement the intent of this Act

11   pursuant to the Commonwealth Administrative Procedure Act, prior to

12   implementation of any negotiations of land claims pursuant to this Act.

13        Section 14. Funding.  Notwithstanding any provision of law, the Board of

14   Public Lands shall utilize funds retained from all moneys received from public lands

15   to meet reasonable expenses of obtaining appraisals for the purposes of this Act and

16   for conducting the administrative hearings and review provided herein."

17   **Section 2.  Severability.**  If any provisions of this Act or the application of any such

18   provision to any person or circumstance should be held invalid by a court of competent

19   jurisdiction, the remainder of this Act or the application of its provisions to persons or

20   circumstances other than those to which it is held invalid shall not be affected thereby.

21   **Section 3.  Savings Clause.**  This Act and any repealer contained herein shall not be

22   construed as affecting any existing right acquired under contract or acquired under statutes

23   repealed or under any rule, regulation or order adopted under the statutes.  Repealers

24   contained in this Act shall not affect any proceeding instituted under or pursuant to prior law.

25   The enactment of the Act shall not have the effect of terminating, or in any way modifying,

26   any liability, civil or criminal, which shall already be in existence on the date this Act

27   becomes effective.

Public Law No.  13-25
HOUSE BILL NO. 13-161,HD1

1      **Section 4.  Effective Date.**  This Act shall take effect upon its approval by the

2      Governor, or it becoming law without such approval.

CERTIFIED BY:                                               ATTESTED TO BY:

_____                    _____
HEINZ S. HOFSCHNEIDER                           EVELYN C. FLEMING
SPEAKER OF THE HOUSE                           HOUSE CLERK

Approved _____ this 20th day of _September_____, 2002

_____
JUAN N. BABAUTA
GOVERNOR
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS