# APPENDIX - 5

Public Law 14-29

P.L. 14-29



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

GOV. COMM. 14-92
(HOUSE)

**Juan N. Babauta**
Governor

**Diego T. Benavente**
Lieutenant Governor

The Honorable Joaquin G. Adriano
Senate President, The Senate
Fourteenth North Marianas
  Commonwealth Legislature
Saipan, MP 96950

SEP 21 2004

The Honorable Benigno R. Fitial
Speaker, House of Representatives
Fourteenth Northern Marianas
  Commonwealth Legislature
Saipan, MP 96950

Rear Mr. President and Mr. Speaker:

This is to inform you that I have signed into law House Bill No. 14-20, HS1, SS1, CD1, entitled, "to amend §§ 3(d) and 4(e), 9, and 14 of Public Law 13-17, as amended," which was passed by the Fourteenth Northern Marinas Commonwealth Legislature.

This measure amends Public Law 13-17, "The Land Compensation Act 2002" as further amended by Public Law 13-25 and Public Law 13-39 as follows:

First, Section 4(d) of the Land Compensation Act, pertaining to the prioritization of claims to be processed by the Marianas Public Lands Authority (MPLA) originally provided that:

> (d) In implementing this Act, the Marianas Public Land Authority shall first compensate the acquisition of private lands for right of way purposes, including but not limited to public road construction, After those claims have been compensated, the Authority shall then compensate those claims involving the acquisition of private land for the purpose of constructing public ponding basins. Wetland and other claims shall be entertained only after claims involving right of way and ponding basin acquisitions have been compensated.

Section 1(a) of this measure amends this relevant subsection, now contained in subsection 4(e) pursuant to the redesignation of subsections (c), (d), and (e) by Public Law 13-29, to read as follows:

> (e) In implementing this Act the Marianas Public Lands Authority shall compensate the acquisition of private lands for right of way purposes, including but not limited to public road construction, construction of ponding basins, wetland, and other *claims* involving private land acquisition permitted by applicable laws.

Section 4(e) of the Land Compensation Act of 2002, therefore, is amended to remove the prioritization previously mandated for land compensation claims made by private landowners whose land was taken for public road construction. As amended, the land compensation claims for the acquisition of private lands by the CNMI Government for public road construction, construction of ponding basins, wetland, and other claims involving private land acquisition are treated equally. This *amendment* ensures that all individuals with land compensation claims are treated in a fair manner and removes any inference or appearance of favoring specific land claimants to the disadvantage of other individuals with pending land compensation claims.

Second, Section 1(b) of this measure amends that provision of Public Law 13-25 which amended the "The Land Compensation Act of 2002" to include a provision determining the Method for Valuation of Land. Specifically, Section 1(3) of Public Law 13-25 stated:

> For purposes of this Act, landowners shall receive just compensation based on the fair market value of the land at the time of taking by the Commonwealth MPLA may use as a guide the procedures set forth in 2 CMC §§ 4712(a)(2) and (3) to determine fair market value at the time of taking.

**Section 1(b)** of this measure, however, provides that:

> For purposes of this Act, land owners shall receive just compensation based on the fair market value of the land at the time of taking by the Commonwealth which is the date when the Governor or other authorized government official certifies in writing the need for the acquisition of the private land.

This provision, as that set forth in Public Law 13-25, ensures that individuals with land compensation claims receive the actual value of the land at the time of the taking. This provision, however, establishes a specific date that MPLA must use as the basis for its determination of the fair market value of the land and the amount of compensation that is due to the former landowner. It must be noted, however, that such *claims* will, by virtue of the high prevailing market values at the time that many such certifications were issued regarding the need for the acquisition of private land will deplete the forty million dollar bond issue authorized by Public Law 13-17 and may necessitate the authorization of additional bond measures or appropriations by the Legislature to *ensure* that all persons with land compensation claims are paid in an expeditious manner. The original intent and purpose of the Land Compensation Act of 2002 must not be neglected.

Finally, Sections 1(c) and 1(d) of this measure amend the provisions of the Land Compensation Act related to the transfer of bond proceeds to MPLA and funding of the administrative costs of implementing the provisions of the Land

Compensation Act. Specifically, Section 3(d) of Public Law 13-39, concerning the Transfer of Bond Proceeds to MPLA, is amended to remove that provision whereby CDA was required to transfer all the proceeds of the $40,000,000.00 bond issue authorized by Public Law 13-17, including the interest accrued on the bond issue, to MPLA for its continued use for land compensation claims.

Section (1)(c) of this measure mandates that all of the proceeds of the $40,000,000.00 bond issues are not held in a separate account by MPLA, but rather, will be held in trust by a CDA-appointed trustee that is charged with securing the bond issue funds and *only* releasing such funds for the purpose of land compensation claims and reasonable administrative costs made by request of the MPLA Commissioner with the concurrence of the MPLA Board.

This provision, therefore, ensures that the funds are only utilized for *their specific* intended purpose and that the funds are not expended disproportionately by for administrative costs and bond issuance and management issues.

This bill becomes Public Law No. 14-29. Copies bearing my signature are forwarded for your reference.

Sincerely,

[signature]

JUAN N. BABAUTA

cc: Attorney General
    MPLA Board
    MPLA Acting Commissioner
    Executive Director, Commonwealth Development Authority
    Special Assistant for Programs and Legislative Review



# HOUSE OF REPRESENTATIVES
## NORTHERN MARIANAS COMMONWEALTH LEGISLATURE
### SECOND REGULAR SESSION, 2004

PUBLIC LAW NO. 14-29

# H. B. NO. 14-020, HS1, SS1, CD1

## AN ACT

To amend §§ 3(d) and 4(e), 9, and 14 of Public Law 13-17, as amended.

**Introduced by Representatives:** Janet U. Maratita,
  Benigno R. Fitial,   Jesus SN. Lizama,   Claudio K. Norita,   Crispin M. Ogo,
  Arnold I. Palacios, Justo S. Quitugua, Timothy P. Villagomez, and Ray N. Yumul

**Date:** February 9, 2004

> Referred to: Committee on Natural Resources
> Public Hearing: None
> Standing Committee Report: SCR 14-67
>
> **Passed First and Final Reading on June 11, 2004**
> **Rejected Senate Amendments on August 19, 2004**
> *Conference Committee Report No. 14-3*
> Rdopted Conference Amendments on September 9, 2004

> Referred to: Committee on Resources, Economic Development and Programs
> Public Hearing: None
> Standing Committee Report: None
>
> **Passed Final Reading July 8, 2004**
> *Conference Committee Report No. 14-3*
> Adopted Conference Amendments on September 14, 2004

_____
Evelyn C. Fleming, House Clerk

# HOUSE OF REPRESENTATIVES
### FOURTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE
### FIRST REGULAR SESSION, 2004

PUBLIC LAW NO. *14-29*
H. B. No. 14-20, HS1, SS1, CD1

## AN ACT

To amend §§ 3(d) and 4(e), **9, and** 14 of Public Law 13-17, **as** amended.

BE IT ENACTED BY THE FOURTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

**Section 1. <u>Amendments</u>.**

(a) Section 4(e) of Public Law 13-17, as amended by PL 13-39, is amended to read as follows:

"(e)    In implementing this Act, the Marianas Public Land Authority shall compensate the acquisition of private lands for right **of** way purposes, including but not limited to public road construction, construction of ponding basins, wetland, and other claims involving private land acquisition permitted by applicable laws."

(b) Section 9 of Public Law No. 13-17, as amended by P.L. No. 13-25, is amended as follows:

"Section **9.**  <u>Method for Valuation of Land</u>. For purposes of this Act, land owners shall receive just compensation based on the fair market value of the land at the time of taking by the Commonwealth which is the date when the Governor or other authorized government official certifies in writing the need for the acquisition **of** the private land."

(c) Section 3(d) of PL 13-39 is amended as follows:

"(d)    <u>Transfer of Bond Proceeds to MPLA</u>. After satisfying any commission or fee, costs of issuance, reserves, credit enhancement, interim bond financing or other similar expenses, and after transferring the requisite

PUBLIC LAW NO. 14-29
HOUSE BILL NO. 14-20, HS1, SS1, CD1

amount for the Commonwealth prison project to the Department of Finance for deposit into an account for the project, the CDA-appointed trustee, pursuant to Public Law 11-3, shall retain the remaining balance of the bond proceeds. The trust funds and earnings thereof are hereby continuously appropriated solely for the purpose of paying out land compensation claims and to meet reasonable expenses of administering the purposes of this act, such expenses limited to obtaining appraisals, title searches and conducting administrative hearings, subject to conditions necessary to maintain tax exemption of the bonds or any interim financing. The Commissioner of MPLA shall have expenditure authority over the funds in the account subject to approval of claims by the Board. Such funds shall be drawn down from the trustee based upon procedures established by the MPLA Board and upon the concurrence of the Secretary of Finance."

**(d)** Section 14 of PL 13-17, as amended by PL 13-39, is amended as follows:

"Section 14. Funding. Notwithstanding any provision of law, the Board of Public Lands shall utilize the bond proceeds from the trust funds and earnings thereof established under Section 4(d) herein to meet reasonable past, present and future expenses of administering the purposes of this act, limited to obtaining appraisals, title searches and for conducting administrative hearings and review pursuant to this Act."

Section 2. Severability. If any provision of this Act or the application of any such provision to any person or circumstance should be held invalid by a court of competent jurisdiction, the remainder of this Act or the application of its provisions to persons or circumstances other than those to which it is held invalid shall not be affected thereby.

Section 3. Savings Clause. This Act and any repealer contained herein shall not be construed as affecting any existing right acquired under contract or acquired under statutes repealed or under any rule, regulation or order adopted under the statutes. Repealers contained in this Act shall not affect any proceeding instituted under or pursuant to prior law.

PUBLIC LAW NO. 14-29
HOUSE BILL NO. 14-20, HS1, SS1, CD1

1  The enactment of the Act shall not have the effect of terminating, or in any way modifying,
2  any liability, civil or criminal, which shall already be in existence on the date this Act
3  becomes effective.
4      Section 4. **Application of Section 1(b).** Section 1(b) of this Act shall apply to all
5  pending claims subject to compensation under Public Law 13-17, as amended.
6      Section 5. **Effective Date.** This Act shall take effect upon its approval by the
7  Governor or becoming law without such approval.

CERTIFIED BY:            ATTESTED TO BY:

**BENIGNO R. FITIAL**            **EVELYN C. FLEMING**
SPEAKER OF THE HOUSE            HOUSE CLERK

_Approved_ on this 21st day of September, 2004

**JUAN N. BABAUTA**
GOVERNOR
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS