# APPENDIX - 7

Restatement of Trusts 2d, §126, cmt. (a) (1959)

**Illustration:**

> 3. A bequeaths property to B in trust to dispose of it for such charitable or other purposes as he shall think fit. Unless the will is interpreted in the light of all the circumstances as manifesting an intention to permit B to apply the property for his own benefit, B does not take the property beneficially, but the rule stated in § 123 is applicable.

*d. Where the legatee is the executor.* The fact that the person to whom property is bequeathed is named as executor is some indication that he is not intended to take the legacy beneficially, but it is not conclusive. See Restatement of Property, § 323, Comment *e.*

## § 126.    Incidental Beneficiary

**A person is not a beneficiary of a trust if the settlor does not manifest an intention to give him a beneficial interest, although he may incidentally benefit from the performance of the trust.**

See Reporter's Note.

**Comment:**

*a. Who are beneficiaries.* The beneficiaries of a trust include only the persons upon whom the settlor manifested an intention to confer a beneficial interest under the trust, or their successors in interest. Other persons, although they may benefit from the performance of the trust, are not beneficiaries of the trust and cannot enforce it.

**Illustrations:**

> 1. A bequeaths $10,000 to B upon trust to invest the money in bonds of the C corporation and to pay the income to D during his lifetime and the principal to E on D's death. The C corporation is not a beneficiary of the trust and cannot compel B to purchase the bonds.

> 2. A bequeaths a going business to B in trust for C and directs B to pay out of the trust property any debts he may properly incur in the administration of the trust. B incurs such a debt to D. D is not a beneficiary of the trust. (As to the rights of D, see §§ 261–279.)

3.  A, who is about to leave the country for a year and who is solvent, pays $1000 to B and directs B to use the money in paying any debts which A has incurred.  A is the beneficiary of the trust and his creditors are not beneficiaries. (As to the rights of creditors where a person makes an assignment for the benefit of his creditors, see § 330, Comments *g, h.*)

4.  A bequeaths to B property in trust to apply as much of it as B shall judge proper annually for the support of C, A's insane daughter, provided that the town of X, in which C resides, pays a reasonable sum annually so that C can live with her friends, and in case C should become sane to convey the property to her.  The town of X is not a beneficiary of the trust and cannot maintain a suit to compel the trustee to perform the trust.

5.  A bequeaths money to B in trust to apply the income to the education of C in a specified private school.  The proprietor of the school is not a beneficiary of the trust and cannot compel B to send C to the school and is not entitled to maintain an action against B for breach of trust if he fails to send C to the school.

As to incidental beneficiaries of contracts, see Restatement of Contracts, §§ 133, 147.

*b.  Directions to employ a designated person.*  Where by the terms of the trust the trustee is directed to employ a designated person in some capacity in the administration of the trust, the designated person is not a beneficiary of the trust if the settlor did not manifest an intention to give him a right to compel the trustee to employ him.  Such a direction to employ a person may be merely precatory.  See § 25.  Even if such a direction is mandatory, it may be inserted in the trust instrument not for the benefit of the designated person but in order to promote the administration of the trust.  In such a case the only duties of the trustee are those owing to the beneficiaries, and he is under no duty to the designated person.  Thus, a direction to employ a designated lawyer as attorney to the trustee in the administration of the trust may be intended by the settlor merely to promote the efficient administration of the trust rather than to confer a benefit upon the designated lawyer.  In such a case the lawyer cannot compel the trustee to employ him nor can he hold the trustee liable for damages if he fails to employ him.  Similarly, where a

trust is created of a ... ticular person as ma... him if the settlor me... mote the more effic... fer a right upon him ...

Even though th... right upon a person ... not necessarily have ... He does not have su... character that it wo... trustee properly to a... to employ a person ... tion of the trust, th... interfere with the pr... were compelled to re... by him, since the rel...

Although the s... cannot be compelled ... sions of the trust in... that the person shal... willing to perform t... provide for the pay... person with a provis... ices, he should lose ... appear from all the ... ployment of a desig... of a gift or legacy to ... of a commercial tr... old man who has be... appear that the set... him out of the trust ... him, he can recover ... es by not being emp...

*c.  Whether tr*... entitled to compens... not as such a benefi... *b).*  The trustee ma... trust.  See § 115.