1  **JOAQUIN C. ARRIOLA**
2  **MARK E. COWAN**
   **ARRIOLA, COWAN & ARRIOLA**
3  259 Martyr Street, Suite 201
   P.O. Box X, Hagåtña, Guam 96932
4  Telephone: (671) 477-9730/33
   Telecopier: (671) 477-9734
5
6  **VICTORINO D.L.G. TORRES**
   **VINCENT D.L.G. TORRES**
7  **TORRES BROTHERS, LLC.**
   P.O. Box 501856
8  Saipan, NMI 96950
   Telephone: (670) 233-5504/6
9  Telecopier: (670) 233-5510

10 Attorneys for **BANK OF GUAM**

11

12 IN THE UNITED STATES DISTRICT COURT FOR
   THE NORTHERN MARIANA ISLANDS

13

14 ROSARIO DLG KUMAGAI,                              ) CIVIL ACTION NO. 05-0037
                                                     )
15                        Plaintiff,                 )
                   vs.                               )
16                                                   )
   PAMELA BROWN, a.k.a. PAMELA BROWN                 )
17 BLACKBURN, personally and in her official         )
   capacity as the Attorney General for the          )
18 Commonwealth of the Northern Mariana Islands;     )
   FERMIN M. ATALIG, personally and in his           )
19 official capacity as the Secretary of Finance,    )     **DECLARATION OF**
   COMMONWEALTH OF THE NORTHERN                      )   **AMORETTA L.P. CARLSON**
20 MARIANA ISLANDS;                                  )
   MARIA LOURDES SEMAN ADA, personally               )
21 and in her official capacity as the Executive     )
   Director for the Commonwealth Development         )
22 Authority;                                        )   DATE:  JUN 1 5 2006
   COMMONWEALTH DEVELOPMENT                          )   TIME:   8:30 A.M.
23 AUTHORITY;                                        )
   BANK OF GUAM;                                     )
24 and JOHN DOES ONE thru TEN,                       )
                                                     )
25                                                   )
                        Defendants.                  )
26 _____ )

27

28 **AMORETTA L.P. CARLSON** being duly sworn, deposes and states:

-1-

F I L E D
Clerk
District Court

MAY 1 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1.    I am the Assistant Vice President and Trust Officer of the Bank of Guam ("the Bank"). I am the officer with principal operational responsibility for funds held by the Bank as Trustee under the Indenture referred to below. I assumed those responsibilities on or about April 19, 2005, and have held them to date. This Declaration is based upon personal knowledge and upon examination of the records and files of the Bank maintained in the ordinary course of its business.

2.    Attached hereto as **Exhibit A** is a true copy of a "Indenture of Trust made between COMMONWEALTH DEVELOPMENT AUTHORITY for and on behalf of the Commonwealth of the Northern Mariana Islands and the BANK OF GUAM as Trustee dated as of December 1, 2001 issued with respect to $40,000,000.00 Commonwealth of the Northern Mariana Islands General Obligation Bonds, Series 2003A".

3.    Attached as **Exhibit B** is a true copy of a Resolution of MPLA given in connection with issuance of the Bonds.

4.    From issuance of the Bonds in late 2003 and prior to the requisition at issue in this action being first submitted to the Bank for action on August 9, 2005, the Bank processed numerous requisitions for disbursement from the MPLA Account established under the Indenture. Almost without exception the procedure followed in each case was that MPLA would issue a requisition, that after concurrence of the Secretary of Finance, the requisition would be furnished by MPLA to the CDA, and that the CDA would then transmit the requisition to the Bank as Trustee with a request for processing. Once the requisition was received from CDA with a request for processing, the Bank acted upon the requisition by issuing checks pursuant to the directions contained in the requisition. In only one instance did the Bank receive and erroneously act upon a requisition directly from the MPLA without such requisition having first been delivered to the CDA, and transmitted by CDA with the CDA's request for processing. In that instance, the requisition was resubmitted a second

-2-

time by the CDA resulting in a duplicate disbursement. Other than at that time, the Bank has accepted requisitions for processing only from the CDA.

5.    Initially requisitions from the MPLA fund provided for payments to be made by the Bank from funds held by it as Trustee payable to MPLA apparently based upon MPLA projected settlements with landowners. These payments were deposited to MPLA accounts. This resulted in some instances in funds being held by MPLA in its accounts for periods of time prior to disbursement. This resulted in funds that should remain held and invested by the Trustee under the Indenture being held in non-interest bearing accounts by MPLA prior to disbursement. This procedure was altered in about the summer of 2004. Thereafter, requisitions were issued by MPLA, concurred in by the Secretary of Finance and filed with request for processing by CDA for checks payable directly to specified landowners as provided in the requisitions and the checks were so issued. For a period of time, Bank of Guam as Trustee would then provide such checks directly to the payees. However, that procedure was subsequently revised such that the checks are delivered by Bank of Guam to MPLA or picked up by MPLA for delivery by MPLA to the landowners.

6.    Attached hereto as **Exhibit C** is a true and correct copy of a "Facsimile Transmittal" from the CDA addressed to myself with related documents totaling 7 pages in all. The Facsimile Transmittal is dated August 9, 2005 and was received by me together with the related documents August 9, 2005 in the afternoon. The supporting documents include:

(a)    a true copy of a letter dated August 8, 2005 from the CDA to myself regarding MPLA Requisition No. FY05-10, with attached thereto a letter purportedly dated April 29, 2005 originally addressed to my predecessor Mr. Joe Paulino, with his name stricken out and replaced by mine, captioned "REQUISITION NO. FY05-10", with Schedule A attached thereto.

-3-

(b)    a true copy of a letter dated August 8, 2005 from the CDA to myself regarding MPLA Requisition No. FY05-11, with attached thereto a letter purportedly dated May 5, 2005 to myself captioned "REQUISITION NO. FY05-11" with Schedule A attached thereto;

The letters dated April 29, 2005 and May 5, 2005 were not received directly by the Bank from the MPLA at any time but were only received by the Bank with the CDA's facsimile transmission on August 9, 2005.

7.    On August 9, 2005 shortly after the "Facsimile Transmittal" attached as **Exhibit C** was received, I received a telephone call from Mary Lou Ada of CDA asking that processing of both requisitions be stopped. She was known to me to be the Executive Director of the CDA and the same person who had sent the Facsimile Transmittal and related documents referred to above. Funds held by the Trustee and the MPLA account are invested and it is normally necessary to liquidate investments when a requisition is received to obtain funds to cover the checks to be issued. As I recall I was in the process of issuing or preparing to issue instructions to liquidate investments to fund the requisitions when the call was received. The check had not been issued. The cancellation request was received orally approximately one hour after receipt of the written requests. I understood her request as an instruction from CDA to withhold disbursement and complied with it. In the telephone call she explained that the request was made because of concerns of the Attorney General's Office as to the legality of the disbursement. I asked for written confirmation of Ms. Ada's instructions. The next morning, August 10, 2005, I received a Facsimile Transmittal from CDA. The transmittal was a fax cover sheet to a copy of a letter to Ms. Ada from the Attorney General, total 2 pages. Attached as **Exhibit D** is a true copy of this transmittal, together with the letter from the Attorney General submitted with it. I understood this transmittal as confirmation of

-4-

Ms. Ada's instruction to me given orally on August 9, 2005 to cancel the processing of the requisition.

After the phone call, I spoke with Mr. Joseph Bradley who is the head of the Trust Department, as well as Lorraine Guzman, who is the most senior employee within the Trust Department. I advised them both as to what had transpired with the requisition and CDA's instruction to stop it. This was not from concern or doubt as to what to do, or for guidance but in the normal course of discussing what was transpiring operationally in the Trust Department. Mr. Bradley may have been present with me when the call was received or shortly thereafter. Both concurred in my withholding processing of the requisition in response to CDA's request; neither expressed any doubt or reservation about this action.

8.    I did not process Requisitions FY05-10 and FY05-11 after their receipt on August 9, 2005, solely because before I had the opportunity to act upon the requisitions, I was instructed by the CDA to cancel processing of the requisitions. In doing so neither I nor the Bank had any objective other than to conform to CDA's instruction. I believed Ms. Ada as Executive Director and the person I had dealt with for the CDA authorized to give the instruction for CDA and that CDA had authority to give the instruction and that it was proper to comply with it.

9.    After the CDA instruction, the Bank received no demand either from MPLA, or the Secretary of Finance, that it proceed with disbursement pursuant to the requisition notwithstanding the instructions of the CDA to withhold processing.

10.    While CDA had never previously to my knowledge cancelled a request to process a requisition, on occasion after requisitions have been issued by MPLA, concurred in by the Secretary of Finance, submitted by the CDA to the Bank with CDA's request for processing and the Bank had issued checks pursuant to the requisition, MPLA had returned the checks to Bank of Guam for

various reasons, including discrepancies as to heirs or changes in payees, mis-computation of area of the property or mis-computation of interest. True copies of letters from MPLA returning checks are attached as **Exhibits E-1, E-2, E-3, and E-4**. The Bank in these instances required that the MPLA reprocess a new requisition through the Secretary of Finance and the CDA. In one instance, the Secretary of Finance rescinded a concurrence to a disbursement previously given by him. A true copy of the Secretary's letter taking this action is attached as **Exhibit F**.

11.    The CDA again requested on October 3, 2005 by letter with attachments, 3 pages total, a true copy of which is attached as **Exhibit G**, that Requisition No. FY05-11 be processed and I promptly processed it by issuing checks on October 4, 2005, to Plaintiff, and to the CNMI Treasury pursuant to the terms of the requisitions. True copies of the checks issued in payment of the requisition and records of payment thereof totaling 3 pages are attached hereto as **Exhibit H**. These checks were delivered to the MPLA. The checks were deposited and negotiated by Plaintiff and the CHC as shown by **Exhibit H**.

12.    The Bank was not a party to the Land Compensation Settlement Agreement between Plaintiff and MPLA, attached as Exhibit D to the Complaint, or to the Deed from Plaintiff, attached as Exhibit E to the Complaint. The Bank was not furnished copies of these documents, nor was it aware of their contents on or prior to August 10, 2005.

13.    The Bank on or prior to August 10, 2005 was not furnished copies of or aware of the contents of the Complaint filed in Civil Action 05-0149C, attached as Exhibit F to the Complaint, the application for Ex Parte Writ of Prejudgment Attachment, attached as Exhibit G to the Complaint, the Writ of Prejudgment Attachment, attached as Exhibit H to the Complaint, nor was it a party to or aware of the Settlement Agreement in reference to that action attached as Exhibit I to the Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

14.    The Bank did not participate in, or consult with any of the named defendants in this action as to the filing of Civil Action 05-0332E or Civil Action 05-0149C.

15.    On February 14, 2005 the Bank received from CDA for processing Requisition No. FY05-04 for the payment to Ms. Tudela alleged in paragraph 39(a) of the Complaint.  The requisition covered the payment to her as well as nine other apparently separate payments.  The requisition did not disclose the wetland or non-wetland character of  Ms. Tudela's or any other of the properties subject to the same requisition. The Bank issued a check payable to Ms. Tudela the next day, February 15.  The check was paid on February 17, 2005.  Copies of the CDA request, the requisition and the check totaling 4 pages are attached as **Exhibit I**.

16.    On Friday, April 15, 2005, the Bank received from CDA Requisition No. FY05-07, which covered payment to the landowners identified in paragraphs 39(b), (c) and (d) of the Complaint, together with payment to one other landowner.  The requisition did not disclose the wetland or non-wetland character of any of the properties covered by the requisition.  The Bank issued checks in payment of all amounts under this requisition Monday, April 18.  The checks for payment to the landowners identified in paragraphs 39(b), (c) and (d) of the Complaint were paid on April 19 and 20.  Copies of the CDA request, the requisition and the check totaling 8 pages are attached as **Exhibit J**.

17.    On October 12, 2005, the Bank received from CDA Requisition No. FY06-02 for the payment alleged in paragraph 39(d) of the Complaint.  The requisition did not disclose the wetland or non-wetland character of the property involved.  The Bank issued a check in payment of the requisition on October 13, 2005.  The check for payment of the requisition was negotiated on

October 21, 2005. Copies of the CDA request, the requisition and the check totaling 4 pages are attached as **Exhibit K**.

18.    Requisition No. FY05-11 like the other requisitions referred to above is in a form provided by the Indenture. The information contained in the requisition is limited and essentially consists of the payee to whom a check is to be issued and the amount of the check. There is on each requisition a notation of the purpose of the requisition which merely distinguishes between payments for land compensation, or for administrative expenses to MPLA as authorized by the Indenture. The Bank does not receive and did not receive as to the requisitions referenced above the Agreements entered into between landowners and MPLA for compensation, or the deeds issued by the landowners. The Bank did not on or prior to August 10, 2005 have or receive copies of Exhibits D, E, V through Z, AA, BB, CC, DD-1 or DD-2 to the Complaint. The Bank did not as to such requisitions and typically does not receive in processing requisitions supplemental information such as to the character or location of the property to be compensated, the purpose for which it is to be used or acquired by the government, area, appraisals, ownership, lot numbers, or information documenting the determination of the CNMI to acquire the property, the reason for that determination, or the date of the determination.

19.    Bank of Guam received a copy of a Land Compensation Settlement Agreement attached as Exhibit D to the Complaint, and referred to in paragraph 12 of this Declaration from Plaintiff's counsel on or about August 23, 2003. He did not furnish any of the other documents referred to in paragraphs 12, 13 or 18 of this Declaration. To the best of my recollection and belief, the Bank did not actually see the other documents referred to in paragraphs 12 and 13, or 18 of the Complaint until it was served with the Complaint in this action.

-8-

1    I declare under penalty of perjury under the laws of the United States (28 U.S.C. § 1746), that

2    the foregoing is true and correct.

3        Dated: May 8, 2006 .

4

5                                    AMORETTA L.P. CARLSON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-