Trustee as provided in Section 8.01, and all moneys thereafter received by the Trustee hereunder, shall be applied by the Trustee in the following order:

First, to the payment of the costs and expenses of the Trustee in providing for the declaration of such Event of Default, including reasonable compensation to their agents, attorneys and counsel, and to the payment of the costs and expenses of the Trustee, if any, in carrying out the provisions of this article, including reasonable compensation to its agents, attorneys and counsel;

Second, upon presentation of the several Bonds, and the stamping thereon of the amount of the payment if only partially paid, or upon the surrender thereof if fully paid, to the payment of the whole amount then owing and unpaid upon the Bonds for interest and principal, and in case such money shall be insufficient to pay in full the whole amount so owing and unpaid upon the Bonds, then to the payment of such interest, principal, and interest on overdue interest and principal without preference or priority among such interest, principal, and interest on overdue interest and principal, ratably to the aggregate of such interest, principal, and interest on overdue interest and principal.

SECTION 8.03    Trustee to Represent Bondholders.  The Trustee is hereby irrevocably appointed (and the successive respective Owners of the Bonds, by taking and owning the same, shall be conclusively deemed to have so appointed the Trustee) as trustee and true and lawful attorney-in-fact of the Owners of the Bonds for the purpose of exercising and prosecuting on their behalf such rights and remedies as may be available to such Owners under the provisions of the Bonds, this Indenture, the Law and applicable provisions of any other law.  Upon the occurrence and continuance of an Event of Default or other occasion giving rise to a right in the Trustee to represent the Owners of the Bonds, the Trustee in its discretion may, and upon the written request of the Owners of not less than twenty-five per cent (25%) in aggregate amount of Bonds then Outstanding, and upon being indemnified to its satisfaction therefor, shall, proceed to protect or enforce its rights or the rights of such Owners by such appropriate action, suit, mandamus or other proceedings as it shall deem most effectual to protect and enforce any such right, at law or in equity, either for the specific performance of any covenant or agreement contained herein, or in aid of the execution of any power herein granted, or for the enforcement of any other appropriate legal or equitable right or remedy vested in the Trustee or in such Owners under this Indenture, the Law or any other law.  All rights of action under this Indenture or the Bonds or otherwise may be prosecuted and enforced by the Trustee without the possession of any of the Bonds or the production thereof in any proceeding relating thereto, and any such suit, action or proceeding instituted by the Trustee shall be brought in the name of the Trustee for the benefit and protection of all the Owners of such Bonds, subject to the provisions of this Indenture.

SECTION 8.04    Bondholders' Direction of Proceedings.  The Owners of a majority in aggregate principal amount of the Bonds then Outstanding shall have the right, by an instrument or concurrent instruments in writing executed and delivered to the Trustee, to direct the method of conducting all remedial proceedings taken by the Trustee hereunder, provided that such direction shall not be otherwise than in accordance with law and the provisions of this Indenture, and that the Trustee shall have the right to decline to follow any such direction which

in the opinion of the Trustee would be unjustly prejudicial to Bondholders not parties to such direction.

SECTION 8.05    Limitation on Bondholders' Right to Sue. No Owner of any Bond shall have the right to institute any suit, action or proceeding at law or in equity, for the protection or enforcement of any right or remedy under this Indenture, the Law or any other applicable law with respect to such Bond, unless (1) such Owner shall have given to the Trustee written notice of the occurrence of an Event of Default; (2) the Owners of not less than twenty-five per cent (25%) in aggregate amount of Bonds then Outstanding shall have made written request upon the Trustee to exercise the powers hereinbefore granted or to institute such suit, action or proceeding in its own name; (3) such Owner or said Owners shall have tendered to the Trustee reasonable indemnity against the costs, expenses and liabilities to be incurred in compliance with such request; and (4) the Trustee shall have refused or omitted to comply with such request for a period of sixty (60) days after such written request shall have been received by, and said tender of indemnity shall have been made to, the Trustee, provided that nothing contained herein shall affect or impair the right of action of any Owner to institute suit directly against the Authority to enforce payment on such Bond.

Such notification, request, tender of indemnity and refusal or omission are hereby declared, in every case, to be conditions precedent to the exercise by any Owner of Bonds of any remedy hereunder or under law, it being understood and intended that no one or more Owner of Bonds shall have any right in any manner whatever by its or their action to affect, disturb or prejudice the security of this Indenture or the rights of any other Owners of Bonds, or to enforce any right under this Indenture, the Law or other applicable law with respect to the Bonds, except in the manner herein provided, and that all proceedings at law or in equity to enforce any such right shall be instituted, had and maintained in the manner herein provided and for the benefit and protection of all Owners of the Outstanding Bonds, subject to the provisions of this Indenture.

SECTION 8.06    Non-Waiver. Nothing in this article or in any other provision of this Indenture, or in the Bonds, shall affect or impair the obligation of the Authority, which is absolute and unconditional, to pay the interest on and principal of the Bonds to the respective Owners of the Bonds at the respective dates of maturity, as herein provided, or affect or impair the right of action, which is also absolute and unconditional, of such Owners to institute suit to enforce such payment by virtue of the contract embodied in the Bonds and in this Indenture.

A waiver of any default or breach of duty or contract by any Owner shall not affect any subsequent default or breach of duty or contract, or impair any rights or remedies on any such subsequent default or breach. No delay or omission by any Owner to exercise any right or power accruing upon any default shall impair any such right or power or shall be construed to be a waiver of any such default or an acquiescence therein, and every power and remedy conferred upon the Owners by the Law or by this article may be enforced and exercised from time to time and as often as shall be deemed expedient by the Owners.

If any suit, action or proceeding to enforce any right or exercise any remedy is abandoned or determined adversely to the Owners, the Trustee, the Authority and the Owners shall be

restored to their former positions, rights and remedies as if such suit, action or proceeding had not been brought or taken.

SECTION 8.07   Remedies Not Exclusive. No remedy herein conferred upon or reserved to the Trustee or the Owners is intended to be exclusive of any other remedy. Every such remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing, at law or in equity or by statute or otherwise, and may be exercised without exhausting and without regard to any other remedy conferred by the Law or any other law.

## ARTICLE IX

## DEFEASANCE

SECTION 9.01   Discharge of Indebtedness. If the Commonwealth or the Authority shall pay or cause to be paid, or there shall otherwise be paid, to the Owners of all Outstanding Bonds the interest due thereon and the principal thereof, at the times and in the manner stipulated therein and in this Indenture, then all covenants, agreements and other obligations of the Commonwealth and the Authority to the Owners of such Bonds under this Indenture shall thereupon cease, terminate and become void and be discharged and satisfied. In such event, the Trustee shall execute and deliver to the Authority all such instruments as may be desirable to evidence such discharge and satisfaction, and the Trustee shall pay over or deliver to the Commonwealth all money or securities held by it pursuant to this Indenture which are not required for the payment of the interest due on and the principal of such Bonds, other than the moneys, if any, in the Rebate Fund.

Bonds for the payment of which money shall have been set aside (through deposit by the Commonwealth or the Authority or otherwise) to be held in trust by the Trustee for such payment at the maturity thereof shall be deemed, as of the date of such setting aside, to have been paid within the meaning and with the effect expressed in the first paragraph of this section.

Any Outstanding Bonds shall prior to the maturity thereof be deemed to have been paid within the meaning and with the effect expressed in the first paragraph of this section if (1) there shall have been deposited with the Trustee either money (insured at all times by the Federal Deposit Insurance Corporation or otherwise collateralized by Federal Securities) in an amount which shall be sufficient, or Federal Securities the principal of and the interest on which when paid will provide money which, together with the money, if any, deposited with the Trustee at the same time, shall be sufficient, to pay when due the interest due and to become due on such Bonds on and prior to the maturity thereof, the principal of such Bonds, and the premium, if any, due on such Bonds, as verified by an independent certified public accountant or a firm of independent certified public accountants, and (2) an opinion of nationally recognized bond counsel addressed to the Authority shall be delivered to the effect that the Bonds are no longer "Outstanding" under this Indenture and that the refunding and defeasance will not adversely impact the exclusion from gross income for federal income tax purposes of interest on the refunding bonds or the Bonds.

Neither Federal Securities nor money deposited with the Trustee pursuant to this section nor interest or principal payments on any such Federal Securities shall be withdrawn or used for any purpose other than, and shall be held in trust for, the payment of the interest on and principal of such Bonds, provided, any cash received from such interest or principal payments on such Federal Securities deposited with the Trustee, if not then needed for such purpose, shall, to the extent practicable, be reinvested in Federal Securities maturing at times and in amounts sufficient to pay when due the interest on and principal of such Bonds on and prior to such maturity thereof. For the purposes of this section, Federal Securities shall mean and include only such securities as are not subject to redemption prior to their maturity.

SECTION 9.02    Unclaimed Moneys. Anything in this Indenture to the contrary notwithstanding, any money held by the Trustee or the Paying Agent in trust for the payment and discharge of any of the Bonds which remains unclaimed for two (2) years after the date when such Bonds have become due and payable, if such money was held by the Trustee or the Paying Agent at such date, or for two (2) years after the date of deposit of such money if deposited with the Trustee or the Paying Agent after the said date when such Bonds become due and payable, shall be repaid by the Trustee or the Paying Agent to the Commonwealth, as its absolute property and free from trust, and the Trustee and the Paying Agent shall thereupon be released and discharged with respect thereto and the Owners shall look only to the Commonwealth for the payment of such Bonds, provided that before being required to make any such payment to the Commonwealth, the Trustee shall, at the expense of the Commonwealth, cause to be mailed to the registered Owners of such Bonds at their addresses as they appear on the registration books of the Trustee a notice that said money remains unclaimed and that, after a date named in said notice, which date shall not be less than thirty (30) days after the date of the mailing of such notice, the balance of such money then unclaimed will be returned to the Commonwealth.

## ARTICLE X

## MISCELLANEOUS

SECTION 10.01    [Reserved.]

SECTION 10.02    Benefits of Indenture Limited to Parties. Nothing in this Indenture, expressed or implied, is intended to give to any person other than the Commonwealth, the Authority, the Trustee, the Paying Agent and the Owners any right, remedy or claim under or by reason of this Indenture. Any covenants, stipulations, promises or agreements in this Indenture contained by and on behalf of the Authority, the Commonwealth or any legislator, official (elected or appointed), member, officer or employee thereof shall be for the sole and exclusive benefit of the Trustee and the Owners.

SECTION 10.03    Successor Is Deemed Included in All References to Predecessor. Whenever in this Indenture either the Commonwealth, the Authority or any legislator, official (elected or appointed), member, officer or employee thereof is named or referred to, such reference shall be deemed to include the successor to the powers, duties and functions, with respect to the management, administration and control of the affairs of the Commonwealth or the Authority, that are presently vested in the Commonwealth, the Authority or such legislator, official (elected or appointed), member, officer or employee, and all the agreements, covenants

and provisions contained in this Indenture by or on behalf of the Commonwealth, the Authority or any legislator, official (elected or appointed), member, officer or employee thereof shall bind and inure to the benefit of the respective successors thereof whether so expressed or not.

SECTION 10.04   Execution of Documents by Owners. Any request, declaration or other instrument which this Indenture may require or permit to be executed by Owners may be in one or more instruments of similar tenor, and shall be executed by Owners in person or by their attorneys appointed in writing.

Except as otherwise herein expressly provided, the fact and date of the execution by any Owner or its attorney of such request, declaration or other instrument, or of such writing appointing such attorney, may be proved by the certificate of any notary public or other officer authorized to take acknowledgments of deeds to be recorded in the state or territory in which he purports to act that the person signing such request, declaration or other instrument or writing acknowledged to him the execution thereof, or by an affidavit of a witness of such execution, duly sworn to before such notary public or other officer.

The Trustee may nevertheless in its discretion require further or other proof in cases where it deems the same desirable. The ownership of registered Bonds and the amount, maturity, number and date of holding the same shall be proved by the registry books provided for in Section 2.07.

Any request, declaration or other instrument or writing of the Owner of any Bond shall bind all future Owners of such Bond in respect of anything done or suffered to be done by the Commonwealth, the Authority, the Trustee or the Paying Agent in good faith and in accordance therewith.

SECTION 10.05   Waiver of Personal Liability. No legislator, official (elected or appointed), member, officer or employee of the Authority or the Commonwealth shall be individually or personally liable for the payment of the interest on or principal of the Bonds, but nothing herein contained shall relieve any legislator, official (elected or appointed), member, officer or employee of the Authority or the Commonwealth from the performance of any official duty provided by law.

SECTION 10.06   Acquisition of Bonds by Commonwealth or the Authority. All Bonds acquired by the Commonwealth or the Authority, whether by purchase or gift or otherwise, shall be surrendered to the Paying Agent for cancellation.

SECTION 10.07   Destruction of Cancelled Bonds. Whenever in this Indenture provision is made for return to the Authority of any Bonds which have been cancelled pursuant to the provisions of this Indenture, the Authority may, by a Written Request, direct the Paying Agent to destroy such Bonds and furnish to the Authority a certificate of such destruction.

SECTION 10.08   Content of Certificates and Reports. Every certificate or report with respect to compliance with a condition or covenant provided for in this Indenture shall include (a) a statement that the person or persons making or giving such certificate or report have read such covenant or condition and the definitions herein relating thereto; (b) a brief statement as to the nature and scope of the examination or investigation upon which the statements or

opinions contained in such certificate or report are based; (c) a statement that, in the opinion of the signers, they have made or caused to be made such examination or investigation as is necessary to enable them to express an informed opinion as to whether or not such covenant or condition has been complied with; and (d) a statement as to whether, in the opinion of the signers, such condition or covenant has been complied with.

Any such certificate made or given by an official or officer of the Authority or the Commonwealth may be based, insofar as it relates to legal matters, upon a certificate or opinion of or representations by counsel, unless such official or officer knows that the certificate or opinion or representations with respect to the matters upon which his certificate may be based, as aforesaid, are erroneous, or in the exercise of reasonable care should have known that the same were erroneous. Any such certificate or opinion or representation made or given by counsel may be based, insofar as it relates to factual matters information with respect to which is in the possession of the Authority or the Commonwealth, upon the certificate or opinion of or representations by an official or officer or officers of the Authority or the Commonwealth, unless such counsel knows that the certificate or opinion or representations with respect to the matters upon which his certificate, opinion or representation may be based, as aforesaid, are erroneous, or in exercise of reasonable care should have known that the same were erroneous.

SECTION 10.09    Funds and Accounts. Any fund or account required by this Indenture to be established and maintained by the Authority or the Trustee may be established and maintained in the accounting records of the Authority or the Trustee either as a fund or an account, and may, for the purposes of such records, any audits thereof and any reports or statements with respect thereto, be treated either as a fund or as an account; but all such records with respect to all such funds and accounts shall at all times be maintained in accordance with sound industry practices and with due regard for the protection of the security of the Bonds and the rights of the Owners.

SECTION 10.10    Article and Section Headings and References. The headings or titles of the several articles and sections hereof, and the table of contents appended hereto, shall be solely for convenience of reference and shall not affect the meaning, construction or effect of this Indenture.

All references herein to "Articles," "Sections" and other subdivisions are to the corresponding articles, sections or subdivisions of this Indenture; and the words "herein," "hereof," "hereunder" and other words of similar import refer to this Indenture as a whole and not to any particular article, section or subdivision hereof.

SECTION 10.11    Partial Invalidity. If any one or more of the agreements or covenants or portions thereof provided in this Indenture to be performed on the part of the Commonwealth or the Authority (or the Trustee or the Paying Agent) should be contrary to law, then such agreement or agreements, such covenant or covenants, or such portions thereof, shall be null and void and shall be deemed separable from the remaining agreements and covenants or portions thereof and shall in no way affect the validity of this Indenture or of the Bonds; but the Owners shall retain all the rights and benefits accorded to them under the Law or any other applicable provisions of law. The Authority hereby declares that it would have entered into this Indenture and each and every other section, paragraph, subdivision, sentence, clause and phrase

hereof and would have authorized the issuance of the Bonds pursuant hereto irrespective of the fact that any one or more sections, paragraphs, subdivisions, sentences, clauses or phrases of this Indenture or the application thereof to any person or circumstance may be held to be unconstitutional, unenforceable or invalid.

SECTION 10.12   Notices. All notices required to be given hereunder to the Authority, the Commonwealth, the Trustee or the Paying Agent shall be sent to the following addresses:

| | |
|---|---|
| Authority: | Commonwealth Development Authority<br>P. O. Box 502149<br>Saipan, MP 96950<br>Attention: Executive Director |
| Commonwealth: | Commonwealth of the Northern Mariana Islands<br>Capitol Hill, P.O. Box 5234<br>Saipan, MP 96950<br>Attention: Secretary of Finance |
| Trustee: | Bank of Guam<br>111 Chalan Santo Papa, 6th Floor<br>Hagatna, Guam 96910<br>Attention: Corporate Trust Department |
| Paying Agent: | U.S. Bank National Association<br>633 West Fifth Street, 24th Floor<br>Los Angeles, CA 90071<br>Attention: Corporate Trust Services<br>Reference: Comm. No. Mariana Islands G.O. Bonds |

SECTION 10.13   Governing Law. This Indenture shall be construed and governed in accordance with the laws of the Commonwealth.

SECTION 10.14   Counterparts. This Indenture may be executed in any number of counterparts, each of which shall for all purposes be deemed to be an original; and all such counterparts shall together constitute but one and the same instrument.

IN WITNESS WHEREOF, the Authority and the Trustee have entered into this Indenture of Trust by their officials and officers thereunto duly authorized as of the day and year first above written.

COMMONWEALTH DEVELOPMENT AUTHORITY, for and on behalf of COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

By _____
                Chairman

By _____
            Executive Director

BANK OF GUAM, as Trustee

By _____
            Authorized Officer

By _____
            ~~Authorized Officer~~

Acknowledged and Agreed:

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

By _____
Title: Governor

Acknowledged and Agreed:

U.S. BANK NATIONAL ASSOCIATION, as Paying Agent

By _____
            Authorized Officer

DOCSSF1:681007.9
41745-2 ERB

39

APPENDIX A

[FORM OF SERIES 2003A BOND]

No. _____                                                                                                          $_____

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
GENERAL OBLIGATION BOND, SERIES 2003A

| BOND DATE: | MATURITY DATE: | RATE OF INTEREST: | CUSIP: |
|---|---|---|---|
| December 1, 2003 | October 1, _____ | _____% | _____ |

Registered Owner:          CEDE & CO.

Principal Amount:

      THE COMMONWEALTH DEVELOPMENT AUTHORITY (the "Authority"), for and in the name and on behalf of the Commonwealth of the Northern Mariana Islands (the "Commonwealth"), a commonwealth public entity, corporate and politic, duly organized and existing under and pursuant to its constitution (the "Constitution") and a covenant (the "Covenant") with the United States of America, for value received hereby promises to pay to the Registered Owner specified above, or registered assigns, on the Maturity Date specified above the Principal Amount specified above, together with interest thereon from the interest payment date next preceding the date of authentication on this Bond (unless this Bond is authenticated on an interest payment date, in which event it shall bear interest from such interest payment date, or unless this Bond is authenticated on or before the first Record Date (as defined herein) in which event it shall bear interest from December 1, 2003) until the principal hereof shall have been paid, at the Rate of Interest specified above, payable on April 1 and October 1 in each year, commencing April 1, 2004. Both the interest hereon and principal hereof are payable in lawful money of the United States of America. The principal hereof is payable by check upon surrender hereof at maturity hereof at the corporate trust office of _____ (together with any successor as paying agent, registrar and transfer agent, the "Paying Agent") at the address provided in the Indenture hereinafter identified. Interest hereon is payable by check mailed to the person in whose name this Bond is registered at the close of business on the fifteenth day of the calendar month preceding the applicable interest payment date (the "Record Date") at such person's address as it appears on the registration books of the Paying Agent as of the Record Date, or upon request of an owner of at least $1,000,000 in aggregate principal amount of Bonds, by wire transfer in immediately available funds to an account designated by such owner within the United States prior to the Record Date.

      This Bond is one of a duly authorized issue of Commonwealth of the Northern Mariana Islands General Obligation Bonds, Series 2003A (the "Bonds"), limited in aggregate principal amount to $40,000,000 all of like tenor and date (except for such variations, if any, as may be required to designate varying numbers, maturities or interest rates), issued by the Authority for and in the name and on behalf of the Commonwealth. The Bonds are authorized and issued pursuant to the laws of the Commonwealth, including the Constitution, the Covenant, Public

Law 11-3 and Public Law 13-17, as amended (collectively, the "Law"), and pursuant to the provisions of the Indenture of Trust, dated as of December 1, 2003 (as originally executed and as it may be amended or supplemented, the "Indenture"), by and between the Authority and the Trustee. All Bonds are equally and ratably secured in accordance with the terms and conditions of the Indenture, and reference is hereby made to the Indenture, to any indentures supplemental thereto and to the Law for a description of the terms on which the Bonds are issued, for the provisions with regard to the nature and extent of the security provided for the Bonds and of the nature, extent and manner of enforcement of such security, and for a statement of the rights of the registered owners of the Bonds; and all the terms of the Indenture are hereby incorporated herein and constitute a contract with the registered owner from time to time of this Bond, and the registered owner of this Bond, by its acceptance hereof, consents and agrees to all the provisions thereof. Each registered owner hereof shall have recourse to all the provisions of the Indenture and shall be bound by all the terms and conditions thereof.

The Bonds are general obligations of the Commonwealth. As provided in the Law, interest and principal payments on the Bonds shall be a first charge on the general fund of the Commonwealth. The full faith and credit of the Commonwealth shall be and are pledged to the punctual payment of the principal thereof, and interest thereon, as the same shall become due, and sufficient revenues shall be raised or provided from time to time for the purpose of payment. The Bonds are additionally secured by a pledge of moneys deposited in the Land Compensation Fund pursuant to Public Law 13-17, as amended. The Bonds are not payable from or secured by any funds or properties of the Authority except moneys (if any) received from the Commonwealth specifically for such purpose.

The Bonds are subject to redemption prior to their respective stated maturities at the times, in the manner, at the redemption prices (with or without premium), upon the notice, with the effect and subject to the other terms and conditions set forth in the Indenture.

If this Bond is called for redemption and payment is duly provided herefor as specified in the Indenture, interest shall cease to accrue hereon from and after the date fixed for redemption.

If an event of default, as defined in the Indenture, shall occur, the principal of all Bonds may be declared due and payable upon the conditions, in the manner and with the effect provided in the Indenture, and such declaration and its consequences may be rescinded under certain circumstances as provided in the Indenture.

The Bonds are issuable only in the form of fully registered Bonds in the denomination of $100,000 or any integral multiple of $5,000 in excess thereof (not exceeding the principal amount of Bonds maturing at any one time). The owner of any Bond or Bonds may surrender the same at the above-mentioned office of the Paying Agent in exchange for an equal aggregate principal amount of fully registered Bonds of any other authorized denominations, in the manner, subject to the conditions and upon the payment of the charges provided in the Indenture.

This Bond is transferable, as provided in the Indenture, only upon a register to be kept for that purpose at the above-mentioned office of the Paying Agent by the registered owner hereof in person, or by its duly authorized attorney, upon surrender of this Bond together with a written instrument of transfer satisfactory to the Paying Agent duly executed by the registered owner or

its duly authorized attorney, and thereupon a new fully registered Bond or Bonds, in the same aggregate principal amount, shall be issued to the transferee in exchange therefor as provided in the Indenture, and upon payment of the charges therein prescribed. The Authority and the Trustee and the Paying Agent may deem and treat the person in whose name this Bond is registered as the absolute owner hereof for the purpose of receiving payment of, or on account of, the interest hereon and principal hereof and for all other purposes, and the Authority and the Trustee and the Paying Agent shall not be affected by any notice to the contrary.

The rights and obligations of the Authority and of the registered owners of the Bonds may be amended at any time, in the manner, to the extent and upon the terms provided in the Indenture.

Neither the legislators, or officers of the Commonwealth or the Authority nor any persons executing the Bonds shall be personally liable on the Bonds by reason of their issuance.

This Bond shall not be entitled to any benefits under the Indenture or become valid or obligatory for any purpose until the certificate of authentication hereon endorsed shall have been signed by the Paying Agent.

It is hereby certified that all of the acts, conditions and things required to exist, to have happened or to have been performed precedent to and in the issuance of this Bond do exist, have happened and have been performed in due time, form and manner as required by law and that the amount of this Bond, together with all other indebtedness of the Commonwealth, does not exceed any limit prescribed by the Constitution or laws of the Commonwealth, and is not in excess of the amount of Bonds permitted to be issued under the Indenture.

IN WITNESS WHEREOF, the Commonwealth Development Authority has caused this Bond to be executed for and in the name and on behalf of the Commonwealth by the facsimile signature of the Chairman of the Authority and a facsimile of the signature of the Executive Director of the Authority, and has caused this Bond to be dated as of the Bond Date set forth above.

                                            COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

                                            BY: COMMONWEALTH DEVELOPMENT AUTHORITY, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

By_____
              Chairman

By_____
            Executive Director

[FORM OF PAYING AGENT CERTIFICATE OF AUTHENTICATION
TO APPEAR ON BONDS]

This is one of the Bonds described in the within-mentioned Indenture which has been authenticated and registered on the date set forth below.

DATED: _____

                                        U.S. BANK NATIONAL ASSOCIATION, as Paying Agent

By_____
           Authorized Signatory

Unless this Bond is presented by an authorized representative of The Depository Trust Company, a New York corporation ("DTC"), to the Paying Agent for registration of transfer,

exchange, or payment, and any Bond issued is registered in the name of Cede & Co. or in such other name as is requested by an authorized representative of DTC (and any payment is made to Cede & Co. or to such other entity as is requested by an authorized representative of DTC), ANY TRANSFER, PLEDGE, OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL inasmuch as the registered owner hereof Cede & Co., has an interest herein.

[FORM OF ASSIGNMENT TO APPEAR
ON BONDS]

For value received the undersigned do(es) hereby sell, assign and transfer unto _____ the within-mentioned registered Bond and do(es) hereby irrevocably constitute and appoint _____ attorney to transfer the same on the Bond register of the Paying Agent, with full power of substitution in the premises.

Dated: _____

Note: The signature(s) to this Assignment must correspond with the name(s) as written on the face of the within registered Bond in every particular, without alteration or enlargement or any change whatsoever.

Signature Guaranteed: _____

Notice: Signature must be guaranteed by an eligible guarantor institution.

APPENDIX B-1

[FORM OF REQUISITION-MPLA Account]

REQUISITION NO. __

Dated: _____, ____

TO:   Bank of Guam, as Trustee,

As Trustee under that certain Indenture, dated as of December 1, 2003, by and between the Trustee and the Commonwealth Development Authority (the "Indenture"), providing for the issuance of the Commonwealth of the Northern Mariana Islands General Obligation Bonds, Series 2003A (the "Bonds"), you are hereby requested and instructed to take the actions described below with respect to the MPLA Account in the Project Fund established pursuant to the Indenture. Unless otherwise specified herein or unless the context otherwise requires, all capitalized terms used in this shall have the meanings specified in Section 1.01 of the Indenture.

<u>Disbursement from MPLA Account</u>. Pursuant to Section 3.02 of the Indenture, the Trustee is hereby requested to pay the itemized costs of the Project listed on Schedule A attached hereto with moneys in the MPLA Account. Each such payment is for a Project consisting of the acquisition of real property through funding the retirement of land compensation claims against the Commonwealth, with respect to which a claim has been approved by the MPLA Board, is based upon procedures established by the MPLA Board, and is a proper and lawful charge against said Account.

IN WITNESS WHEREOF, I have hereunto set my hand at my office on the date set forth above.

MARIANA PUBLIC LANDS AUTHORITY

By _____
        Commissioner

The Secretary of Finance concurs in the
disbursement set forth in this requisition:

_____
Secretary of Finance

Schedule A

| Item No. | Payee | Amount | Purpose |
|---|---|---|---|

APPENDIX B-2

[FORM OF REQUISITION-Prison Account]

REQUISITION NO. __

Dated: _____ __, ____

TO:   Bank of Guam, as Trustee,

      As Trustee under that certain Indenture, dated as of December 1, 2003, by and between the Trustee and the Commonwealth Development Authority (the "Indenture"), providing for the issuance of the Commonwealth of the Northern Mariana Islands General Obligation Bonds, Series 2003A (the "Bonds"), you are hereby requested and instructed to take the actions described below with respect to the Prison Account in the Project Fund established pursuant to the Indenture. Unless otherwise specified herein or unless the context otherwise requires, all capitalized terms used in this shall have the meanings specified in Section 1.01 of the Indenture.

      <u>Disbursement from Prison Account</u>. Pursuant to Section 3.02 of the Indenture, the Trustee is hereby requested to pay the itemized costs of the Project listed on Schedule A attached hereto with moneys in the Prison Account. Each such payment is for the Project consisting of the prison project authorized by Public Law 12-64, as amended, and is a proper and lawful charge against said Account. In the case of each item with respect to which the Commonwealth is listed as the payee, the payment is to reimburse the Commonwealth for costs incurred by, and paid or to be paid by, the Commonwealth.

      IN WITNESS WHEREOF, I have hereunto set my hand at my office on the date set forth above.

                                  DEPARTMENT OF FINANCE OF THE
                                  COMMONWEALTH OF THE NORTHERN
                                  MARIANA ISLANDS

                                  By _____
                                  Title:

Schedule A

| Item No. | Payee | Amount | Purpose |
| --- | --- | --- | --- |