F I L E D
Clerk
District Court

JUL 2 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ROSARIO DLG KUMAGAI, ) | Civil Action No. 05-0037 |
| ) | |
| Plaintiff ) | |
| ) | ORDER GRANTING |
| v. ) | BANK OF GUAM'S MOTION |
| ) | FOR SUMMARY JUDGMENT |
| PAMELA BROWN, *et al.*, ) | |
| ) | |
| Defendants ) | |

THIS MATTER came before the court on Thursday, July 20, 2006, for hearing of the Bank of Guam's motion for summary judgment. Plaintiff appeared by and through her attorney, Brien Sers Nicholas; defendant Bank of Guam appeared by and through its attorneys, Mark E. Cowan and Victorino D.L.G. Torres.

Plaintiff initiated this lawsuit, with civil rights claims and several common law tort claims, all stemming from actions allegedly taken by defendants in regard to money she was to be paid by the Commonwealth for a taking of wetlands property she owned. In three separate orders entered May 18, 2006, the court addressed and disposed of claims against defendants other than Bank of Guam.

Now, the court, having considered the written and oral arguments of counsel, grants Bank of Guam's motion for summary judgment for the following reasons.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The court makes the following findings of fact and conclusions of law.[1]

---

[1] The district court is not required to make findings of fact and conclusions of law on a motion for summary judgment, but such findings and conclusions are helpful to the reviewing court. See e.g. Underwager v. Channel 9 Australia, 69 F.3d 361, 366 n.4 (9th Cir. 1995) citing Gaines v. Houghton, 645 F.2d 761, 768 n.13 (9th Cir. 1981), cert. denied 454 U.S. 1145, 102 S.Ct. 1006 (1982). Of course, "findings of fact" on a summary judgment are not findings in the strict sense that the trial judge has weighed the evidence and resolved disputed factual issues; rather, they perform the narrow function of pinpointing for the reviewing court those facts which are undisputed and indicate the basis for summary judgment. All Hawaii Tours, Corp. v. Polynesian Cultural Center, 116 F.R.D. 645 (D.Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988).

## Findings of Fact[2]

As regards defendant Bank of Guam, there is no genuine issue as to these material facts:

In Public Law 13-17, the Commonwealth Legislature determined that the local government owed its citizens approximately $40 million for land acquired "by eminent domain or other legal process" and authorized the issuance of bonds to pay the debts. *Id.* at § 2.

In its original form, P.L. 13-17 provided that the Marianas Public Lands Authority ("MPLA") would incur the public debt, "in cooperation with, and subject to the approval of, the Commonwealth Development Authority." *Id.* at §§ 2, 3. Amendments were made to P.L. 13-17 by Public Laws 13-25, 13-39, and 13-56, all of which were subsequently codified as the "Land Compensation Act of 2002," 4 N.Mar.I. Code § 4741 *et seq.*

As noted above, initially the bonds were to be issued by MPLA and the proceeds paid to MPLA for distribution to persons whose land had been taken. However, after the several amendments above, the bonds were to be issued by the Commonwealth Development Authority ("CDA") for MPLA's benefit, and the net proceeds were to be retained by CDA's "appointed trustee," in accordance with 4

---

[2] Should any finding of fact be deemed a conclusion of law, or any conclusion of law be deemed a finding of fact, it shall be so construed.

N.Mar.I. Code § 10462. Having CDA issue the bonds was in keeping with its statutory role "as the instrument of the Commonwealth for purposes of issuing the bonds for and in the name and on behalf of the Commonwealth, which bonds shall obligate the Commonwealth (not the Authority)." 4 N.Mar.I. Code § 10452. Additionally, the CNMI Secretary of Finance had to concur to any proposed drawdown of the bond funds.

Ultimately, the bonds were issued by CDA under an Indenture between CDA, "acting for and on behalf of the Commonwealth," and defendant Bank of Guam. MPLA was not a party to the Indenture and its Board passed Resolution No. 03-009 (Oct. 20, 2003) confirming that the bonds were "a debt of the Commonwealth, not the MPLA."

As a result of another public law, and after all fees and costs of the bond issue were deducted, approximately $9 million of the bond proceeds was tapped to complete the new prison and the remaining $28 million for land compensation claims was deposited into "the MPLA account" at Bank of Guam. The Indenture specified that before "any payment is made from the MPLA Account by the Trustee, the Authority [CDA] shall cause to be filed with the Trustee a written requisition of the MPLA, with the concurrence of the Secretary of Finance of the Commonwealth" in the form specified. *See* Indenture of Trust, § 3.02 (Dec. 1, 2003).

The money held by trustee Bank of Guam under the Indenture was property

of the CNMI, and not MPLA, and the obligations of defendant Bank of Guam were to the Commonwealth and the bond holders, not plaintiff or others similarly situated.

On August 9, 2005, CDA delivered to defendant Bank MPLA Requisition No. FY05-11, which authorized payment to plaintiff. The Secretary of Finance had approved the requisition. However, later that same day, CDA instructed the Bank not to process the requisition, because the Attorney General had questioned the legality of the disbursement authorized by MPLA.[3] Defendant Bank complied with the new instructions.

On October 5, 2005, CDA told the Bank to process the requisition for payment to plaintiff, which it did and plaintiff was paid.

Plaintiff presented no factual allegations to show that she was a victim of race or class-based discrimination.

Plaintiff presented no factual allegations to support her claim of a 42 U.S.C. § 1985(3) or common law conspiracy between this defendant and any of the other defendants.

Plaintiff presented no sufficient factual allegations to support her claim of breach of fiduciary duties.

Plaintiff presented no factual allegations to support her claims of interference

---

[3] It plays no part in this decision, but MPLA was dissolved by P.L. 15-01 (Feb. 22, 2006).

with economic relations.

Plaintiff presented no factual allegations to support her claims of intentional or negligent infliction of emotional distress.

## Conclusions of Law

Commonwealth law imposes many fiduciary duties on CDA, and also grants CDA broad powers in regards to funds for which it is responsible. *See e.g.* 4 N.Mar.I. Code § 10102(c), subsections (1), (4), and (6); 4 N.Mar.I. Code § 10203(a), subsections (17), (18), (27), and (32); and, 4 N.Mar.I. Code § 10403.

By Commonwealth statute and by the terms of the Indenture of Trust itself, the Commonwealth Development Authority is the agency through which the Commonwealth acted in the issuance of bonds. Title 4 N.Mar.I. Code § 10452.

The bond monies held by the Bank were to "be held in trust and applied as required or permitted" by the Indenture.[4]

By its terms, the only parties to the Indenture of Trust were CDA, acting for and on behalf of the Commonwealth, the Bank of Guam, as trustee, and future bond

---

[4] Once CDA had received a written requisition from MPLA, and a concurrence from the Secretary of Finance, CDA was to file the requisition with the Bank, which could then issue a check in accordance with the requisition. Receipt by the Bank of a proper requisition from CDA was "sufficient evidence" that it was a "proper charge against the applicable account," Indenture of Trust at § 3.02, thus protecting defendant Bank when it issued a check in conformance with a requisition.

holders. Trust of Indenture, Preamble.

By the terms of the Indenture, no person "other than the Commonwealth, the Authority [CDA], the Trustee [defendant Bank of Guam], the Paying Agent and the Owners [bond holders]" have "any right, remedy or claim under or by reason of" the Indenture. Trust of Indenture, § 10.02. Additionally, no person who is merely an incidental beneficiary to a trust may assert a claim against the trust. <u>Restatement (Third) of Trusts</u> § 48; <u>Restatement (Second) of Trusts</u> §§ 126, 200 (1959).[5]

Neither plaintiff nor MPLA is a beneficiary of the Trust of Indenture and defendant Bank of Guam owed plaintiff no fiduciary duties.

Neither plaintiff nor MPLA has standing to assert a claim against the Commonwealth, CDA, or trustee defendant Bank of Guam based on the Indenture of Trust. <i>Id.</i>

Among other duties, the Attorney General of the Commonwealth represents the Commonwealth in all legal matters and is responsible for providing legal advice to the governor and executive departments. Commonwealth Constitution, art. III, § 11.

Neither plaintiff nor MPLA had legal standing to require defendant Bank to make a disbursement.

Because defendant Bank of Guam's legal duties ran only to the

---

[5] In the absence of written law or local customary law to the contrary, the rules of the common law, as expressed in the restatements of law, are the rules of decision in the courts of the Commonwealth. Title 7 N.Mar.I. Code § 3401.

Commonwealth, CDA, and the bond holders, it could not and did not violate plaintiff's civil rights under 42 U.S.C. § 1983. Further, the Bank was not a "state actor" as that term is used in the federal civil rights statute. *See e.g.* Lugar v. Edmondson Oil Co., Inc., 102 S.Ct. 2744, 2753-2754 (1982); Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (private party presumed not to be a "state actor").

There was no evidence presented to support plaintiff's claim of a 42 U.S.C. § 1985(3) or common law conspiracy.

Defendant Bank of Guam did not interfere with plaintiff's economic relations.

No action of defendant Bank of Guam was outrageous, intentional, or reckless as those terms are used in claims for negligent or intentional infliction of emotional distress.

FOR THE FOREGOING REASONS, the court grants defendant Bank of Guam's motion for summary judgment on all claims against it.

IT IS SO ORDERED.

DATED this 20th day of July, 2006.

_____
ALEX R. MUNSON
Judge